1   ROB BONTA
    Attorney General of California
2   R. MATTHEW WISE
    MARK R. BECKINGTON
3   Supervising Deputy Attorneys General
    TODD GRABARSKY
4   JANE REILLEY
    LISA PLANK
5   ROBERT L. MEYERHOFF
    Deputy Attorneys General
6   State Bar No. 298196
     300 South Spring Street, Suite 1702
7    Los Angeles, CA  90013-1230
     Telephone:  (213) 269-6177
8    Fax:  (916) 731-2144
     E-mail:  Robert.Meyerhoff@doj.ca.gov
9   *Attorneys for Rob Bonta, in his Official Capacity as
    Attorney General of the State of California*

10

IN THE UNITED STATES DISTRICT COURT

11

FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| 14  **RENO MAY, et al.,** | Case Nos. 8:23-cv-01696 CJC (ADSx) |
| 15                     Plaintiffs, | 8:23-cv-01798 CJC (ADSx) |
| 16          **v.** | **COMPENDIUM OF HISTORICAL LAWS AND TREATISES CITED IN DEFENDANT'S OPPOSITION** |
| 17  **ROBERT BONTA, in his official capacity as Attorney General of the** | **TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING** |
| 18  **State of California, and Does 1-10,** | **DECLARATIONS** |
| 19                     Defendants. | **VOLUME 2 OF 4** |
| 20 | Date:          December 20, 2023 |
| 21 | Time:          1:30 p.m. |
| 22 | Courtroom:   9B |
| 23  **MARCO ANTONIO CARRALERO, et al.,** | Judge:        Hon. Cormac J. Carney |
| 24                     Plaintiffs, | |
| 25          **v.** | |
| 26  **ROB BONTA, in his official capacity as Attorney General of California,** | |
| 27                     Defendant. | |
| 28 | |

i

# Exhibit 64

106

# APPENDIX.

————

## A.

### ORDINANCES OF THE CENTRAL PARK.

The Board of Commissioners of the Central Park do ordain as follows:

All persons are forbidden—

To enter or leave the Park except by the gateways.

To climb or walk upon the wall.

To turn cattle, horses, goats, or swine into the Park.

To carry firearms or to throw stones **or** other missiles within it.

To cut, break, or in any way injure or deface the trees, shrubs, plants, turf, or any of the buildings, fences, or other constructions upon the Park;

Or to converse with, or in any way to hinder those engaged in its construction.

Two pounds are hereby established within the Central Park, for the impounding of horses, cattle, sheep, goats, dogs, swine, and geese found trespassing upon said Park.  All such animals found at large upon the Park may be taken by any person or persons, and driven or carried to one of the said pounds, and may be kept enclosed therein during five days, at the end of which time, if not previously claimed, they may be sold at public auction; provided that within two days after they shall have been impounded, notice of the sale shall have been conspicuously posted in the pound.

Any person claiming property in such impounded animals before the day of sale, may recover the same after suitable proof of his or her right thereto, upon payment for each animal

Generated on 2023-10-24 16:42 GMT  /  https://hdl.handle.net/2027/hvd.32044106439805
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
HARVARD UNIVERSITY

# Exhibit 65

# ACTS

## PASSED BY THE GENERAL ASSEMBLY

#### OF THE

# STATE OF LOUISIANA,

#### AT THE

## EXTRA SESSION,

## HELD AND BEGUN IN THE CITY OF NEW ORLEANS,

#### ON THE 23d OF NOVEMBER, 1865.

### PUBLISHED BY AUTHORITY.

NEW ORLEANS:
J. O. NIXON, STATE PRINTER,
1866.

# ACTES

## PASSÉS PAR L'ASSEMBLÉE GÉNÉRALE

DE

# L'ETAT DE LA LOUISIANE,

A LA

# SESSION EXTRA,

TENUE ET COMMENCÉE DANS LA VILLE DE LA Nlle-ORLÉANS,

## LE 23me JOUR DE NOVEMBRE 1865.

PUBLIÉES PAR AUTORITE.

NOUVELLE-ORLÉANS:
J. O. NIXON, IMPRIMEUR D'ÉTAT.
1866.

14

incurred by his Excellency, J. Madison Wells, Governor of the State of Louisiana, in fitting up the Mechanics' Institute for the use of the General Assembly, the said amount to be paid on the warrant of the Auditor of Public Accounts, to the following persons, and as follows:

C. W. Grandjean, two thousand three hundred and twenty-seven dollars and eighteen cents....................$2,327 18
Allen Hill, two thousand and seventy-six dollars and fifty cents.................................... 2,076 50
A. Brosseau & Co., one thousand six hundred and thirty-nine dollars and ninety-two cents.................. 1,639 92
Selby & Donlan, two hundred and eighty-four dollars and thirty-five cents.................................... 284 35
J. P. Coulon, three hundred and seventy-one dollars and sixty-five cents..................................... 371 65
P. Ward, one hundred dollars............................. 100 00
John Gauche, twenty dollars and fifty cents............. 20 50
Sampson & Kean, thirty dollars.......................... 30 00
G. W. R. Bailey, two hundred dollars.................... 200 00
                                                        _____
    Total.................................................$7,050 10

SEC. 2. Be it enacted, &c., That this act shall take effect from and after its passage.

DUNCAN S. CAGE,
Speaker of the House of Representatives.
ALBERT VOORHIES,
Lieutenant Governor and President of the Senate.

Approved December 18, 1865.

J. MADISON WELLS,
Governor of the State of Louisiana.

A true copy:
J. H. HARDY,
Secretary of State.

————

No. 10.]                    AN ACT

To prohibit the carrying of fire-arms on premises or plantations of any citizen, without the consent of the owner.

SECTION 1. Be it enacted by the Senate and House of Representatives of the State of Louisiana, in General Assembly convened, That it shall not be lawful for any person or persons to carry fire-arms on the premises or plantations of any citizen, without the consent of the owner or proprietor, other than in lawful discharge of a civil or military order; and any person or persons so offending shall be fined a sum not less than one dollar nor more than ten dollars, or imprisoned not less than one day nor more than ten days in the parish jail, or both, at the discretion of any court of competent jurisdiction.

Penalty.

préparer, pour l'usage de l'Assemblée Générale, les salles de l'Institut des Artisans. Le susdit montant sera payé sur le mandat de l'Auditeur des Comptes Publics, aux personnes ci-après désignées, ainsi que suit:

| | |
|---|---|
| C. W. Grandjean, deux mille trois cent vingt-sept piastres et dix-huit cents | $2,327 18 |
| Allen Hill, deux mille soixante-seize piastres et cinquante cents | 2,076 50 |
| A. Brousseau & Cie., mille six cent trente-neuf piastres et quatre-vingt-douze cents | 1,639 92 |
| Selby & Donlaw, deux cent quatrevingt-quatre piastres et trente-cinq cents | 284 35 |
| J. P. Coulon, trois cent soixante-onze piastres et soixante-cinq cents | 371 65 |
| P. Ward, cent piastres | 100 00 |
| John Gauche, vingt piastres et cinquante cents | 20 50 |
| Sampson & Keen, trente piastres | 30 00 |
| G. W. R. Bailey, deux cents piastres | 200 00 |
| Total | $7,050 10 |

Sec. 2. Décrètent de plus: Cet acte sortira son effet à compter de son adoption.

DUNCAN S. CAGE,
Orateur de la Chambre des Représentants.
ALBERT VOORHIES,
Lieutenant-Gouverneur et Président du Sénat.

Approuvé le 18 décembre 1865.

J. MADISON WELLS,
Gouverneur de l'Etat de la Louisiane.

Pour copie conforme:
J. H. Hardy,
Secrétaire d'Etat.

---

No. 10.] **ACTE**

Défendant le port d'armes à feu dans le domaine ou l'habitation de tout citoyen sans le consentement du propriétaire.

Section 1. Le Sénat et la Chambre des Représentants de l'Etat de la Louisiane, réunis en Assemblée Générale, décrètent: La loi défend à toute personne de porter des armes à feu dans le domaine ou l'habitation de tout citoyen, sans le consentement du propriétaire, excepté dans l'accomplissement légitime d'un ordre civil ou militaire; toute contravention à cette loi sera punie d'une amende d'au moins une piastre et de dix au plus, ou d'un emprisonnement d'un jour au moins, et qui n'en excèdera pas dix, dans la prison de paroisse; les deux peines pourront être infligées à la fois, à la discrétion de toute cour de juridiction compétente.

Peine contre le port illégal d'armes à feu.

16

Repealing clause.

SEC. 2.  Be it further enacted, &c., That all laws, or parts of laws, to the contrary notwithstanding, be and the same are hereby repealed.

DUNCAN S. CAGE,
Speaker of the House of Representatives.
ALBERT VOORHIES,
Lieutenant Governor and President of the Senate.
Approved December 20, 1865.

J. MADISON WELLS,
Governor of the State of Louisiana.

A true copy:
J. H. HARDY,
Secretary of State.

———

No. 11.]                    AN ACT

To Prevent Trespassing.

SECTION 1.  Be it enacted by the Senate and House of Representatives of the State of Louisiana, in General Assembly convened, That whosoever shall enter upon any plantation without the permission of the owner or agent, shall be deemed guilty of a misdemeanor, and shall be liable to be arrested and brought before any court of competent jurisdiction, and upon proof of the fact shall be fined in a sum not exceeding one hundred dollars, or imprisoned for a term not exceeding one month, and may, moreover, be required to give bond for good behavior during six months.

*Persons offending against this Act, before whom tried.*

*Fine.*

SEC. 2.  Be it further enacted, &c., That all laws, or parts of laws, contrary to the provisions of this act, be and the same are hereby repealed.

*Repealing clause.*

SEC. 3.  Be it further enacted, &c., That this act shall take effect from and after its passage.

DUNCAN S. CAGE,
Speaker of the House of Representatives.
ALBERT VOORHIES,
Lieutenant Governor and President of the Senate.
Approved December 20, 1865.

J. MADISON WELLS,
Governor of the State of Louisiana.

A true copy:
J. H. HARDY,
Secretary of State.

———

No. 12.]                    AN ACT

To amend and re-enact the one hundred and twenty-first section of an act entitled "An Act relative to crimes and offences," approved March 14, 1855.

SECTION 1.  Be it enacted by the Senate and House of Representatives of the State of Louisiana in General Assembly convened, That

Compendium
Page 211

17

Sec. 2. Décrètent de plus: Toutes lois ou dispositions contraires Clause d'abroga-
à cet acte, sont et demeurent abrogées par les présentes.                tion.

DUNCAN S. CAGE,
Orateur de la Chambre des Représentants.
ALBERT VOORHIES,
Lieutenant-Gouverneur et Président du Sénat.
Approuvé le 20 décembre 1865.

J. MADISON WELLS,
Gouverneur de l'Etat de la Louisiane.

Pour copie conforme:
J. H. HARDY,
Secrétaire d'Etat.

---

No. 11.]                    ACTE

Empêchant la violation du droit de propriété.

Section 1. Le Sénat et la Chambre des Représentants de l'Etat de
la Louisiane, réunis en Assemblée Générale, décrètent: Quiconque en-  Devant quel
trera dans une habitation sans le consentement du propriétaire ou de juge sera tradu-
son agent, sera considéré coupable d'un délit, et sera sujet à être arrêté te toute person-
                                                                        ne contrevenant
et traduit devant toute cour de juridiction compétente; la preuve du au présent acte.
fait susdit entraînera une condamnation à une amende qui n'excèdera Amende.
pas cent piastres, ou à un emprisonnement qui ne durera pas plus
d'un mois, et l'on pourra de plus exiger du coupable un cautionne-
ment qui répondra de sa bonne conduite pendant six mois.
Sec. 2. Décrètent de plus: Toutes lois ou dispositions à ce con- Clause d'abroga-
traires, sont par le présent abrogées.                                  tion.
Sec. 3. Décrètent de plus: Cet acte sortira son effet à compter Mise à effet.
de son adoption.

DUNCAN S. CAGE,
Orateur de la Chambre des Représentants.
ALBERT VOORHIES,
Lieutenant-Gouverneur et Président du Sénat.
Approuvé le 20 décembre 1865.

J. MADISON WELLS,
Gouverneur de l'Etat de la Louisiane.

Pour copie conforme:
J. H. HARDY,
Secrétaire d'Etat.

---

No. 12.]                    ACTE

Amendant et réédictant la cent vingt-et-unième section de l'acte intitulé: "Acte relatif aux Cri-
mes et Délits," approuvé le 14 mars 1855.

Section 1. Le Sénat et la Chambre des Représentants de l'Etat
de la Louisiane, réunis en Assemblée Générale, décrètent:

3

Compendium
Page 212

# Exhibit 66

52

## Gas.

Valentine's Laws N. Y., p. 1299.
Act 13th May, 1845. SEC. 146. That no person or company being a manufacturer of gas, or engaged about the manufacture thereof, shall throw or deposit, or allow to run (or having the right and power to prevent the same, shall permit to be thrown or deposited) into any public waters, river or stream, or into any sewer therewith connected, or into any street or public place, any gas, tar or any refuse matter of or from any gas house, works or manufactory ; nor shall any such person or company allow any substance to escape from such house, works or manufactory, (or make any gas of such ingredients or quality that any substance shall escape therefrom or be formed in the process of burning any gas,) which shall be needlessly offensive or dangerous, or prejudicial to life or health.

## Fire Arms and Deadly Weapons.

Laws Brooklyn, pp. 386 to 339. SEC. 147. That no person shall sell, loan or give to, or allow to be taken by any other person, any fire arm, or other deadly or dangerous weapon, when there shall be any reason for such first named person to think or believe that any danger to life may illegally result from the giving, loaning, selling, or from the use of such arm or weapon.

SEC. 148. That no person shall, except according to a permit or the regulations of this Board, set off or fire any gun or other fire arm, or rock blast in any public street, alley or place within the built up portions of any city in said District, unless pursuant to some competent authority.

## Drink—Liquors.

SEC. 149. That no person shall sell or give to any other person (or permit such other person to get, having the

Generated on 2023-10-25 18:41 GMT  /  https://hdl.handle.net/2027/njp.32101058288372
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
PRINCETON UNIVERSITY

**Compendium
Page 214**

# Exhibit 67

# PARK ORDINANCE, No. 1.

The Commissioners of Prospect Park, in the city of Brooklyn, do ordain as follows :

ARTICLE I.—All persons are forbidden,

1. To take or carry away any sod, clay, turf, stone, sand, gravel, leaves, muck, peat, wood, or anything whatever belonging to the park, from any part of the land embraced within the boundaries of the park ;

2. To climb upon, or in any way cut, injure, or deface any tree, shrub, building, fence, or other erection within the park ;

3. To turn cattle, horses, goats, swine, or poultry of any description upon the park ;

4. To carry firearms, or to throw stones or other missiles within the park ;

5. To hinder or in any manner delay or interfere with men employed upon the park ;

6. To expose any article or thing for sale, or engage in any picnic or game upon the park, except by permission derived from the Board of Commissioners ;

7. To post or otherwise display any bill, notice, advertisement, or other paper or device upon any tree, structure, or other erection within the park, or upon any of its inclosures.

ARTICLE II.—Any person who shall violate or offend against any of the provisions of the foregoing article, shall be deemed guilty of a misdemeanor, and shall be punished on conviction, before any court of competent jurisdiction in the county of Kings, by a fine not exceeding fifty dollars, and in default of payment, by imprisonment not exceeding thirty days.

Digitized by Google

Original from
UNIVERSITY OF CALIFORNIA

# Exhibit 68

# A DIGEST

OF THE

# LAWS OF TEXAS:

## CONTAINING THE LAWS IN FORCE,

AND

# THE REPEALED LAWS

ON WHICH RIGHTS REST,

FROM 1754 TO 1874,

## CAREFULLY ANNOTATED.

BY GEORGE W. PASCHAL,

*OF AUSTIN, TEXAS,*

LATE REPORTER OF THE SUPREME COURT OF TEXAS, AUTHOR OF PASCHAL'S ANNOTATED
CONSTITUTION, PASCHAL'S DIGEST OF DECISIONS, ETC., ETC.

Fourth Edition—Volume II

WASHINGTON, D. C.:
W. H. & O. H. MORRISON,
HOUSTON, TEXAS: E. H. CUSHING.
NEW YORK: BAKER, VOORHIS & CO.
1874,

Entered according to Act of Congress, in the year 1874, by

GEORGE W. PASCHAL,

In the Office of the Librarian of Congress, at Washington, D. C.

STEREOTYPED AND PRINTED BY
M'GILL & WITHEROW,
WASHINGTON, D. C.

Case 8:23-cv-01798-CJC-ADS  Document 21-2  Filed 11/03/23  Page 18 of 186  Page ID #:1350

## TITLE XI.—OF OFFENSES AGAINST THE PUBLIC PEACE.

Arts. 1984–1995.

### CHAPTER I.—UNLAWFUL ASSEMBLIES.

#### AN ACT TO AMEND THE PENAL CODE FOR THE STATE OF TEXAS.

6 Nov., 1871; took effect from passage. Vol. 21, part 3, p. 19. Art. 1993.

ART. 6508. [1] The penal code for the state of Texas [shall] be amended as follows, by inserting after article 363 the following: [363α] If the purpose of the unlawful assembly be to alarm and frighten any person or persons, by appearing in disguise, so that the real persons so acting and assembling cannot be readily known, and by using language or gestures calculated to produce in such person or persons the fear of bodily harm, all persons engaged therein shall be punished by fine not less than one hundred dollars nor more than one thousand dollars each; and if such unlawful assembly shall take place at any time of the night, that is, between sunset and sunrise, the fine shall be doubled; and if three or more persons are found together disguised, and armed with deadly weapons, the same shall be *prima facie* evidence of the guilty purpose of such persons, as above described; and if any other unlawful assembly mentioned in this chapter consist in whole or in part of persons disguised and armed with deadly weapons, the fine to be assessed upon each person so offending shall be double the penalty hereinbefore prescribed.

Unlawfully appearing in disguise as Ku-klux, White Camelias, and other deviltry, punished. Arts. 7030–7036.

If at night, double punishment.

Three or more together. Prima facie evidence.

### CHAPTER III.—AFFRAYS AND DISTURBANCES OF THE PEACE.

Arts. 2011–2013.

#### AN ACT TO PROHIBIT THE DISCHARGING OF FIREARMS IN CERTAIN PLACES THEREIN NAMED.

12 Nov., 1866; took effect 13 Jan., 1867. Vol. 20, p. 210.

ART. 6508α. [1] It shall not be lawful for any person to discharge any gun, pistol, or firearms of any description whatever, on, or across any public square, street, or alley, in any city or town in this state: *Provided*, This act shall not be so construed as to apply to the "outer town," or suburbs, of any city or town.

Discharging firearms within municipal limits made unlawful;

ART. 6508b. [2] Any person who shall discharge any firearms, in violation of the provisions of the first section of this act, shall be deemed guilty of disturbing the public peace, and on conviction thereof, before any court having competent jurisdiction, shall be fined in any sum not exceeding one hundred dollars, to be recovered as other fines and penalties.

and punished, as disturbance of the peace, by fine not exceeding $100.

#### AN ACT TO AMEND ARTICLE 382, TITLE XI, CHAPTER 3, OF THE PENAL CODE.

26 Oct., 1866; took effect from passage. Vol. 20, p. 60. Disturbance of the peace, &c., by quarreling. Art. 2012.

ART. 6509. [1] Article 382, title XI, chapter III, of the penal code, shall hereafter read as follows: If any one or more persons shall, in any public place, by loud and vociferous talking, swearing, or rudely displaying any pistol, or other deadly weapon, so as to disturb the inhabitants of the place in the prosecution of their lawful business, any person engaged in such disturbance shall be fined in any sum not exceeding fifty dollars.*

Fine not to exceed $50.

#### AN ACT TO PROHIBIT THE CARRYING OF FIREARMS ON PREMISES OR PLANTATIONS OF ANY CITIZEN WITHOUT THE CONSENT OF THE OWNER.

6 Nov., 1866; took effect 13 Jan., 1867. Vol. 20, p. 90.

ART. 6510. [1] It shall not be lawful for any person or persons to carry firearms on the inclosed premises or plantation of any citizen, without the consent of the owner or proprietor, other than in the lawful discharge of a civil or military duty, and any person or persons so offending shall be fined a sum not less than one nor more than ten dollars, or imprisonment in the county

Carrying firearms an offense.

$10 fine, or ten

* 1330α. This is sufficiently certain and complete. *Suk v. The State*, 35 Tex., 496.

1322                    CRIMINAL CODE.

days' imprison-
ment.

jail nor less than one day nor more than ten days, or both, in the discretion of the court or jury before whom the trial is had.

AN ACT REGULATING THE RIGHT TO KEEP AND BEAR ARMS.

12 Aug., 1870;
took effect 12
Oct., 1870. Vol. 21,
part 1, p. 63.
Persons not to
bear arms at pub-
lic assemblies.
Social inter-
course and elec-
tions not to be
made dangerous.

Art. 6512.

Kinds of weapons
prohibited.

Fine $50 to $500.
Notes, 111, 167.

Scalp-lifting
country except-
ed.
Armed officials.

ART. 6511. [1] If any person shall go into any church or re-
ligious assembly, any school-room or other place where persons
are assembled for educational, literary, or scientific purposes, or
into a ball-room, social party, or other social gathering, composed
of ladies and gentlemen, or to any election precinct on the day
or days of any election, where any portion of the people of this
state are collected to vote at any election, or to any other place
where people may be assembled to muster or to perform any
other public duty, or any other public assembly, and shall have
about his person a bowie-knife, dirk, or butcher-knife, or fire-
arms, whether known as a six-shooter, gun, or pistol of any
kind, such person so offending shall be deemed guilty of a mis-
demeanor, and on conviction thereof shall be fined in a sum not
less than fifty or more than five hundred dollars, at the discre-
tion of the court or jury trying the same: *Provided,* That
nothing contained in this section shall apply to locations subject
to Indian depredations: *And provided further,* That this act shall
not apply to any person or persons whose duty it is to bear arms
on such occasions in discharge of duties imposed by law.

AN ACT TO REGULATE THE KEEPING AND BEARING OF DEADLY WEAPONS.

12 April, 1871;
took effect 12
June, 1871.  Vol.
21, part 2, p. 25.
Carrying arms a
misdemeanor,
punishable by
fine and forfeit-
ure, unless, &c.
Patriots and mili-
tiamen excepted.
Art. 6511.
[This section is
constitutional.
*English v. The
State,* 35 Tex.,
474.]

Fine $25 to $100
for first offense.

Imprisonment
for second of-
fense.
Notes 111, 167.

People at home
and officials ex-
cepted.
[Carrying weap-
ons to and from
market is within
the proviso. *Wad-
dell v. The State,*
37 Tex., 356.  But
carrying a pistol
hog hunting in
the woods is not
within the ex-
ception. *Baird
v. The State,* 39
Tex., 609.]

Art. 6512.
Justification
must be immedi-

ART. 6512. [1] Any person carrying on or about his person,
saddle, or in his saddle-bags, any pistol, dirk, dagger, sling-
shot, sword-cane, spear, brass-knuckles, bowie-knife, or any
other kind of knife manufactured or sold for the purpose of
offense or defense, unless he has reasonable grounds for fearing
an unlawful attack on his person, and that such ground of
attack shall be immediate and pressing; or unless having or
carrying the same on or about his person for the lawful defense
the state, as a militiaman in actual service, or as a peace officer
or policeman, shall be guilty of a misdemeanor, and, on convic-
tion thereof, shall, for the first offense, be punished by fine of
not less than twenty-five nor more than one hundred dollars, and
shall forfeit to the county the weapon or weapons so found on or
about his person; and for every subsequent offense may, in ad-
dition to such fine and forfeiture, be imprisoned in the county
jail for a term not exceeding sixty days; and in every case of
fine under this section the fines imposed and collected shall go
into the treasury of the county in which they may have been
imposed: *Provided,* That this section shall not be so construed
as to prohibit any person from keeping or bearing arms on his
or her own premises, or at his or her own place of business, nor
to prohibit sheriffs or other revenue officers, and other civil
officers, from keeping or bearing arms while engaged in the dis-
charge of their official duties, nor to prohibit persons traveling
in the state from keeping or carrying arms with their baggage:
*Provided further,* That members of the legislature shall not be
included under the term "civil officers" as used in this act.

ART. 6513. [2] Any person charged under the first section of
this act, who may offer to prove, by way of defense, that he was

# Exhibit 69

# LAWS OF KANSAS.

———::———

## CHAPTER I.

### ACCOUNTS IN RELATION TO PENITENTIARY.

**SENATE RESOLUTION** providing for Inquiry into Accounts of Penitentiary.

*Resolved by the Legislature of the State of Kansas:*

That the Auditor of State be and he is hereby directed to institue a rigid inquiry as to labor performed by state convicts confined in the jails of Leavenworth and Douglas counties, as to labor performed for the counties, before he draws any order upon the Treasurer of State, for money appropriated at this session of the Legislature, in favor of either Douglas or Leavenworth counties, or the Sheriffs of the same, or either of the Penitentiary Commissioners, he shall be satisfied from investigation that the State has been and is credited for all labor performed by convicts for any party or parties as above.

*Auditor to institute inquiry.*

3

## CHAPTER XII.

### ARMS.—PREVENT CARRYING OF.

AN ACT to prevent the carrying of Deadly Weapons.

*Be it enacted by the Legislature of the State of Kansas:*

SECTION 1. Any person who is not engaged in any legitimate business, any person under the influence of intoxicating drink, and any person who has ever borne arms against the Government of the United States, who shall be found within the limits of this State, carrying on his person a pistol, bowie-knife, dirk or other deadly weapon, shall be subject to arrest upon charge of misdemeanor; and upon conviction shall be fined in a sum not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding three months, or both, at the discretion of the court. Conviction for carrying deadly weapons.

SEC. 2. Justices of the Peace shall have original jurisdiction of all cases arising under this Act, and on complaint being made, shall proceed to hear and determine the same in a summary manner, and shall have full authority to enforce both fine and imprisonment as provided in this Act, *Provided*, that nothing in this Act shall conflict with the ordinance of any incorporated city of the State. Complaint made before Justice of the Peace.

SEC. 3. In all cases arising under this Act, the accused shall be entitled to a jury of six men, possessing the qualifications of electors, who, if they find the defendant guilty, shall assess the fine to be paid by him, and fix the term of his imprisonment; and if convicted, may appeal to the District Court of the proper county as in other cases provided by law. Fine to be assessed.

SEC. 4. This Act to take effect and be in force from and after its publication.

Approved, February 23d, 1867.

S. J. CRAWFORD,
*Governor.*

Digitized from Best Copy Available

# Exhibit 70

# FIRST

# ANNUAL REPORT

OF THE

*Philadelphia*

# 𝕮𝖔𝖒𝖒𝖎𝖘𝖘𝖎𝖔𝖓𝖊𝖗𝖘 𝖔𝖋 𝕱𝖆𝖎𝖗𝖒𝖔𝖚𝖓𝖙 𝕻𝖆𝖗𝖐.

PHILADELPHIA:

KING & BAIRD, PRINTERS, No. 607 SANSOM STREET.

1869.

Generated on 2022-11-02 15:36 GMT / https://hdl.handle.net/2027/mdp.39015067213663
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
UNIVERSITY OF MICHIGAN

18

SECT. 19. The said Park Commissioners shall have the power to govern, manage, lay out, plant and ornament the said Fairmount Park, and to maintain the same in good order and repair; and to construct all proper bridges, buildings, railways, and other improvements therein, and to repress all disorders therein under the provisions hereinafter contained.

SECT. 20. That the said Park Commissioners shall have authority to license the laying down, and the use for a term of years, from time to time, of such passenger railways as they may think will comport with the use and enjoyment of the said Park by the public, upon such terms as said Commissioners may agree; all emoluments from which shall be paid into the City Treasury.

SECT. 21. The said Park shall be under the following rules and regulations, and such others as the Park Commissioners may from time to time ordain:

I. No persons shall turn cattle, goats, swine or horses or other animals loose into the Park.

II. No persons shall carry fire-arms, or shoot birds in the Park, or within fifty yards thereof, or throw stones or other missiles therein.

III. No one shall cut, break, or in anywise injure or deface the trees, shrubs, plants, turf, or any of the buildings, fences, structures or statuary, or foul any fountains or springs within the Park.

Generated on 2022-11-02 15:33 GMT / https://hdl.handle.net/2027/mdp.39015067213663
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
UNIVERSITY OF MICHIGAN

19

IV. No person shall drive or ride therein at a rate exceeding seven miles an hour.

V. No one shall ride or drive therein, upon any other than upon the avenues and roads.

VI. No coach or vehicle used for hire, shall stand upon any part of the Park for the purpose of hire, nor except in waiting for persons taken by it into the Park, unless in either case at points designated by the Commission.

VII. No wagon or vehicle of burden or traffic shall pass through the Park, except upon such road or avenue as shall be designated by the Park Commissioners for burden transportation.

VIII. No street railroad car shall come within the lines of the Park without the license of the Park Commission.

IX. No person shall expose any article for sale within the Park without the previous license of the Park Commission.

X. No person shall take ice from the Schuylkill within the Park without the license of the said Commission first had, upon such terms as they may think proper.

XI. No threatening, abusive, insulting, or indecent language shall be allowed in the Park.

XII. No gaming shall be allowed therein, nor any obscene or indecent act therein.

Generated on 2022-11-02 15:33 GMT / https://hdl.handle.net/2027/mdp.39015067213663
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
UNIVERSITY OF MICHIGAN

20

XIII. No person shall go in to bathe within the Park.

XIV. No person shall fish or disturb the water-fowl in the pool, or any pond, or birds in any part of the Park, nor discharge any fire-works therein, nor affix any bills or notices therein.

XV. No person shall have any musical, theatrical, or other entertainment therein, without the license of the Park Commissioners.

XVI. No person shall enter or leave the Park except by such gates or avenues as may be for such purpose arranged.

XVII. No gathering or meeting of any kind, assembled through advertisement, shall be permitted in the Park without the previous permission of the Commission; nor shall any gathering or meeting for political purposes in the Park be permitted under any circumstances.

XVIII. That no intoxicating liquors shall be allowed to be sold within said Park.

SECT. 22. Any person who shall violate any of said rules and regulations, and any others which shall be ordained by the said Park Commissioners, for the government of said Park, not inconsistent with this act, or the laws and constitutions of this State and United States—the power to ordain which rules and regulations is hereby expressly given to said Commissioners

Google

UNIVERSITY OF MICHIGAN

21

—shall be guilty of a misdemeanor, and shall pay
such fine as may be prescribed by said Park Commis-
sioners, not to exceed five dollars for each and every
violation thereof, to be recovered before any alderman
of said City, as debts of that amount are recoverable,
which fines shall be paid into the City treasury: *Pro-
vided*, That if said Park Commissioners should license
the taking of ice in said Park, or the entry of any
street or railroad therein, or articles for sale, or musi-
cal entertainments, it may be with such compensation
as they may think proper, to be paid into the City
treasury; *And provided*, That any person violating
any of said rules and regulations shall be further lia-
ble to the full extent of any damage by him or her
committed, in trespass or other action; and any tenant
or licensed party who shall violate the said rules, or
any of them, or consent to or permit the same to be
violated on his or her or their premises, shall forfeit
his or her or their lease or license, and shall be liable
to be forthwith removed by a vote of the Park Com-
mission; and every lease and license shall contain a
clause making it cause of forfeiture thereof for the
lessee or party licensed to violate or permit or suffer
any violation of said rules and regulations or any of
them.   It shall be the duty of the police appointed to
duty in the Park, without warrant, forthwith to arrest
any offender against the preceding rules and regula-
tions, whom they may detect in the commission of such
offence, and to take the person or persons so arrested
forthwith before a magistrate having competent juris-
diction.

Generated on 2022-11-02 15:34 GMT / https://hdl.handle.net/2027/mdp.39015067213663
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google
Digitized by Google
Original from
UNIVERSITY OF MICHIGAN

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 29 of 186   Page ID
#:1361

SECT. 23. All rents, license charges and fees; all fines, proceeds of all sales, except of lands purchased, and profits of whatsoever kind to be collected, received, or howsoever realized, shall be paid into the City treasury, as a fund to be exclusively appropriated by Councils for Park purposes, under the direction of said Commission: *Provided*, That moneys or property given or bequeathed to the Park Commissioners upon specified trusts shall be received and receipted for by their Treasurer, and held and applied according to the trusts specified.

SECT. 24. That the Councils of the City of Philadelphia be and they are hereby authorized to widen and straighten any street laid upon the public plans of said City, as they may think requisite to improve the approaches to Fairmount Park.

• SECT. 25. That nothing in this Act contained shall suspend or affect any proceeding pending in court under any existing law; but the same shall be proceeded in as if this Act had not been passed.

SECT. 26. The damages for ground and property taken for the purpose of this Act shall be ascertained, adjusted and assessed in like manner as is prescribed by the Act to which this is a supplement.

SECT. 27. The said Park Commissioners shall employ, equip, and pay a Park force, adequate to maintain good order therein and in all houses thereupon; which

Generated on 2022-11-02 15:34 GMT  /  https://hdl.handle.net/2027/mdp.39015067213663
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
UNIVERSITY OF MICHIGAN

23

force shall be subject to the orders of the Mayor upon any emergency; and so far as said force shall consist of others than the hands employed to labor in the Park, it shall be appointed and controlled as the other police of the City.

SECT. 28. [There shall be an additional assistant appointed by the City Solicitor, whose duty it shall be, under the direction of the City Solicitor, to attend to the assessments of damages, and to such other business of a legal nature connected with the Park as said Commissioners may require.]*

Approved April 14, 1868.

---

* Repealed by the 5th section of the Act of January 27, 1870, page 30.

Generated on 2022-11-02 15:35 GMT  /  https://hdl.handle.net/2027/mdp.39015067213663
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
UNIVERSITY OF MICHIGAN

# Exhibit 71

Newspapers
by ancestry
https://www.newspapers.com/image/730567433

Nebraska City News (Nebraska City, Nebraska) · Wed, Jul 7, 1869 · Page 3

Printed on Jun 25, 2023

## AN ORDINANCE

### Prohibiting the carrying of Fire Arms and Concealed Weapons.

SECTION 1.   *Be it ordained by the Common Council of Nebraska City,* That it shall be, and it is hereby declared to be unlawful for any person to carry openly or concealed, any musket, rifle, shot gun, pistol, sabre, sword, bowie knife, dirk, sword cane billy, slung shot, brass or other metalic knuckles or any other dangerous or deadly weapons, within the corporate limits of Nebraska City, Neb.; *Provided,* that nothing herein contained shall prevent the carrying of such weapon by a civil or military officer, or by a soldier in the discharge of his duty, nor by any other person for mere purposes of transportation from one place to another.

SEC. 2.   Upon complaint before the Mayor that an offence in violation of this ordinance has been committed, he shall inquire into the circumstances of the case to determine whether the charge is well founded, and exercise his own discretion as to the dismissal thereof.   If the complaint shall be made good and the party arrested shall be adjudged guilty by the Mayor, he shall fine the offender not less than twenty dollars and not more than one hundred with the costs of prosecution.

SEC. 3.   All funds assessed shall collected under this ordinance shall be paid to the Treasurer, to be credited to the Police fund.

SEC. 4.   This ordinance shall take effect and be in force from and after its passage, approval and publication.

Attest:

W. E. DILLON,

J. DAN. LAUER,                         Mayor.

   City Recorder.

— At a regular canclave of Mount

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers

**Compendium**
**Page 234**

# Exhibit 72

# ACTS

OF THE

# STATE OF TENNESSEE,

PASSED BY THE FIRST SESSION OF

## THE THIRTY-SIXTH GENERAL ASSEMBLY

FOR THE YEARS 1869-70.

PUBLISHED BY AUTHORITY.

NASHVILLE, TENN.:
JONES, PURVIS & CO., PRINTERS TO THE STATE.
1870.

23

## CHAPTER XXI.

AN ACT to Amend An Act, passed on the 13th of March, 1868,
entitled "An Act to amend the revenue laws of the State."

SECTION 1. *Be it enacted by the General Assembly of
the State of Tennessee,* That An Act to amend the revenue
laws of the State, passed on the 13th day of March, 1868, Hotels and
be so amended as to impose a tax of fifty cents on each Livery Stable
room except two in a hotel or tavern, and a tax of fifty
cents on each stall in a livery stable, or stable kept by
hotel or tavern keepers, instead of one dollar, as now
imposed by law.

SEC. 2. *Be it further enacted,* That this Act take effect
from and after its passage.

<div align="center">

W. O'N. PERKINS,
*Speaker of the House of Representives.*
D. B. THOMAS,
*Speaker of the Senate.*

</div>

Passed November 27, 1869.

---

## CHAPTER XXII.

### AN ACT to Amend the Criminal Laws of the State.

SECTION 1. *Be it enacted by the General Assembly of
the State of Tennessee,* That all voters in this State shall be To vote in
required to vote in the civil district or ward in which they or Ward.
may reside. Any person violating this Act shall be guilty
of a misdemeanor, and upon conviction thereof shall not be
fined less than twenty nor more than fifty dollars; *Provided,*
that sheriffs and other officers holding elections shall be
permitted to vote at any ward or precinct in which they
may hold an election.

SEC. 2. *Be it further enacted,* That it shall not be law-
ful for any qualified voter or other person attending any
election in this State, or for any person attending any fair, Deadly
race course, or other public assembly of the people, to carry Weapons.
about his person, concealed or otherwise, any pistol, dirk,
bowie-knife, Arkansas tooth-pick, or weapon in form, shape

24

or size, resembling a bowie-knife, or Arkansas tooth-pick, or other deadly or dangerous weapon.

Penalty.

SEC. 3.  *Be it further enacted*, That all persons convicted under the second section of this Act shall be punished by fine of not less than fifty dollars, and by imprisonment, or both, at the discretion of the Court.

Liquor Shops.

SEC. 4.  *Be it further enacted*, That no liquor shop in this State, shall be kept open on election days, nor shall any person, on said days, give or sell intoxicating liquors to any person for any purpose at or near an election ground.

Grand Juries.

SEC. 5.  *Be it further enacted*, That the grand juries of this State shall have inquisitorial powers concerning the commission of the offenses created by these Acts, and may send for witnesses, as in cases of gaming, illegal voting, tippling and offenses now prescribed by law.

Judges.

SEC. 6.  *Be it further enacted*, That it shall be the duty of the Circuit and Criminal Judges of this State to give the above in special charge to the several grand juries of the courts.

Proviso.

SEC. 7.  *Be it further enacted*, That there shall be no property exempt from execution for fines and costs for this offense; *Provided*, That, if from any cause, there should be a failure to hold an election in any civil district or ward, then nothing in this Act shall be so construed as to prevent any voter from voting in any other civil district or ward in his county or town, for State or county officers, at the time prescribed by law.

SEC. 8.  *Be it further enacted*, That this Act shall take effect from and after its passage.

W. O'N. PERKINS.
*Speaker of the House of Representatives.*
D. B. THOMAS,
*Speaker of the Senate.*

Passed December 1, 1869.

# Exhibit 73

Newspapers
by ancestry
The Abilene Weekly Chronicle (Abilene, Kansas) · Thu, May 12, 1870 · Page 1

https://www.newspapers.com/image/384017570

Printed on Jun 25, 2023

# AN ORDINANCE

## Relating to the Carrying of Fire Arms and other Deadly Weapons.

*Be it ordained by the Trustees of the town of Abilene,*

Sec. 1. That any person who shall carry, within the limits of the town of Abilene, or commons, a pistol, revolver, gun, musket, dirk, bowie-knife, or other dangerous weapon upon his or their person or persons, either openly or concealed, except to bring the same and forthwith deposit it or them at their house, boarding house, store room or residence, shall be fined in a sum not less than ten dollars nor more than fifty dollars; and it shall be the duty of any town constable, or policeman of this town, to arrest and disarm any person violating this ordinance, and to deposit the arms so taken with the captain of the town police, to be by him kept until he is, by the magistrate taking cognizance of the offense of carrying arms as aforesaid, authorized to deliver the same to the person or persons from whom the same shall have been taken.

Sec. 2. Any and every person who shall be in violation of this ordinance, within the town of Abilene, or commons, and who shall refuse to deposit his or their arms with the constable or policeman as aforesaid, or shall resist any officer who may attempt to disarm him or them according to the provisions of section one of this ordinance, shall be imprisoned in the common gaol of the town not less than twenty-four hours nor more than ten days, and fined not less than $10 nor more than one hundred dollars: Provided, that the provisions of this ordinance shall not apply to the constable or any officer of the town of Abilene, while in the discharge of their duties as such constable or policeman.

Sec. 3. That any person who shall intentionally discharge any pistol, revolver or gun, within the town of Abilene, in any street, alley, highway, lot, house or other place where the life or limb of any person could be endangered, shall be punished by a fine not less than ten dollars nor more than one hundred dollars.

Sec. 4. This ordinance shall take effect and be in force from the 20th of May 1870.

T. C. HENRY, Chairman.

Attest: G. L. Brinkman, Clerk.

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers
POWERED BY

# Exhibit 74

# ACTS AND RESOLUTIONS

## OF THE

# GENERAL ASSEMBLY

### OF THE

# STATE OF GEORGIA,

## PASSED IN ATLANTA, GEORGIA,

### AT THE

# SESSION OF 1870.

## COMPILED AND PUBLISHED BY AUTHORITY.

ATLANTA, GEORGIA:
PRINTED BY THE PUBLIC PRINTER.
1870.

Compendium
Page 242

To preserve the peace and harmony of the people of this State, etc.

# TITLE XVI.

## PENAL CODE—AMENDMENTS TO.

SECTIONS.

1. Carrying deadly weapons to certain places prohibited.
2. Violation—misdemeanor—penalty.
3. Chain-gang punishment prohibited.
4. Punishment in lieu of chain-gang.

SECTIONS.

5. Section 415 of the Code changed— *nolle prosequi.*
6. All indictments, etc., submitted to a jury.

### (No. 285.)

*An Act to preserve the peace and harmony of the people of this State, and for other purposes.*

SECTION 1. *Be it enacted, etc.,* That, from and immediately after the passage of this act, no person in said State of Georgia be permitted or allowed to carry about his or her person any dirk, bowie-knife, pistol or revolver, or any kind of deadly weapon, to any court of justice, or any election ground or precinct, or any place of public worship, or any other public gathering in this State, except militia muster-grounds. <span>Carrying deadly weapons to certain places prohibited.</span> <span>Exception.</span>

SEC. 2. *Be it further enacted,* That if any person or persons shall violate any portion of the above recited section of this act, he, she or they shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than twenty nor more than fifty dollars for each and every such offense, or imprisonment in the common jail of the county not less than ten nor more than twenty days, or both, at the discretion of the court. <span>Violation a misdemeanor—penalty</span>

SEC. 3. All laws and parts of laws militating against this act are hereby repealed.

Approved October 18, 1870.

### (No. 286.)

*An Act to alter and amend section 4245 of Irwin's Revised Code, by striking out of said section the words "to work in a chain-gang on the public works," and for other purposes.*

SECTION 1. *Be it enacted, etc.,* That the words "to work in a chain-gang on the public works," which occur in fourth and fifth lines of section 4245 of Irwin's Code, be, and the same are hereby, <span>Chain-gang punishment prohibited.</span>

To repeal Section 415 of the Revised Code.

stricken from said section, and chain-gangs shall no longer exist, or be tolerated in the State of Georgia, for persons convicted of misdemeanors.

*Punishment in lieu of chain-gang.* SEC. 2. *Be it further enacted,* That said section be further amended, by substituting for the words herein stricken out, the words "to work on the city or town streets, or county roads, not longer than six months ; but in no case shall such prisoners be chained or otherwise confined in a gang, but shall be guarded."

SEC. 3. *Be it further enacted,* That all laws and parts of laws in conflict with this act be, and they are hereby, repealed.

Approved October 27, 1870.

—————

(No. 287.)

*An Act to repeal section four hundred and fifteen (415) of Irwin's Revised Code, in relation to entering nolle prosequis, and to prescribe the mode of settlement in criminal cases.*

*Section 415 of Code, as to nolle prosequi, repealed.* SECTION 1. *Be it enacted, etc.,* That section four hundred and fifteen (415) of Irwin's Revised Code of Georgia, which said section authorizes Solicitors-General in this State to enter a *nolle prosequi* on indictments, be, and the same is hereby repealed, and no *nolle prosequi* shall be allowed, except it be in open court, for some fatal defect in the bill of indictment, to be judged of by the court, *Judge shall order second bill.* in which case the presiding Judge shall order another bill of indictment to be forthwith submitted to the grand jury.

*All indictments submitted to jury.* SEC. 2. *And be it further enacted by the authority aforesaid,* That all cases of indictments, or special presentments, shall be submitted to and passed upon by the jury, under the direction of the presiding Judge, unless there is a settlement thereof between the *Settlement—when good.* prosecutor and defendant, which settlement shall be good and valid only by the approval and order of the court on examination into the merits of the case.

SEC. 3. *And be it further enacted, etc.,* That all laws and parts of laws conflicting with this act be, and the same are hereby, repealed.

Approved October 28, 1870.

# Exhibit 75



DATE DOWNLOADED: Fri Feb 10 12:19:32 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1870 145 .

ALWD 7th ed.
, , 1870 145 .

Chicago 17th ed.
"," Louisiana - 1st Legislature, 3rd Session; 1st Legislature, 2nd Session : 145-161

AGLC 4th ed.
" Louisiana - 1st Legislature, 3rd Session; 1st Legislature, 2nd Session 145

OSCOLA 4th ed.
" 1870 145

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

**Sec. 63.** *Be it further enacted, etc.,* That any person who shall vote or attempt to vote on any false or fraudulent paper or certificate of registration, or upon any paper or certificate of registration issued to a person other than the one voting or attempting to vote on said paper or certificate of registration, shall be deemed guilty of a felony, and on conviction thereof shall be punished by a fine not exceeding five hundred dollars nor less than one hundred dollars, and by imprisonment in the penitentiary for a term not less than one year nor more than three years.

*False certificates, etc.*

**Sec. 64.** *Be it further enacted, etc.,* That any person who shall induce, by offer of reward, by threats of violence, or otherwise, any person to vote or attempt to vote on any false or fraudulent paper or certificate of registration, or upon any papers or certificate of registration belonging to a person other than the one voting or attempting to vote on said paper or certificate of registration, shall be deemed guilty of a felony, and on conviction thereof shall be punished by a fine not exceeding five hundred dollars nor less than one hundred dollars, and by imprisonment in the penitentiary for a period not exceeding three years nor less than one year.

*Bribery and violence.*

**Sec. 65.** *Be it further enacted, etc.,* That any person who shall vote or attempt to vote more than once at the same election, shall be deemed guilty of a felony, and upon conviction thereof shall be punished by a fine of not less than one hundred dollars, and by imprisonment in the penitentiary for a term of not less than three years.

*Twice voting.*

**Sec. 66.** *Be it further enacted, etc.,* That it shall be the duty of any commissioner of election to forthwith arrest any person who shall vote or attempt to vote more than once, and commit him to the parish prison, and to immediately file an information against such person with the district attorney or district attorney *pro tempore* whose duty it shall be to prosecute such person before the proper court; and upon his failure so to do, the Attorney General shall appoint some attorney to prosecute such person, and also to prosecute such district attorney or district attorney *pro tempore* for such failure. Any supervisor of registration, commissioner of election, district attorney, or district attorney *pro tempore* who shall refuse, neglect or fail to comply with the provisions of this section of this act, shall be deemed guilty of a misdemeanor in office, and upon conviction thereof shall be removed from office, and punished by a fine of not less than one hundred dollars, and imprisonment for not less than three nor more than six months.

*Arrest of offenders.*

**Sec. 67.** *Be it further enacted, etc.,* That any person who shall, by threats of discharge from employment, of withholding wages, or proscription in business, influence or attempt to influence any voter in the casting of his vote at any election, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than five hundred dollars, which shall go to the school fund of the parish, and by imprisonment in the parish prison for not less than three months.

*Influencing voters.*

**Sec. 68.** *Be it further enacted, etc.,* That any person who shall discharge from his employment any laborer, employe, tenant or mechanic, who shall have been working for such person under contract, written or oral, for a specified time before such time shall have expired, or who shall withhold from any laborer, employe, tenant or

*Discharge from employment of voter.*

**Compendium**
**Page 247**

mechanic any part of the wages due to such laborer, employe, tenant
or mechanic, on account of any vote which such laborer, employe,
tenant or mechanic has given or purposes to give, shall be deemed
guilty of a misdemeanor, and on conviction thereof shall be punished
by a fine of not less than five hundred dollars, one half of which
shall go to the school fund of the parish in which the offense was
committed, and by imprisonment in the parish prison for not less
than three months.

Sec. 69. *Be it further enacted, etc.*, That any person who shall
molest, disturb, interfere with, or threaten with violence, any com- Interference
missioner of election or person in charge of the ballot boxes, while with commis-
in charge of the same, between the time of the close of the polls
and the time that said ballot boxes are delivered to the supervisor of
registration, shall be deemed guilty of a felony, and upon conviction
thereof shall be punished by a fine of not less than five hundred dol-
lars, or by imprisonment in the penitentiary not less than one year,
or both, at the discretion of the court.

Sec. 70. *Be it further enacted, etc.*, That any person not authorized Disturbing the
by this law to receive or count the ballots at an election, who shall, counting of bal-
during or after any election, and before the votes have been counted lots.
by the supervisors of registration, disturb, displace, conceal, destroy,
handle or touch any ballot, after the same has been received from
the voter by a commissioner of election, shall be deemed guilty of
a misdemeanor, and shall, upon conviction thereof, be punished by
a fine of not less than one hundred dollars, or by imprisonment for
not less than six months, or both, at the discretion of the court.

Sec. 71. *Be it further enacted, etc.*, That any person not authorized
by this law to take charge of the ballot boxes at the close of the elec- Interference
tion who shall take, receive, conceal, displace or [in] any manner han- boxes.
dle or disturb any ballot box at any time between the hour of the
closing of the polls and the transmission of the ballot box to the
supervisor of registration, or during such transmission, or at any
time prior to the counting of the votes by the supervisor of registra-
tion, shall be deemed guilty of a felony, and upon conviction thereof
shall be punished by a fine of not less than five hundred dollars, or
by imprisonment in the penitentiary not less than one year, or both,
at the discretion of the court.

Sec. 72. *Be it further enacted, etc.*, That if any person shall by
bribery, menace, willful falsehood, or other corrupt means, directly or Interference
indirectly attempt to influence any elector of this State in the giving cise of right of
his vote or ballot, or to induce him to withhold the same, or disturb suffrage.
or hinder him in the free exercise of the right of suffrage at any
election in this State, he shall, on conviction thereof, be deemed guilty
of a misdemeanor, and be fined not more than five hundred dollars,
and be imprisoned in the parish prison for a term not exceeding six
months, and shall also be ineligible to any office in the State for the
term of two years.

Sec. 73. *Be it further enacted, etc.*, That it shall be unlawful for any
person to carry any gun, pistol, bowie knife or other dangerous Weapons.
weapon, concealed or unconcealed, on any day of election during the
hours the polls are open, or on any day of registration or revision of
registration, within a distance of one-half mile of any place of regis-
tration or revision of registration; any person violating the provisions
of this section shall be deemed guilty of a misdemeanor, and on con-
viction shall be punished by a fine of not less than one hundred dol-

160

lars, and by imprisonment in the parish jail for not less than one month; provided, that the provisions of this section shall not apply to any commissioner or officer of the election or supervisor or assistant supervisor of registration, police officer or other person authorized to preserve the peace on days of registration or election.

*Liquors.*

SEC. 74. *Be it further enacted, etc.,* That no person shall give, sell or barter any spirituous or intoxicating liquors to any person on the day of election, and any person found guilty of violating the provisions of this section shall be fined in a sum of not less than one hundred dollars, nor more than three hundred dollars, which shall go to the school fund.

*Corruptly voting.*

SEC. 75. *Be it further enacted, etc.,* That whoever, knowing that he is not a qualified elector, shall vote or attempt to vote at any election, shall be fined in a sum not to exceed one hundred dollars, to be recovered by prosecution before any court of competent jurisdiction.

*Double vote.*

SEC. 76. *Be it further enacted, etc.,* That whoever shall knowingly give or vote two or more ballots folded as one at any election, shall be fined in a sum not to exceed one hundred dollars, to be recovered by prosecution before any court of competent jurisdiction.

*Bribery to influence voters.*

SEC. 77. *Be it further enacted, etc.,* That whoever, by bribery or by a promise to give employment or higher wages to any person, attempts to influence any voter at any election, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not less than one hundred dollars, and by imprisonment in the parish prison for not less than three months.

*Obtaining illegal voting.*

SEC. 78. *Be it further enacted, etc.,* That whoever willfully aids or abets any one, not legally qualified, to vote or attempt to vote at any election, shall be fined in a sum of not less than fifty dollars, to be recovered by prosecution before any court of competent jurisdiction.

*Disorderly houses.*

SEC. 79. *Be it further enacted, etc.,* That whoever is disorderly at any poll or voting place during an election, shall be fined in a sum not less than twenty dollars, to be recovered by prosecution before any court of competent jurisdiction.

*Meetings of citizens.*

SEC. 80. *Be it further enacted, etc.,* That whoever shall molest, interrupt or disturb any meeting of citizens assembled to transact or discuss political matters, shall be fined in a sum not less than fifty dollars, to be recovered by prosecution before any court of competent jurisdiction.

Any sheriff, constable or police officer present at the violation of this section shall forthwith arrest the offender or offenders, and convey him or them, as soon as practicable, before the proper court.

*Imprisonment.*

SEC. 81. *Be it further enacted, etc.,* That the court imposing any fine, as directed in sections seventy-four, seventy-five, seventy-six, seventy-seven, seventy-eight, seventy-nine and eighty of this act, shall commit the person so fined to the parish prison until the fine is paid; *Provided,* That said imprisonment shall not exceed six months.

*Perjury.*

SEC. 82. *Be it further enacted, etc.,* That in cases where any oath or affirmation shall be administered by any supervisor of registration, assistant supervisor of registration or commissioner of election, in the performance of his duty as prescribed by law, any person swearing or affirming falsely in the premises shall be deemed guilty of perjury, and subjected to the penalties provided by the law for perjury.

*Duty of Governor to insure peace.*

SEC. 83. *Be it further enacted, etc.,* That the Governor shall take all necessary steps to secure a fair, free and peaceable election; and shall, on the days of election, have paramount charge and con-

161

trol of the peace and order of the State, over all peace and police
officers, and shall have the command and direction in chief of all police
officers, by whomsoever appointed, and of all sheriffs and constables
in their capacity as officers of the peace.

SEC. 84. *Be it further enacted, etc.* That to defray the expenses
of the next revision of registration, and of the next general election, Expenses
there is hereby appropriated out of any funds in the treasury not
otherwise appropriated, the sum of fifty thousand dollars ($50,000),
or so much thereof as may be necessary.

SEC. 85. *Be it further enacted, etc.,* That all laws or parts of laws
contrary to the provisions of this act, and all laws relating to the Repeal.
same subject matter are hereby repealed, and that this act shall take
effect from and after its passage.

(Signed)                                      MORTIMER CARR,
                             Speaker of the House of Representatives.
(Signed)                                      OSCAR J. DUNN,
                             Lieutenant Governor and President of the Senate.

Approved March 16, 1870.
(Signed)                                      H. C. WARMOTH,
                             Governor of the State of Louisiana.

A true copy:

GEO. E. BOVEE,
                             Secretary of State.

——

[No. 101.]                     AN ACT

To define and regulate the cost of the Clerks, Sheriffs, Recorders and Notaries
    Public throughout the State of Louisiana, and providing forfeitures and
    penalties for overcharging or failing to perform their duties, and the mode of
    collecting their fees.

SECTION 1. *Be it enacted by the Senate and House of Representatives
of the State of Louisiana, in General Assembly convened,* That the Fees of clerks.
clerks of the district courts throughout the State shall be entitled to
demand and receive the following fees of office, and no more; and
they shall not be entitled to charge any other fees of office than
those specially set forth therein, for any services as clerks which they
may be required to render:

For indorsing, registering and filing petition, for all, ten cents.

For indorsing, registering and filing answer, for all, ten cents.

For issuing citation, with copy of same, with certificate and seal on
each, fifty cents, one charge for both.

For issuing attachment, with copy of same, with certificates and
seals on both, one dollar, one charge for both.

For issuing *fieri facias*, with seal, fifty cents.

For issuing writ of seizure and sale, with seal, one dollar.

For issuing writ of sequestration, with copy of same, with certifi-
cates and seals, one dollar, one charge for both.

For issuing writ of *certiorari*, with copy of same, with certificates
and seals, one dollar, one charge for both.

21

# Exhibit 76

# An Ordinance
## Concerning the carrying of Arms or Deadly Weapons.

Be it ordained by the City Council of the City of San Antonio,

SECTION 1. That if any person shall, within the Corporate limits of the City of San Antonio, go into any church, or religious assembly, any school-room, or other place where persons are assembled, for educational, literary or scientific purposes, or into any ball room, social or wedding party, or other assembly or gathering, for amusement or instruction, composed of ladies and females, or to any election precinct in the city, on the day or days of any election, or into any Court room or court of Justice, or to any other place where people or individuals may be assembled, to perform any public duty, or shall go into any other public assembly, or shall enter any barroom, drinking saloon or any other place where people resort for business or amusement, or shall join or accompany any public procession, having about his or her person, a bowie-knife, dirk, or batcherknife or any fire-arms or arms, whether known as six-shooter, gun or pistol of any kind, or having about his or her person, what is known as brass-knuckles, slung shot, club, loaded or sword cane, or any other weapon of offence or defence. Such person shall be deemed guilty of a misdemeanor, and upon conviction thereof, before the Recorder of the city, shall be fined not less than five dollars nor more than one hundred dollars and costs, and in default of payment, shall be confined in the city prison, or placed at hard labor on the public works of the city, for not less than five days, nor more than thirty days, to be determined by the Recorder; Provided, this Ordinance shall not apply to any legally authorized conservator of the peace, when he may be in the lawful discharge of his duty.

SEC. 2. It shall be the duty of the Police of the city to strictly enforce this Ordinance, and promptly to arrest and disarm any person violating the same; Provided, that in all cases where arms are taken possession of by the police, as herein provided, they shall be returned to the owner when he leaves the city.

SEC. 3. This ordinance shall take effect and be in force from and after its publication.

Approved, San Antonio, December 14th, A. D. 1870.

WM. C. A. THIELEPAPE,
Mayor City of San Antonio.

Attest :
G. W. BARTHOLOMEW, Jr., City Clerk.

20-12-70d104.

# Exhibit 77

# GENERAL LAWS

OF THE

## TWELFTH LEGISLATURE,

OF THE

# STATE OF TEXAS.

CALLED SESSION.

BY AUTHORITY.



AUSTIN:

PRINTED BY TRACY, SIEMERING & CO.

1870.

Compendium
Page 254

# GENERAL LAWS.

## 63

## CHAPTER XLVI.

### AN ACT REGULATING THE RIGHT TO KEEP AND BEAR ARMS.

SECTION 1. *Be it enacted by the Legislature of the State of Texas,* That if any person shall go into any church or religious assembly, any school room or other place where persons are assembled for educational, literary or scientific purposes, or into a ball room, social party or other social gathering composed of ladies and gentlemen, or to any election precinct on the day or days of any election, where any portion of the people of this State are collected to vote at any election, or to any other place where people may be assembled to muster or to perform any other public duty, or any other public assembly, and shall have about his person a bowie-knife, dirk or butcher-knife, or fire-arms, whether known as a six shooter, gun or pistol of any kind, such person so offending shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in a sum not less than fifty or more than five hundred dollars, at the discretion of the court or jury trying the same; provided, that nothing contained in this section shall apply to locations subject to Indian depredations; and provided further, that this act shall not apply to any person or persons whose duty it is to bear arms on such occasions in discharge of duties imposed by law.

SEC. 2. That this act take effect and be in force in sixty days from the passage thereof.

Approved August 12, 1870.

## CHAPTER XLVII.

### AN ACT AUTHORIZING THE GOVERNOR TO ORDER AN ELECTION TO BE HELD IN HILL COUNTY FOR THE PERMANENT LOCATION OF THEIR COUNTY SEAT.

SECTION 1. *Be it enacted by the Legislature of the State of Texas,* That the Governor of the State of Texas be, and is hereby authorized to order an election to be held in the county of Hill, on the second Monday in September, A. D. 1870, (or as soon thereafter as possible), for the permanent location of the county seat of the

64                           GENERAL LAWS.

county of Hill; said election shall be held at such places and under
such rules and regulations as the Governor may prescribe.

SEC. 2.   That the returns of said election shall be made to the Sec-
retary of State, within twenty days after said election shall have
been held, and the town receiving two-thirds of the votes cast shall
be the permanent county seat of the county of Hill, but should no
place receive two-thirds of the votes cast, the present county seat
shall remain the permanent one.

SEC. 3.   That the Governor shall, within twenty days after the
returns of said election shall have been received, notify the Police
Court of the county of Hill of the result of said election.

SEC. 4.   That this act be in force from and after passage.

Approved August 12, 1870.

------

# CHAPTER XLVIII.

### AN ACT MAKING APPROPRIATIONS FOR THE PAYMENT OF THE EXPENSES OF MAINTAINING RANGING COMPANIES ON THE FRONTIER.

SECTION 1.   *Be it enacted by the Legislature of the State of
Texas*, That the sum of seven hundred and fifty thousand dollars,
or so much thereof as may be necessary, be and the same is hereby
appropriated, out of any moneys in the State Treasury (derived
from the sale or hypothecation of the bonds of the State issued for
frontier protection), for the purpose of paying all expenses con-
nected with the organization, arming and maintenance of the ranging
companies on the frontier,  called into service under the provisions
of the act approved June 13, 1870.

SEC. 2.   That this appropriation shall be expended under the
direction of the Governor; and the Comptroller of Public Accounts
shall, under the special direction of the Governor, audit all claims
and accounts incurred for the purposes hereinbefore mentioned, and
shall draw his warrant on the Treasurer for the payment of the
same.

SEC. 3.   That this act shall take effect from and after its passage.

Approved August 12, 1870.

------

Compendium
Page 256

# Exhibit 78

Also,

The engrossed order authorizing the Comptroller to pay to L. H. Boldenweck the sum of two thousand eight hundred dollars on City Hall account.

Ald. McGrath moved that the order be passed.

The motion prevailed by the following vote:

*Ayes*—Knickerbocker, Dixon, Otis, Montgomery, Cosy, McAvoy, Thompson, Whitaker, Daggy, Tracey, Schmitz, Hickey, W. S. Powell, Bailey, George Powell, Bateham, Walsh, Glade, Witbeck, Shell, Gill, McGrath, Buehler, Tyler, Schmidt, Schintz, Schaffner, McCaffrey, McCauley, Clarke, Devine, Busse, Mr. President—33.

*Noes*—None.

The following is the order as passed :

*Ordered*, That the City Comptroller be and is hereby authorized and instructed to pay to Louis H. Boldenweck the sum of two thousand and thirty-eight dollars and seventy-five cents ($2,038.75), and charge the same to the City Hall account.

Also,

An engrossed ordinance concerning the carrying of concealed weapons and the confiscation of such weapons.

Ald. McAvoy moved the passage of the ordinance.

The motion prevailed by the following vote:

*Ayes*—Dixon, Otis, Cosy, McAvoy, Whitaker, Daggy, Tracey, Schmitz, Hickey, W. S. Powell, Bailey, George Powell, Bateham, Walsh, Glade, Witbeck, Shell, Gill, Buehler, Tyler, Schmidt, Schintz, Schaffner, McCaffrey, McCauley, Clarke, Devine, Busse, Mr. President—29.

*Noes*—Knickerbocker, Montgomery, Thompson, McGrath—4.

The following is the ordinance as passed :

AN ORDINANCE

Concerning the carrying of concealed weapons and the confiscation of such weapons.

*Be it ordained by the Common Council of the City of Chicago:*

SECTION 1. That all persons within the limits of the city of Chicago are hereby prohibited from carrying or wearing under their clothes, or concealed about their persons, any pistols, or Colt, or slung shot, or cross knuckles, or knuckles of lead, brass or other metal, or bowie-knife, or dirk-knife, or dirk, or dagger or any other dangerous or deadly weapon.

SEC. 2. Any such weapon or weapons duly adjudged by any police magistrate, or justice of the peace of said city to have been worn or carried by any person in violation of section one of this ordinance, shall be forfeited or confiscated to the said city of Chicago.

SEC. 3. Any policeman of the city of Chicago may, within the limits of said city, without a warrant, arrest any person or persons whom such policeman may find in the act of carrying or wearing under their clothes, or concealed about their persons any pistol, or Colt, or slung-shot, or cross knuckles, or knuckles of lead, brass, or other metal, or bowie knife, or dirk-knife, or dirk, or dagger, or any other dangerous or deadly weapon, and detain him, her or them in the City Jail or Armory until a summons or warrant can be procured on complaint made (under oath or affirmation) for the trial of such person or persons, and for the seizure and confiscation of such of the weapons above referred to as such person or persons may be found in the act of carrying or wearing under their clothes, or concealed about their persons.

SEC. 4. Upon complaint made under oath or affirmation to any magistrate or justice of the peace in said city, that any person has been guilty of violating any of the provisions of section one of this ordinance, a summons or warrant shall issue for the summoning or arrest of the offender or offenders—returnable forthwith; upon the return of such summons or warrant, such magistrate or justice shall proceed to the hearing and determination of the matter, and if it shall be adjudged that such person or persons has incurred any of the penalties fixed by this ordinance, such magistrate or justice of the peace shall order that the weapon or weapons, concerning the carrying or wearing of which such penalty shall have been incurred, shall be kept and detained until it shall be adjudged whether or not such weapon or weapons shall be confiscated to the city of Chicago.

SEC. 5. Upon any judgment having been rendered for a violation of any of the provisions of section one of this ordinance, or upon complaint made under oath or affirmation that any such weapon or weapons has been worn or carried, or is being worn or carried, by any person or persons in violation of section one of this ordinance, the magistrate or justice of the peace acting as a police justice, or other officer authorized by law to receive such complaint shall render the cause on his docket as follows:

The City of Chicago vs.—

(here describe the weapon or weapons by general description) and shall thereupon issue a writ which shall be in form, as nearly as may be, as follows, viz:

State of Illinois, Cook county, ss.

The city of Chicago vs. (here describe the weapon or weapons by general description).

To (—— here name the person accused, or who shall have been convicted as aforesaid) and all other persons interested.

You are hereby commanded to appear before me, at my office in Chicago, No. —— street (which day shall not be less than ten nor more than thirty days from the date of such writ), at the hour of —— a. m. or p. m., and show cause, if any you have, why this weapon described in the caption hereof shall not be confiscated to the city of Chicago, in accordance with the provisions of an ordinance concerning the carrying of concealed weapons, and the confiscation of such weapons, ——, constable, or any other constable of said county, is hereby commanded to cause due service of this writ to be made, copies thereof to be duly *posted*, and to make due return of this writ as required by law; and also to seize and hold the said weapons until it shall be adjudged whether or not the same shall be confiscated to the said city of Chicago. Given under my hand and seal this —— day of ——, A. D. ——.

SEC. 6. The officer receiving said writ shall cause one copy of said writ to be posted, for at least five days prior to the day therein mentioned for the hearing, at the Court House door of said city, one copy at the office of the justice or officer issuing said writ, and a like copy at two other public places in said city. He shall serve the person in such writ named, by leaving one copy thereof with such person or persons, and reading the same to such person or persons at least five days before the day fixed for such hearing, and shall make due return of such writ.

SEC. 7. Upon the return of any such writ, duly served in accordance with the preceding section, the officer issuing the same shall proceed, at the time designated in said writ, to the hearing of the cause, and shall hear all persons who may desire to be heard, touching the matter; and if, upon such hearing, such magistrate or justice of the peace shall find that such weapon or weapons shall have been worn or carried in violation of section one of this ordinance, he shall enter an order that the same be confiscated to the city of Chicago, and that the same be delivered to the officer known as the custodian of stolen property for safe keeping.

SEC. 8. Any person who shall be adjudged to have violated any of the provisions of section one of this ordinance shall pay a fine not exceeding one hundred dollars, or be imprisoned in the House of Correction for a term not exceeding six months, or both, in the discretion of the magistrate or court before whom such conviction shall be had.

SEC. 9. The prohibitions of this ordinance shall not apply to the officers or members of the police force of said city, when on duty.

SEC. 10. This ordinance shall be in force from and after its passage and due publication.

Also,

An engrossed ordinance concerning the Mutual Gas Light Company.

Ald. G. Powell moved that the ordinance be passed.

Ald. Daggy moved to amend the ordinance by striking out all after the enacting clause, and insert sections one, two, three, four, five, six, and seven of the ordinance recommended by the minority of the Committee on Gas Lights, as found on pages 267 and 268 of the printed Council proceedings.

Ald. Schintz moved as an amendment to the amendment the following :

*Provided*, however, that said corporation furnish gas to the city of Chicago and to its inhabitants at a rate at least 50 cents less per cubic feet than the present rates charged by the present gas companies.

After debate,

Ald. Tracey called for the previous question, and the call was sustained.

The question being on the amendment offered by Ald. Daggy, the ayes and noes were called, and the amendment lost by the following vote:

# Exhibit 79

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 58 of 186   Page ID
#:1390

# CHAPTER LX.

## CITIES OF THE THIRD CLASS.

AN ACT to revise and amend chapter 26 of the laws of 1869, pro-
viding for the organization and government of cities of the third
class, and to repeal chapter 108 of the general statutes of 1868 relat-
ing to towns and villages.

*Be it enacted by the Legislature of the State of Kansas*:

### . ARTICLE I.

#### *Incorporation, .Government, etc.*

Cities of third
class.

SECTION 1.   All municipal corporations of the territory
or state of Kansas, heretofore organized as cities, towns
or villages, containing not more than two thousand
inhabitants (and not heretofore organized as cities of the
second class) shall be cities of the THIRD CLASS, and shall
be governed by the provisions of this act; and all rights
and privileges accrued under, and by virtue of, any act
of the legislature of the territory or of the state of
Kansas before the day on which this act shall take effect,
to any such municipal corporation, are hereby preserved
to such corporation, or the citizens thereof respectively.

How incorpor-
ted.

SEC. 2.   Whenever, between the first day of January
and first day of March in any year, a petition, signed by
a majority of the electors of any unincorporated town or
village within this state, shall be presented to the judge
of the district court of the county, setting forth the metes
and bounds of their village and commons, and stating, as
near as may be, the number of the inhabitants of such
town or village, and praying that such town or village
may be incorporated as a city, with satisfactory proof
that such petition has been published in full in some
newspaper printed in said town or village at least once in
each week for three consecutive weeks; and such judge
shall be satisfied that a majority of the taxable inhabi-
tants of such town or village shall be in favor of such
incorporation, and that the prayer of the petitioners is

Generated on 2023-10-25 16:57 GMT  /  https://hdl.handle.net/2027/iau.31858018292783
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

**Compendium
Page 260**

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 59 of 186   Page ID #:1391

**Hospitals, &c.**

SEC. 60.   The council may purchase and hold for the city, within or outside the city limits, all necessary lands for hospital purposes and water works, and erect, establish and regulate hospitals, work houses and poor houses, and provide for the government and support of the same, and make regulations to secure the general health of the city, and to prevent and remove nuisances, and to provide the city with water.

**Contagious diseases.**

SEC. 61.   The council may make regulations to prevent the introduction of contagious diseases into the city, may make quarantine laws for that purpose, and enforce the same within five miles of the city.

**Fire arms.**

SEC. 62.   The council may prohibit and punish the carrying of firearms or other deadly weapons, concealed or otherwise, and may arrest and imprison, fine, or set at

**Vagrants.**

work, all vagrants and persons found in said city without visible means of support, or some legitimate business.

**Railroads.**

SEC. 63.   The council shall take all needful steps to protect the interests of the city, present or prospective, in any railroad leading from or toward the same; but they shall not take or subscribe any stock in any railroad unless at least two-thirds of the electors of such city voting at a legal election vote in favor thereof.

**Same.**

SEC. 64.   The council shall have power to regulate levees, depots, depot grounds and places for storing freight and goods, and to provide for the passage of railways through the streets and public grounds of the city; also, to regulate the crossings of railway tracks, and to provide precautions and prescribe rules regulating the same, and to regulate the running of railway engines, cars and tracks within the limits of said city, and to prescribe rules relating thereto, and to govern the speed thereof, and to make any other and further provisions, rules and restrictions to prevent accidents at crossings and on the tracks of railways, and to prevent fires from engines.

**Private property taken for public use.**

SEC. 65.   Private property may be taken for public use, or for the purpose of giving the right of way or other privilege to any railroad company, or for the purpose of creating or establishing market houses and market places, or for any other necessary purpose; but in every case

Generated on 2023-10-25 16:58 GMT  /  https://hdl.handle.net/2027/iau.31858018292783
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
UNIVERSITY OF IOWA

# Exhibit 80

XXX XBXXX

GENERAL LAWS.                    25

## CHAPTER XXXIV.

### AN ACT TO REGULATE THE KEEPING AND BEARING OF DEADLY WEAPONS.

SECTION 1.   *Be it enacted by the Legislature of the State of Texas,* That any person carrying on or about his person, saddle, or in his saddle bags, any pistol, dirk, dagger, slung-shot, sword-cane, spear, brass-knuckles, bowie-knife, or any other kind of knife manufactured or sold for the purposes of offense or defense, unless he has reasonable grounds for fearing an unlawful attack on his person, and that such ground of attack shall be immediate and pressing; or unless having or carrying the same on or about his person for the lawful defense of the State, as a militiaman in actual service, or as a peace officer or policeman, shall be guilty of a misdemeanor, and, on conviction thereof shall, for the first offense, be punished by fine of not less than twenty-five nor more than one hundred dollars, and shall forfeit to the county the weapon or weapons so found on or about his person; and for every subsequent offense may, in addition to such fine and forfeiture, be imprisoned in the county jail for a term not exceeding sixty days; and in every case of fine under this section the fines imposed and collected shall go into the treasury of the county in which they may have been imposed; *provided*, that this section shall not be so construed as to prohibit any person from keeping or bearing arms on his or her own premises, or at his or her own place of business, nor to prohibit sheriffs or other revenue officers, and other civil officers, from keeping or bearing arms while engaged in the discharge of their official duties, nor to prohibit persons traveling in the State from keeping or carrying arms with their baggage; *provided further*, that members of the Legislature shall not be included under the term "civil officers" as used in this act.

SEC. 2.   Any person charged under the first section of this act, who may offer to prove, by way of defense, that he was in danger of an attack on his person, or unlawful interference with his property, shall be required to show that such danger was immediate and pressing, and was of such a nature as to alarm a person of ordinary courage; and that the weapon so carried was borne openly and not concealed beneath the clothing; and if it shall appear that this danger had its origin in a difficulty first commenced by the accused, it shall not be considered as a legal defense.

SEC. 3.   If any person shall go into any church or religious assembly, any school room, or other place where persons are assem-

GENERAL LAWS.

bled for amusement or for educational or scientific purposes, or into
any circus, show, or public exhibition of any kind, or into a ball
room, social party, or social gathering, or to any elec.ion precinct
on the day or days of any election, where any portion of the people
of this State are collected to vote at any election, or to any other
place where people may be assembled to muster, or to perform any
other public duty, (except as may be required or permitted by law,)
or to any other public assembly, and shall have or carry about his
person a pistol or other firearm, dirk, dagger, slung shot, sword
cane, spear, brass-knuckles, bowie-knife, or any other kind of knife
manufactured and sold for the purposes of offense and defense, unless
an officer of the peace, he shall be guilty of a misdemeanor, and, on
conviction thereof, shall, for the first offense, be punished by fine of
not less than fifty, nor more than five hundred dollars, and shall for-
feit to the county the weapon or weapons so found on his person;
and for every subsequent offense may, in addition to such fine and
forfeiture, be imprisoned in the county jail for a term not more than
ninety days.

SEC. 4.   This act shall not apply to, nor be enforced in any
county of the State, which may be designated, in a proclamation of
the Governor, as a frontier county, and liable to incursions of hostile
Indians.

SEC. 5.   All fines collected under the provisions of this act shall
be paid into the treasury of the county, and appropriated exclu-
sively to the keeping in repair and maintenance of public roads, and
all weapons forfeited to the county under the provisions of this act
shall be sold as may be prescribed by the county court, and the pro-
ceeds appropriated to the same purpose.

SEC. 6.   It shall be the duty of all sheriffs, constables, marshals,
and their deputies, and all policemen, and other peace officers, to ar-
rest any person violating the first or third sections of this act, and
to take such person immediately before a justice of the peace of the
county where the offense is committed, or before a mayor or recorder
of the town or city in which the offense is committed, who shall in-
vestigate and try the case without delay.   On all such trials the ac-
cused shall have the right of a trial by jury, and of appeal to the
district court; but, in case of appeal, the accused shall be re-
quired to give bond with two or more good and sufficient sureties in a
sum of not less than one hundred nor more than two hundred dol-
lars, if convicted under the first section and in a sum of not less
than two hundred nor more than one thousand dollars, if convicted
under the third section of this act; said bond to be payable to the
State of Texas, and approved by the magistrate, and conditioned that
the defendant will abide the judgment of the district court that may

be rendered in the case; and in case of forfeiture the proceedings thereon shall be as is or may be prescribed by law in similar cases; and all moneys collected on any bond or judgment upon the same, shall be paid over and appropriated as provided in the fifth section of this act.

SEC. 7.   Any officer named in the sixth section of this act who shall refuse or fail to arrest any person whom he is required to arrest by said section on his own information, or where knowledge is conveyed to him of any violation of the first or third sections of this act, shall be dismissed from his office on conviction in the district court, on indictment or information, or by such other proceedings or tribunal as may be provided by law, and in addition, shall be fined in any sum not exceeding five hundred dollars, at the discretion of the court or jury.

SEC. 8.   That the district courts shall have concurrent jurisdiction under this act, and it is hereby made the duty of the several judges of the district courts of this State to give this act especially in charge to the grand juries of their respective counties.

SEC. 9.   It is hereby made the duty of the Governor to publish this act throughout the State; and this act shall take effect and be in force from and after the expiration of sixty days after its passage.

Approved April 12, 1871.

---

# CHAPTER XXXV.

AN ACT TO AUTHORIZE THE COUNTY COURT OF ROBERTSON COUNTY TO LEVY AND COLLECT A SPECIAL TAX FOR THE TERM OF TWO YEARS TO BUILD A COURT HOUSE AND JAIL IN THE CITY OF CALVERT, THE COUNTY SEAT OF SAID COUNTY.

SECTION 1.   *Be it enacted by the Legislature of the State of Texas,* That the County Court of Robertson county be and the same is hereby authorized to levy and collect, annually, for the term of two years, a special *ad valorem* tax upon all property, real, personal and mixed, in said county, not to exceed one half of one per centum in addition to all general and special taxes now authorized to be levied and collected by law, which tax shall be levied and collected the same as other taxes, and shall be appropriated and paid out solely for the purpose of building a substantial court house and jail at Calvert, the county seat of Robertson county, Texas.

SEC. 2.   That this act shall take effect and be in force from and after its passage.

Approved April 12, 1871.

# Exhibit 81

Newspapers
by ancestry
https://www.newspapers.com/image/418858064

The Beloit Gazette (Beloit, Kansas) · Thu, Sep 19, 1872 · Page 4

Printed on Jun 25, 2023

## Ordinance No. 5.

An ordinance in relation to the carrying of fire-arms or other weapons.

*Be it ordained by the Mayor and Couucilmen of the City of Beloit.*

Section 1. That any person who shall be found within the corporate limits of this city with any revolver, pistol, gun, sword, dagger, dirk or any other dangerous or deadly weapon concealed or otherwise shall be deemed guilty of a misdemeanor; Provided, that this act shall not be construed in such a manner as to prevent any person or persons from carrying a gun or rifle through the street for the known and avowed purpose of hunting in the country.

Approved Sep. 9th, 1872.

T. F. HERSEY,
Mayor.

L. J. BEST,
City Clerk.

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers

# Exhibit 82

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 67 of 186   Page ID #:1399



Copyright © 2022 Newspapers.com. All Rights Reserved.

Newspapers
by ancestry
https://www.newspapers.com/image/57835968

The Charlotte Democrat (Charlotte, North Carolina) · Tue, Jul 30, 1872 · Page 2

Downloaded on Oct 11, 2022

# The Democrat.

Office up stairs, corner of Granite Row, over Smith & Hammond's Drug Store.

[PUBLISHED BY REQUEST.]

## Rock Spring Camp Ground, Lincoln Co., N. C.

### Laws and Regulations.

By act of the General Assembly of 1870-'71, Chapter 87, page 151, J. Lowe, J H Shelton, P W Howard, P W Kelley, C J Thompson, J W Lowe, John R Asbury, T Caldwell, G W Gabriel and Thomas Beatty were incorporated as Trustees of the Rock Spring Camp Ground, with power to establish such rules and regulations for the management of order, decorum and the removal of all nuisances. The Trustees met at said Camp Ground on Saturday the 20th July 1872, and adopted the following regulations and by-laws:

1st. That if any person or persons shall violate or disturb public worship or the quiet of the people while assembled at said place for worship, and until all the people who shall have been assembled for worship, shall be removed therefrom, in any shape or form by behaving unseemly, or who shall appear drunk within the bounds of said Camp Ground, which, by law, comprehends forty-five acres, shall be arrested forthwith and brought before any magistrate of said county, and on conviction shall pay a fine of not less than five nor more than twenty five dollars for each and every offence, or be imprisoned not less than one nor more than three months, or both at the discretion of the court, to be sued for and recovered in the name of the Chairman of the Board before any magistrate of Lincoln county.

2d. That any person or persons refusing by force or threats, or by drawing of deadly weapons such as pistols or knives, or any other dangerous weapon, to be arrested, shall, on conviction of these or any one of these offences, be fined not less than five nor more than twenty-five dollars, or be imprisoned not less than one nor more than three months, or both at the discretion of the court.

3d. That if any person or persons shall sell or dispose of spirituous liquors, or spirituous liquors be found in their possession in such a manner as to satisfy the investigators of said time that it was for sale or disposal, or any spirituous liquors found out to belong to any person at or on said Camp Ground, such person as shall, either by selling or disposal, or by having in his or their possession, or being found to be the owners of said spirituous liquors on the incorporation within the bounds shall be assembled for public worship, shall be arrested, and on conviction be fined not less than one nor more than twenty-five dollars, or imprisoned not less than one nor more than three months, or both, at the discretion of the court.

4th. That no person shall erect a stand for the selling or giving away any article or commodity to the bounds of said incorporation while the people may be assembled for public worship. Any person offending against this article shall be arrested, and on conviction shall be fined not more than twenty-five dollars or be imprisoned not more than three months.

5th. That any person being found with or carrying guns or pistols within the incorporate limits of said Camp Ground while the people may be assembled for public worship, shall be fined not less than five nor more than twenty-five dollars, or be imprisoned not less than one nor more than three months, or both, at the discretion of the court.

6th. That any person shooting within said incorporation while the people shall be assembled for public worship on said Camp Ground, shall be arrested, and on conviction shall be fined not less than one nor more than twenty-five dollars, or be imprisoned not less than one nor more than three months, or both, at the discretion of the court.

7th. That it shall be the duty of the Chairman of this Board, at each and every camp-meeting held at this place, to appoint five discreet and suitable persons as a Police Committee, who shall see that these orders are strictly enforced, and preserve the peace and quiet of the public worship, and cause to be enforced such other rules and orders as may be recommended to them from time to time by the Board.

J. LOWE, Ch'n.

J. R. SHELTON, Sec'y.

Copyright © 2022 Newspapers.com. All Rights Reserved.

Newspapers
POWERED BY

# Exhibit 83

## ORDINANCE No. 2.

[Adopted September 24th, 1872.]

AN ORDINANCE TO PROVIDE FOR THE REGULATION AND GOVERNMENT OF THE AVENUE AND PUBLIC PARKS IN THE CITY AND COUNTY OF SAN FRANCISCO, IN CHARGE OF THE PARK COMMISSIONERS.

SECTION 1. The objects of this Ordinance are those grounds which are known as Golden Gate and Buena Vista Parks, and the Avenue leading to said Golden Gate Park, all particularly described in the first section of an Act of the Legislature of the State of California, entitled "An Act to provide for the improvement of Public Parks in the City of San Francisco," approved April 4th, 1870.

SEC. 2. Within the said grounds all persons are hereby forbidden:

1. To turn in or let loose any cattle, horses, goats, sheep, or swine.

2. To carry and especially to discharge firearms.

3. To cut, break, or in any way injure or deface any trees, shrubs, plants, buildings, fences, or structures of any kind.

4. To bathe in, or otherwise pollute the water of any pond, lake, or pool.

5. To chase, set snares for, catch, or destroy any rabbits, quails, or other wild quadrupeds or birds.

6. To make or kindle a fire of any kind.

7. To camp, lodge, or tarry over night.

8. To ride or drive any horse or other animal, with vehicle or without, elsewhere than on the roads or drives for such purposes provided.

9. To indulge in riotous, boisterous, or indecent conduct, or language.

10. To drive or ride at a furious speed.

SEC. 3. No dray, truck, wagon, cart, or other vehicle carrying, or if not carrying, employed regularly in carrying goods, merchandise, manure, soil, or other articles, shall be allowed to travel upon the drive of said avenue for any other purpose than to cross immediately at the regular street intersections, nor upon the drives of said parks. For the present the road now and heretofore commonly traveled to and from " The Central Macadamized Toll Road," is excepted from this rule. But all such vehicles shall be driven over the least worked portion of such excepted road as directed by the Superintendent or any of the Park police officers hereinafter mentioned, unless compelled to turn out in obedience to the "rule of the road," as hereinafter laid down.

The provisions of this subdivision shall also apply to light vehicles regularly driven for business purposes between the country beyond the parks and the city.

SEC. 4. The rule of the road for equestrians or vehicles meeting upon the avenue or park drives shall be: PASS TO THE RIGHT.

# Exhibit 84

88                          REVISED ORDINANCES.                          [CH.

# CHAPTER 31.

## PARKS AND PUBLIC GROUNDS.

SECTION.
1.  Names established.
2.  What games are prohibited in—Penalty.
3.  Duty of board of public works to superintend
4.  Ingress and egress regulated.
5.  Animals to be excluded.
6.  Firearms, etc., prohibited in – Injury to shrubbery.
7.  Hindering employes prohibited.
8.  Speed in driving regulated.
9.  Animals, etc., to keep on drives.
10. Obstruction of ways prohibited.
11. Hacks, etc., not to ply for hire.
12. Peddling in, prohibited.
13. Certain vehicles prohibited.
14. Fortune telling, gaming, indecency, etc., prohibited.
15. Power to close part of parks.

SECTION.
16. When parks to be open.
17. Right to open and close parks.
18. Conduct of visitors regulated.
19. Bathing, fishing, etc. in forbidden.
20. Fireworks prohibited.
21. Perambulators on walks.
22. Posting bills forbidden.
23. Processions, fire apparatus, etc. prohibited, when.
24. Funeral processions prohibited.
25. Fires prohibited.
26. To keep off grass, except when.
27. Power of police in.
28. Chapter applies to public squares.
29. Penal clause.
30. Use of grass grown.

**1. NAMES ESTABLISHED.]**  *Rev. Ord.* 1866.  The several public parks, squares and grounds in the city of Chicago, shall be known and designated by the names applied thereto respectively on the map of the city of Chicago published by Mr. J. Van Vechten in the year 1872.

**2. GAMES IN PROHIBITED—PENALTY.]**  No person shall play at ball, cricket, or at any other game or play whatever, in any of the inclosed public parks or grounds in this city, under the penalty of five dollars for every offense.

**3. BOARD OF PUBLIC WORKS—DUTY OF.]**  It shall be the duty of the board of public works to superintend all inclosed public grounds and keep the fences thereof in repair, the walks in order and the trees properly trimmed, and improve the same according to plans approved by the common council. They shall likewise cause printed or written copies of the prohibitions of this chapter to be posted in the said grounds or parks.

**4. WALLS AND FENCES.]**  *Ord. Jan.* 11, 1869.  No person shall enter or leave any of the public parks of the city of Chicago, except by their gateways; no person shall climb or walk upon their walls or fences.

**5. ANIMALS TO BE EXCLUDED.]**  Neither cattle, horses, goats, swine or other animals, except as herein provided, shall be turned into any one of the said parks by any person.

**6. FIREARMS AND MISSILES PROHIBITED—PROTECTION OF SHRUBBERY.]**  All persons are forbidden to carry firearms or to throw stones or other missiles within any one of the public parks.  All persons are forbidden to cut, break or in any way injure or deface the trees, shrubs, plants, turf or any of

Case 8:23-cv-01798-CJC-ADS Document 21-2 Filed 11/03/23 Page 73 of 186 Page ID #:1405

the buildings, fences, bridges, or other construction or property, within or upon any of the said parks.

**7.** HINDERING EMPLOYES.] No person shall converse with, or in any way hinder those engaged in their construction.

**8.** SPEED OF DRIVING.] No animal shall travel on any part of either of the said parks at a rate exceeding six miles per hour.

**9.** VEHICLES AND ANIMALS ON DRIVES.] No vehicle, or horse, or other animal shall be permitted on the foot walks, the same being devoted exclusively to pedestrians ; nor shall any vehicle, horse or animal of burden go upon any part of either of the parks, except upon the carriage drives and upon such places as are appropriated for carriages at rest.

**10.** OBSTRUCTION OF WAYS.] No animal or vehicle shall be permitted to stand upon the drives or carriage roads of any of the public parks of the city, or any part thereof, to the obstruction of the way, or to the inconvenience of travel, nor shall any person solicit passengers within either of said parks.

**11.** HACKS, ETC., NOT TO PLY FOR HIRE.] No hackney coach, carriage' or other vehicle for hire, shall stand upon either of the parks of the city of Chicago for the purpose of taking in any other passengers, or persons, than those carried to the park by said coach, carriage or vehicle.

**12.** PEDDLING IS NOT ALLOWED.] No person shall expose any article or thing for sale upon any of said parks, except such person shall have been previously licensed by the board of public works, nor shall any hawking or peddling be allowed therein.

**13.** PROHIBITED VEHICLES.] No omnibus or wagon with or without passengers, nor any cart, dray, wagon, truck or other vehicle carrying goods, merchandise, manure, soil or other article, or solely used for the carriage of goods, merchandise, manure or other articles, shall be allowed to enter any part of either of the said parks. This, however, does not apply to vehicles engaged in the construction of such parks, nor private family wagons.

**14.** BOISTEROUS LANGUAGE—FORTUNE TELLING—GAMING—INDECENCY.] No threatening, abusive, insulting or indecent language shall be allowed therein whereby a breach of the peace may be occasioned. No person shall be allowed to tell fortunes or play at any game of chance at or with any table or instrument of gaming, nor to do therein any obscene or indecent act.

**15.** POWER TO CLOSE PART OF PARKS.] In case of any emergency, where life or property is endangered, all persons, if required so to do by the superintendent or any of his assistants, shall remove from the portion of either of said parks specified by the superintendent or his assistants, and remain off the same until permission is given to return.

**16.** PARKS—WHEN OPEN.] Lincoln park and Union park shall be open daily to the public during the months of December, January and February from seven o'clock in the morning until eleven o'clock in the evening ; during the months of March, April, May, October and November from six o'clock in the morning until ten o'clock in the evening, and during the months of June, July, August and September, from five o'clock in the morning until eleven o'clock in the evening.

**17.** POWER TO OPEN AND CLOSE PARKS.] The superintendent may, for

# Exhibit 85

Newspapers
by ancestry
https://www.newspapers.com/image/604763466
Printed on Oct 19, 2023

# An Ordinance to Prevent the Carrying of Arms.

SECTION 1. *Be it Ordained by the Board of Mayor and Aldermen of the City of Chattanooga,* That if any person shall, within the corporate limits of the City of Chattanooga, either publicly or privately carry any dirk, sword-cane, Spanish stilletto, belt or pocket pistol, Bowie knife or any large knife of like form or size to a Bowie knife, brass knuckles or slung shot, he shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than fifty dollars and confined in the city jail not less than thirty days.

SEC. 2. *Be it further Ordained,* That it be and is hereby made the duty of the Marshal and police force to arrest any and all parties found carrying any weapon in violation of the above section, and any policeman who shall fail or refuse to strictly enforce this ordinance by refusing or neglecting to arrest any party known by him to be in violation of this ordinance, shall be at once dismissed from the police force.

SEC. 3. *Be it further Ordained,* That all ordinances or parts of ordinances in conflict with any of the provisions of this ordinance be and the same are hereby repealed, and that this ordinance take effect from and after its passage.

Approved April 9th, 1873.

E. M. WIGHT, Mayor.

W. T. CATE, Recorder.

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers

# Exhibit 86

Newspapers
by ancestry

https://www.newspapers.com/image/24064306

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 77 of 186   Page ID
#:1409
The Galveston Daily News (Galveston, Texas) · Thu, Aug 28, 1873 · Page 4

Printed on Jun 25, 2023

# AN ORDINANCE (No. 18)

Regulating the keeping and bearing of deadly weapons.

Be it ordained by the City Council of the city of Galveston:

SECTION 1. That any person carrying on or about his person, saddle or vehicle, within the corporate limits of the city of Galveston, any pistol, dirk, dagger, slung-shot, sword-cane, spear, brass-knuckles, bowie-knife, or any other kind of knife manufactured or sold for the purposes of offense or defense, or carried for purposes of offense or defense, unless he has reasonable grounds for fearing an unlawful attack on his person, and that such attack shall be immediate and pressing, or unless having or carrying the same on or about his person for the lawful defense of the state of Texas or the city of Galveston, as a militia-man in actual service, or as a peace officer or policeman, shall be fined in a sum of not less than twenty-five dollars nor more than one hundred dollars, and in default of payment thereof shall be confined in the jail for a period not less than ten days nor more than three months, and whilst so confined shall be required to work on the streets of said city, or any public work under the control of the City Council for the period of such confinement; provided, that this section shall not be so construed as to prohibit any person from keeping or bearing arms on his or her premises, or at his or her place of business, nor to prohibit sheriffs, their deputies, or other revenue officers, or other civil officers, from keeping or bearing arms whilst engaged in the discharge of their official duties, nor to prohibit persons traveling through the city of Galveston from keeping or carrying arms with their baggage.

SEC. 2. That any person charged under the first section of this act, who may offer to prove, by way of defense, that he was in danger of an attack on his person, or unlawful interference with his property, shall be required to show that such danger was immediate and pressing, and was of such a nature as to alarm a person of ordinary courage, and that such weapon so carried was borne openly and not concealed beneath the clothing; and if it shall appear that this danger had its origin in a difficulty first commenced by the accused, it shall not be considered as a legal defense.

SEC. 3. That this ordinance shall take effect and be of force on and after its due publication as prescribed by the city charter.

Approved August 19th, 1873.
C. W. HURLEY, Mayor.

Attest:
C. C. ALLEN, Clerk.                    aug20D:0t

# AN ORDINANCE (No. 19)

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers

# Exhibit 87

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 79 of 186   Page ID
#:1411

https://www.newspapers.com/image/862701906

Printed on Jun 25, 2023

Copyright © 2023 Newspapers.com. All Rights Reserved.



Newspapers
by ancestry
https://www.newspapers.com/image/862701906
Printed on Jun 25, 2023

W. S. MESPLAY, Clerk.

## NO. 8.

AN ORDINANCE concerning the carry-
ing of weapons.

Be it ordained by the Board of Trustees
of the Town of Granby, as follows:

Sec. 1. That any person within the cor-
porate limits of the town of Granby who
shall be found carrying, either openly or
concealed, any pistol, metalic knuckles,
slingshot, large knife, or any other offensive
weapon (except an official in the lawful
discharge of his duty, or a person having
such weapon for the purpose of some im-
mediate lawful purpose) shall be fined not
less than five nor more than fifteen dol-
lars.

Passed and adopted October 30. 1873.

M. I. WILLIAMS, Chm'n.
W. S. MESPLAY, Clerk.

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers

Compendium
Page 282

# Exhibit 88

# A DIGEST

## OF THE

# LAWS OF TEXAS:

## CONTAINING THE LAWS IN FORCE,

### AND

# THE REPEALED LAWS

## ON WHICH RIGHTS REST,

### FROM 1864 TO 1872,

## CAREFULLY ANNOTATED.

BY GEORGE W. PASCHAL,

*OF AUSTIN, TEXAS,*

LATE REPORTER OF THE SUPREME COURT OF TEXAS, AUTHOR OF PASCHAL'S ANNOTATED
CONSTITUTION, PASCHAL'S DIGEST OF DECISIONS, ETC., ETC.

Third Edition—Volume II.

8.
WASHINGTON, D. C.:
W. H. & O. H. MORRISON,
LAW BOOKSELLERS AND PUBLISHERS.
1873.

Generated on 2023-02-10 14:51 GMT  /  https://hdl.handle.net/2027/hvd.hl3e66
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
HARVARD UNIVERSITY

CRIMINAL CODE. 1317

ceeding one thousand dollars, and imprisoned in the penitentiary for a period not exceeding three years.

CHAPTER IV.—RIOTS AND UNLAWFUL ASSEMBLIES AT ELECTIONS, VIOLENCE USED TOWARDS ELECTORS. 11 July, 1870. Art. 6476 for caption.

ART. 6485. [28] Any person who may, by threats, intimidation, or violence, resist or impede a registrar, or board of appeals or revision, in the discharge of their duties, shall be deemed guilty of a misdemeanor, and, on conviction, shall be punished by fine of not less than fifty, nor more than one hundred dollars, and by imprisonment of not less than sixty days, or more than six months, in the county jail. *Punishment of threats and intimidation impeding registration. Art. 6684.*

ART. 6486. [28] Any registrar who, by violence or threats, is impeded in the discharge of his duty, shall report the same to the sheriff, who shall furnish a sufficient force to enable him to proceed in the discharge of his duty. *Registrars to report violence.*

ART. 6487. [38] Any person or persons who shall disturb the registrars or boards of revision in the full and fair discharge of their duties, by acts of intimidation, by inciting or encouraging a tumult or mob, or who shall cause such disturbance, or encourage, or abet any tumult, mob, or violence in the vicinity of any place of registry, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding five hundred dollars, or by imprisonment in the penitentiary for a period not exceeding two years, nor less than six months *Disturbers of registrars punished. Fine or imprisonment.*

ART. 6488. [46] (cl. 1) Any person who shall, by threats of discharge from employment, of withholding wages, or of proscription in business, influence, or attempt to influence, any voter in the casting of his vote at any election, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than five hundred dollars, one-half of which shall go to the informer, and the other half to the school fund of the state, and by imprisonment in the county prison for not less than three months. *Intimidation of voter by threats punished as misdemeanor. Art. 1893. Fine not less than $500, and 3 months imprisonment.*

ART. 6489. [43] (cl. 2) Any person who shall discharge from his employment any laborer, employé, tenant, or mechanic, who shall have been working for such person under contract, written or oral, for a specified time, before such time shall have expired, or who shall withhold from any laborer, employé, tenant, or mechanic, any part of the wages due to such laborer, employé, tenant, or mechanic on account of any vote which such laborer, employé, tenant, or mechanic has given, or purposes to give, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by a fine of not less than five hundred dollars, one-half of which shall go to the informer, and the other half to the school fund of the state, and by imprisonment in the county jail for not less than three months. *Punishment for discharging laborer on account of his vote; made a misdemeanor, and punished by fine not less than $500 and 3 months' imprisonment.*

ART. 6490. [55] (1) It shall be unlawful for any person to carry any gun, pistol, bowie-knife, or other dangerous weapon, concealed or unconcealed, on any day of election, during the hours the polls are open, within a distance of one half mile of any place of election. (2) Any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not less than one hundred dollars, and by imprisonment in the county jail for not less *Carrying weapons at election punished. Art. 1891. Penalty for violating this section.*

Generated on 2023-02-10 14:52 GMT  /  https://hdl.handle.net/2027/hvd.hl3e66
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
HARVARD UNIVERSITY

1318                                CRIMINAL CODE.

Officers of election and police exempted.

than one month: *Provided*, That the provisions of this section shall not apply to any officer of the election, police officer, or other person authorized to preserve the peace on the days of election.

Selling liquor on days of election.

ART. 6491. [56] No person shall give, sell, or barter any spirituous or intoxicating liquor to any person on the days of election ; and any person found guilty of violating the provisions of this section shall be fined in a of sum not less than one hundred dollars, nor more than three hundred dollars, which shall go to the school fund.

School fund.

15 Aug., 1870; art. 6481 for caption.
Disturbing election by mob punished.
Arts. 1891-1894.

ART. 6492. [49] Any person or persons who shall disturb an election, by inciting or encouraging a tumult or mob, or shall cause such disturbance in the vicinity of any poll or voting place, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by a fine not exceeding five hundred dollars, nor less than two hundred dollars, and by imprisonment in the penitentiary for a period not exceeding two years, nor less than six months.

11 July, 1870. Art. 6476 for caption.

CHAPTER V.—MISCELLANEOUS OFFENSES AFFECTING THE RIGHT OF SUFFRAGE.

Alterations, changes, and mutilations of registration books punished by fine or imprisonment.
Art. 1900.

ART. 6493. [26] If any person shall alter, change, mutilate, or in any manner deface any book of registration, or shall take and carry away the same from the office of the clerk of the district court, registrar, or judge of election, or other place where the same may be lawfully deposited, or from the lawful possession of any person whomsoever, with intent to destroy, suppress, alter, or conceal, or in any wise mutilate or destroy the same, so as to prevent the lawful use of such book or books of registration, such person shall be deemed guilty of felony, and, upon conviction thereof, shall be punished as prescribed in section twenty-five of this act.

Art. 6480.

ART. 6434. [32] (cl. 1) Any person who shall take and subscribe the registration oath falsely shall, upon conviction thereof, be punished as provided by law for the crime of perjury, and any person who shall knowingly and willfully vote, or attempt to vote, upon the registration certificate of another, or of one who may be dead, shall, upon conviction thereof, forfeit and pay a fine of five hundred dollars, and in default thereof shall be imprisoned in the county jail for a term not exceeding one year.

Punishment for false registration and illegal voting.
Perjury.
Art. 1898.

Penalty.

ART. 6495. [32] (cl. 2) Any person giving a false name, with intent to deceive a registrar, shall, upon conviction thereof, be deemed guilty of a misdemeanor, and fined in a sum not to exceed one hundred dollars, or be punished by imprisonment in the county jail for a term not to exceed one year.

Giving false name punished by fine or imprisonment.

ART. 6496. [47] Any person not authorized by this law to receive or count ballots at an election, who shall, during or after any election, and before the votes have been counted by the judges of election, disturb, displace, conceal, destroy, handle, or touch any ballot, after the same has been received from the voter by the judge of election, shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be punished by a fine of not less than one hundred dollars, or by imprisonment for not less than six months, or both, at the discretion of the court.

15 Aug., 1870.
Art. 6481 for caption.
Disturbing ballots punished by fine or imprisonment.

At discretion.

ART. 6497. [48] Any person who shall vote, or attempt to vote, more than once at the same election, shall be deemed guilty of a felony, and, upon conviction thereof, shall be pun-

Repeaters punished by fine and imprisonment.
Art. 1897.

Generated on 2023-02-10 14:52 GMT  /  https://hdl.handle.net/2027/hvd.hl3e66
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google
Original from
HARVARD UNIVERSITY

# Exhibit 89

# ORDINANCES

### FOR THE USE, REGULATION, PROTECTION AND GOVERNMENT OF THE PARKS, APPROACHES THERETO AND STREETS CONNECTING THE SAME.

The Park Commissioners, appointed under and by virtue of the statute of the State of New York, entitled, "An act to authorize the selection and location of certain grounds for public parks in the City of Buffalo, and to provide for the maintenance and embellishment thereof," passed April 14, 1869, and the acts amendatory thereof, do hereby, in pursuance of the power conferred by said act, make and enact the following ordinances for the use, regulation, protection and government for the said park or parks, approaches thereto and streets connecting the same, to wit:

## CHAPTER I.

SECTION 1. All persons are forbidden to carry fire-arms or fire at or shoot any bird or animal, or throw stones or missiles within the several parks, approaches thereto or streets connecting the same.

§ 2. All persons are forbidden to climb, break. cut down, remove or in any way injure or deface the trees, plants, shrubs, flowers, turf, or any of the buildings, fences, bridges, or other constructions within the parks, or approaches thereto, or streets connecting the same.

§ 3. No person shall drive or ride any horse or team upon any of the parks, approaches thereto or streets connecting the same, at a rate of speed exceeding ten (10) miles per hour.

§ 4. No animal or vehicle shall be permitted to stand upon the drives or carriage roads of the parks or parkways, or any part thereof (except the concourses) to the obstruction of the way, or to the inconvenience of travel; nor shall any person solicit or invite passengers for hire therein.

Generated on 2023-10-24 17:03 GMT / https://hdl.handle.net/2027/mdp.39015063722063
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from
UNIVERSITY OF MICHIGAN

# Exhibit 90

20013470

# THE MARYLAND CODE.

# Public Local Laws,

### CODIFIED BY

## JOHN PRENTISS POE.

**ADOPTED BY THE GENERAL ASSEMBLY OF MARYLAND MARCH 14, 1888.**

*Including also the Public Local Acts of the Session of 1888 incorporated therein.*

BY AUTHORITY OF THE  STATE OF MARYLAND.

## VOLUME II,

CONTAINING ARTICLE 11, FREDERICK COUNTY, TO ARTICLE 24, WORCESTER COUNTY.

BALTIMORE:
KING BROS., PRINTERS AND PUBLISHERS.
1888.

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 89 of 186   Page ID #:1421

1874, ch. 250.

**99.** It shall not be lawful for any person in Kent county to carry, on the days of election, secretly or otherwise, any gun, pistol, dirk, dirk-knife, razor, billy or bludgeon; and any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and on conviction thereof before any justice of the peace of said county, shall be fined not less than five nor more than twenty dollars, and on refusal to pay said fine shall be committed by such justice of the peace to the jail of the county until the same shall be paid.

Ibid.

**100.** The fines collected under the preceding section shall be paid by the officer collecting the same, to the school commissioners of the county, for school purposes.

Ibid.

**101.** Any constable of said county, or the sheriff thereof, who shall refuse to arrest any person violating section 99, upon information of such offence, shall be deemed guilty of a misdemeanor, and on conviction thereof before the circuit court shall be fined not less than twenty nor more than fifty dollars, and shall forthwith be discharged from office.

## FENCES.

P. L. L., (1860,) art. 14, sec. 91.

**102.** Wherever joint fences have been or may be established in said county, for the mutual advantage of different owners or possessors of adjoining lands, each party shall keep in good repair his proper proportion thereof, in manner following, that is to say: all post and rail or plank fences shall be at least four feet six inches high, and not more than four inches between the lower and second, and not more than five inches between the second and third rails; and all worm or other fences shall be five feet high; the height of said fences to be in every case computed from the ground or base of any embankment upon which they may be erected.

Ibid. sec. 92.

**103.** If either of the parties so making or keeping a joint fence shall not comply with the provisions of the preceding

92

Compendium
Page 291

# Exhibit 91

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 91 of 186   Page ID #:1423

Sec. 5.  The clerks so appointed shall, before entering upon their duties, enter into bond, with two or more sufficient securities, in the sum of not exceeding five thousand dollars, payable to the state of Missouri, conditioned for the faithful performance of the duties devolved upon them by this act—said bond to be taken and the amount thereof fixed by the judge of the circuit court of the county in which such clerk shall be appointed; which bond shall be filed in the office of the clerk of the circuit court of said county, and may be sued on in the name of the state of Missouri, for the use of any one injured by the breach thereof.

Sec. 6.  This act to take effect and be in force from and after its passage.

Approved March 19, 1874.

---

## CRIMES AND MISDEMEANORS: Carrying Concealed Weapons.

### AN ACT to prevent the carrying of concealed weapons.

| SECTION | SECTION |
| --- | --- |
| 1.  Carrying concealed weapons in public assemblages prohibited. | 2.  Act to take effect immediately. |

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

Section 1.  Whoever shall, in this state, go into any church or place where people have assembled for religious worship, or into any school-room, or into any place where people may be assembled for educational, literary or social purposes, or to any election precinct on any election day, or into any court-room during the sitting of court, or into any other public assemblage of persons met for other than militia drill or meetings, called under the militia law of this state, having concealed about his person any kind of fire-arms, bowie-knife, dirk, dagger, slung-shot, or other deadly weapon, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not less than ten nor more than one hundred dollars, or by imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment: *Provided*, that this act shall not apply to any person whose duty it is to bear arms in the discharge of duties imposed by law.

Sec. 2.  This act shall take effect and be in force from and after its passage.

Approved March 26, 1874.

Generated on 2023-02-10 03:33 GMT  /  https://hdl.handle.net/2027/mdp.39015073225842
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google                    Original from
UNIVERSITY OF MICHIGAN

Compendium
Page 293

# Exhibit 92

same is hereby amended so as to read as follows: Section 56. Every person who shall willfully and maliciously break, destroy or injure the door or window of any dwelling house, shop, store, or other house or building, or sever therefrom, or from the gate, fence or inclosure, or any part thereof, any material of which it is formed, or sever from the freehold any produce thereof, or anything attached thereto, or pull down, injure or destroy any gate, post, railing or fence, or any part thereof, or cut down, lap, girdle, or otherwise injure or destroy any fruit or ornamental or shade tree, being the property of another, or who shall cut down, lap, girdle, or otherwise injure or destroy any ornamental or shade tree standing or growing on any common or public ground, or any street, alley, sidewalk or promenade, or who shall, without the consent of the owner, cut down, destroy or carry any timber or trees whatsoever, being on any land not his own, and not the property of the United States, or who shall buy or in any way receive any timber, wood or trees that shall have been cut down upon or carried away from the lands of another, without the consent of the owner thereof, knowing the same to have been so cut down or taken away as aforesaid, or who shall willfully break, destroy or injure any goods, wares, merchandise or other personal property of another, shall, upon conviction, be adjudged guilty of a misdemeanor.

Sec. 2. This act to take effect and be in force from and after its passage.

Approved March 18, 1875.

———

## CRIMES AND PUNISHMENTS: Carrying Concealed Weapons.

AN ACT to prevent the carrying of weapons in public assemblies of the people, and to repeal " An act to prevent the carrying concealed weapons," approved March 26, 1874.

| Section | Section |
|---|---|
| 1. General provisions ; penalty. | 3. Act to take effect. |
| 2. Inconsistent act repealed. | |

*Be it enacted by the General Assembly of the State of Missouri, as follows :*

Section 1. Whoever shall, in this state, go into any church or place where people have assembled for religious worship, or into any school room, or into any place where people be assembled for educational, literary or social purposes, or to any election precinct on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for other than militia drill, or meetings called under the militia law of this state, having upon or about his person any kind of fire arms, bowie knife, dirk, dagger, slung shot, or other deadly weapon, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by imprisonment in the county jail not to exceed six months, or by a fine

Generated on 2023-02-10 03:35 GMT / https://hdl.handle.net/2027/ucl.a000194006
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google          Original from
UNIVERSITY OF CALIFORNIA

**Compendium**
**Page 295**

not less than ten nor more than one hundred dollars, or by both such
fine and imprisonment: *Provided*, That this act shall not apply to
any person whose duty it is to bear arms in the discharge of duties
imposed by law.

SEC. 2. All acts and parts of acts inconsistent with this act are
hereby repealed.

SEC. 3. This act shall take effect and be in force from and after
its passage.

This bill having remained with the Governor ten days (Sundays
excepted), and the General Assembly being in session, it has become
a law this thirtieth day of March, A. D. eighteen hundred and sev-
enty-five.

MICH'L K. McGRATH, *Secretary of State.*

---

## ELECTIONS: REGULATING BALLOTS, POLL-BOOKS, ETC.

AN ACT to amend sections 14 and 17 of chapter 2 of the General Statutes of Missouri,
relating to elections, the same being sections 14 and 17 of chapter 51 of Wag-
ner's Statutes.

| SECTION | SECTION |
|---|---|
| 1. Ballots, how prepared. | 3. Inconsistent acts repealed. |
| 2. Ballots, how to be counted. | 4. Act to take effect. |

*Be it enacted by the General Assembly of the State of Missouri, as
follows :*

SECTION 1. That section fourteen of the above recited act be
amended so as to read as follows: Section 14. Each voter at any
election shall, in full view, deliver to one of the judges of election a
single ballot, which shall be a piece of white paper, on which shall be
written or printed the names of the persons voted for, with a designa-
tion of the office which he or they may be intended to fill: *Provided*,
That in counties having a population of one hundred thousand and
over, said ballot shall not bear upon it any device whatever, nor shall
there be any writing or printing thereon, except the names of per-
sons, and the designations of the office to be filled, leaving a margin
on either side of the printed matter for substituting names. Each bal-
lot may bear a plain written or printed caption thereon, composed of
not more than three words, expressing its political character, but on
all such ballots the said caption or headlines shall not, in any manner,
be designed to mislead the voter as to the name or names thereunder.
Any ballot not conforming to the provisions of this act shall be con-
sidered fraudulent, and the same shall not be counted.

SEC. 2. That section seventeen of the above recited act be
amended so as to read as follows: Section 17. After the poll-books
are signed in the manner hereinafter provided in the form of the poll-
books, the ballot boxes shall be opened and the tickets shall be taken

Generated on 2023-02-10 03:35 GMT  /  https://hdl.handle.net/2027/uc1.a0001940006
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google

# Exhibit 93

tered at large in the minute book, and said Council shall proceed to a reconsideration of such ordinance or resolution. If after such reconsideration two-thirds of all the members elected to said Council shall vote to pass such ordinance or resolution it shall become and be of as full force and effect as if said Chief Burgess had signed it; but in such cases the votes of the members of Council shall be determined by the yeas and nays, and the names of the members voting shall be entered on the minutes of said Council: *Provided,* That when the number of Councilmen is less than nine, a majority of Council and one vote more shall be required to pass an ordinance over the veto. If such ordinance or resolution shall not be returned by the Chief Burgess at the next regular meeting of said Council after the same shall have been presented to him, the same shall likewise become and be in as full force and effect as if he had signed it: *Provided,* That before any ordinance shall come into force and effect as aforesaid the same shall be recorded in the Borough ordinance book with the certificate of the secretary and be advertised as heretofore required by law.

*To be presented to chief burgess*

*Veto and passage over*

## PARADISE STREET.

*Ord. 25 Feb. 1875*

1. The width of  *  *  *  Paradise street from Nutts avenue to the Borough line  *  *  *  shall be  *  *  * forty feet.

*Ord. 26 Feb. 1877. § 4*

2. Ordained  *  *  *  that Paradise street begin at a limestone in Nutts avenue, a corner of lands of Benjamin Moyer and Joseph Rapp, thence south thirty-two and one-half degrees west 508 feet six inches to an iron monument planted to indicate the centre of Pennsylvania avenue, thence the same course 250 feet to the centre of Chester avenue, thence the same course continued 250 feet to the centre of Columbia avenue, thence the same course continued 980 feet six inches to a spike at the Borough line.

## PARK ALLEY.

*Ord. 23 Sept. 1874*

1. Ordained, etc., that an alley twenty feet wide 150 feet east of Main street, dedicated by the Phoenix Iron Company to the use of the public, running in a parallel line with Main street from Washington avenue to Second ave-

*Dedicated and accepted*

nue, be and the same is hereby accepted and ordered to be marked on the Borough plot.

2. Park alley be and is hereby continued from Third <span>Ord. 5 Aug., 1895</span> avenue south to Fifth avenue, the centre line of said alley to be 190 feet east of the centre line of Main street, said <span>Continued</span> alley to be twenty feet wide, or ten feet on each side of above described centre line.

3. The owners of lots or lands bounding on and oppo- <span>Ord. 3 Aug., 1886</span> site the sidewalks along * * * both sides of Park alley from Washington avenue to Second avenue * * * are hereby required to put up curbstones at the <span>Curb, pave and gutter</span> edge of the sidewalks and to pave and gutter the said side-walks under the direction of the Borough Surveyor and the Street Committee. * * *

[If neglected after thirty days' notice Street Committee to have work done and file lien therefor. See Quick street § 4.]

# PARKS.

1. The following rules and regulations shall be adopted <span>Ord. 2 July, 1878</span> for the government and protection of Reeves Park, in the Borough of Phoenixville:

### SECTION I, PENAL.

1. No person shall enter or leave the park except by <span>Rules of Reeves' Park</span> such gates or avenues as may be for such purposes ar-ranged.

2. No person shall indulge in any threatening, abusive, insulting or indecent language in the park.

3. No person shall engage in gaming or commit any obscene or indecent act in the park.

4. No person shall carry fire-arms or shoot birds or throw stones or other missiles therein.

5. No person shall cut, break or in anywise injure or deface the trees, shrubs, plants, turf or any of the build-ings, seats, fences, lamps or statuary in the park.

6. No person shall turn cattle, goats, swine, horses, dogs or other animals loose into the park.

7. No person shall injure, deface or destroy any notices, rules or regulations posted, or in any other manner per-manently fixed for the government of the park.

8. No person shall engage in any play at baseball,

Digitized by Google

# Exhibit 94

Case 8:23-cv-01798-CJC-ADS Document 21-2 Filed 11/03/23 Page 99 of 186 Page ID
#:1431

# LAWS AND ORDINANCES

GOVERNING THE

# VILLAGE OF HYDE PARK

TOGETHER WITH ITS

## CHARTER AND GENERAL LAWS

AFFECTING MUNICIPAL CORPORATIONS; SPECIAL ORDINANCES AND
CHARTERS UNDER WHICH CORPORATIONS HAVE VESTED RIGHTS
IN THE VILLAGE. ALSO, SUMMARY OF DECISIONS OF THE
SUPREME COURT RELATING TO MUNICIPAL CORPO-
RATIONS, TAXATION AND ASSESSMENTS.

PRINTED AND PUBLISHED BY
AUTHORITY OF THE PRESIDENT AND BOARD OF TRUSTEES
OF THE VILLAGE OF HYDE PARK.

REVISED AND ARRANGED
By CONSIDER H. WILLETT,

VILLAGE ATTORNEY.

CHICAGO
HISTORICAL
SOCIETY

HYDE PARK:
1876.

SOUTH PARK.                    309

§ 2.   The bonds authorized to be issued by the act of which this is amenda-
tory and supplemental, may be issued, sold, and the proceeds applied for acquir-
ing said lands, and for any and all purposes in the said act mentioned.   Said
bonds shall be retired and canceled as fast as the money for that purpose can
be obtained, by the collection of the money due upon the special assessment
provided for in section seven of the act hereinbefore mentioned, and a sufficient
amount of any bonds that may be issued by the city of Chicago under any law
now in force or hereinafter enacted, and received by said commissioners, shall
be applied to the purpose of retiring the bonds authorized by said act.

§ 3.   The ninth section of said act is hereby so amended that the words
"during the current year," shall read "during the next succeeding year."

§ 4.   That the twelfth section of said act be and the same is hereby amended
so as to read as follows : The said commissioners, or either of them, may be
removed from office by the judge of the circuit court of Cook county, upon the
petition presented to him in term time, or in vacation, by one hundred free-
holders of said towns of South Chicago, Hyde Park and Lake, if it shall appear
after hearing proof before said judge, that the said commissioners, or either of
them, have been guilty of misdemeanor or malfeasance in office under this act ;
and if the said judge shall remove any one or more of said commissioners from
office for any cause before the expiration of their term of office, he is hereby
authorized and empowered to fill the vacancy or vacancies thus created by
appointing other commissioners in their place, who shall serve during the unex-
pired terms of the commissioners so removed.

§ 5.   The commissioners to be appointed under said act are hereby vested
with the same powers and duties as are conferred by said act in relation to lands
designated for parks, over all streets running longitudinally along and adjoining
any and all of the proposed parks, or strips of land designated in said original
act, as are conferred by said act in relation to such parks and strips of land, as
may be necessary to improve and keep in repair the same, in connection with the
said parks or strips of land without obstructing the fences or other structures,
free access to the said streets from existing roads and streets, and by owners of
land abutting on the same.

§ 6.   The elections held in the towns of South Chicago, Hyde Park and Lake,
on the twenty-third day of March, A. D. 1869, under and by virtue of the eigh-
teenth section of the act to which this is an amendment, are hereby legalized and
confirmed, and said act shall be held and deemed to have been regularly and
legally adopted by the legal voters of said towns, and shall remain in full force
and effect, and shall be liberally construed in all courts, with a view to carry out
and enforce the intent and meaning of the same.

§ 7.   This act is hereby declared a public act, and shall take effect and be
in force from and after its passage.


SOUTH PARK ORDINANCES.

Whereas, by an act of the general assembly of the State of Illinois, entitled
an act to provide for the location and maintenance of a park for the towns of
South Chicago, Hyde Park and Lake, it is provided as follows, to-wit :

Compendium
Page 302

"The said board shall have full and exclusive powers to govern, manage and direct said park ; to lay out and regulate the same ; to pass ordinances for the regulation and government thereof ; to appoint such engineers, surveyors, clerks, and other officers, including a police force, as may be necessary ; to define and prescribe their respective duties and authority ; to fix the amount of their compensation ; and, generally, in regard to said park, they shall possess all the powers and authority now by law conferred upon or possessed by the common council of the city of Chicago, in respect to public squares and places in said city."

*Therefore, be it ordained by the South Park Commissioners as follows:*

§ 1.   The said park, which is under the management and direction of the South Park Commissioners, shall be, and the same is hereby designated, as the South Park.

§ 2.   No person shall, without the consent of the superintendent, play at ball, cricket, or any other game or play whatever, in said park.

§ 3.   No person shall climb or walk upon any wall or fence of said park.

§ 4.   Cattle, horses, goats, swine, or other animals, or domestic fowls, shall not be turned into said park, or allowed to run at large therein.

§ 5.   No dog or bitch, or domestic fowl, belonging to any officer or employee of said commissioners residing within the limits of said park, shall be permitted to run at large.

§ 6.   All persons are forbidden to carry fire arms, or to throw stones or other missiles within said park.   All persons are forbidden to cut, break, or in any way injure or deface the trees, shrubs, plants, turf, or any of the buildings, fences, bridges, or other construction or property within or upon said park.

§ 7.   No person shall converse with, or in any manner hinder those engaged in constructing or repairing said park.

§ 8.   No animal shall be driven or ridden in said park, at a rate of speed exceeding eight miles per hour.

§ 9.   No vehicle, or horse, or other animal, shall be permitted on the foot walks, the same being assigned exclusively to pedestrians ; nor shall any vehicle, or horse or other animal of burden, go or be taken upon any part of said park, except upon the carriage drives and upon such places as are appropriated for carriages at rest.

§ 10.   No vehicles or animals shall be permitted to stand upon the drive or carriage roads of said park, or of any part thereof, to the obstruction of the way, or the inconvenience of travel ; nor shall any person solicit passengers within said park without consent of the board.

§ 11.   No person shall, within said park, expose for sale any article or thing, nor shall any hawking or peddling be allowed therein.

§ 12.   No omnibus, wagon, cart, dray, truck, or other vehicle for carrying goods, merchandise, manure, or other articles, except such as are engaged in repairing or constructing said park, shall be allowed to enter the same.

§ 13.   No language, abusive, insulting, obscene, or calculated to occasion a breach of the peace, shall be permitted in said park, nor shall persons tell fortunes, play at any game of chance, at any table or instrument, be drunk, or do any indecent acts therein.

# Exhibit 95

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 103 of 186   Page ID #:1435

## CHAPTER 147.

### STATE UNIVERSITY.

H. F. 211.

AN ACT to Repeal Section 1587, Chapter 2, Title 12 of the Code, Relating to the State University, and to Enact a Substitute therefor.

*Be it enacted by the General Assembly of the State of Iowa:*

Code, §1587 repealed.

SECTION 1.   That section 1587, chapter 2, title 12 of the Code be and the same is hereby repealed and the following enacted in lieu thereof :

Board of regents.

Section 1587.   The university shall be governed by a board of regents consisting of the governor of the state, who shall be president of the board by virtue of his office, the superintendent of public instruction, who shall be a member by virtue of his office and the president of the university, who shall also be a member by virtue of his office, together with one person from each congressional district of the state who shall be elected by the general assembly.

Approved March 17, 1876.

—————

## CHAPTER 148.

### TO PUNISH INTERFERENCE WITH THE PROPERTY OF RAILROAD COMPANIES.

S. F. 211.

AN ACT to Diminish Liability to Railroad Accidents and to Punish interference with, and injury to the Property of Railroad Companies.

*Be it enacted by the General Assembly of the State of Iowa:*

Discharging fire-arms &c. at railroad train.

SECTION 1.   If any person shall throw any stone, or other substance of any nature whatever, or shall present or discharge any gun, pistol, or other fire arm at any railroad train, car, or locomotive engine he shall be deemed guilty of a misdemeanor and be punished accordingly.

Jumping off cars while in motion.

SEC. 2.   If any person not employed thereon, or not an officer of the law in the discharge of his duty, without the consent of the person having the same in charge, shall get upon, or off, any locomotive engine, or car of any railroad company, while said engine or car is in motion, or elsewhere than at the established depots of such company, or who shall get upon, cling to, or otherwise attach himself to any such engine or car, for the purpose of riding upon the same, intending to jump therefrom, when such engine or car is in motion, he shall be guilty of a misdemeanor and be punished by fine not exceeding $100, or by imprisonment not exceeding thirty days.

Approved March 17, 1876.

Compendium
Page 305

# Exhibit 96

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 105 of 186   Page ID #:1437

## ARTICLE IV.

SECTION
1.  Recorder, jurisdiction of : his duties ; who shall act when absent.
2.  Vacancy in office of recorder, how filled.
3.  Recorder's court, where and when held.
4.  Title of prosecutions ; duty of recorder ; when complaint shall be in writing ; when judgment may be rendered.
5.  Recorder shall deliver books and papers to successor.
6.  Warrants issued, how directed and executed ; fees for making service ; deputy may be appointed.
7.  Persons brought before recorder, his duty ; penaly for refusing to enter into recognizance.
8.  Forfeiture of recognizance, duty of mayor.
9.  When offense against criminal law appears, duty of recorder.
10. Duty of recorder to summons witnesses and enforce attendance ; fees to witness.
11. When trial shall be continued ; witness notified to attend.

SECTION
12. When defendant is found guilty, duty of recorder.
13. When defendant may be discharged.
14. Appeals, how taken.
15. When judgment may be rendered against complainant.
16. Recorder may administer oaths ; may enforce obedience and imprison for contempt.
17. List of cases before recorder, when and how made ; when filed with clerk ; duty of clerk and marshal.
18. Chief of police, authority and duty of.
19. Policemen, powers and duty of.
20. Marshal subject to orders of mayor only ; policemen subject to orders of mayor and marshal only.
21. Complaints against marshal to be laid before council.
22. Powers and duties of officers where defined by ordinance.
23. Violation of this act, misdemeanor.
24. Penalty for voting for or allowing fraudulent claims.
25. Inconsistent acts repealed.

*Be it enacted by the General Assembly of the State of Missouri, as follows :*

## ARTICLE I.

SECTION 1.   Any city of the third class in this State may become a body corporate under the provisions of this act, in manner provided by law, under the name of the city of ............, and by that name shall have perpetual succession ; may sue and be sued ; implead and be impleaded ; defend and be defended in all courts of law and equity, and in all actions whatsoever ; may receive and hold property, both real and personal, within such city, and may purchase, receive and hold real estate outside such city for the burial of the dead of such city, and may lease, sell or otherwise dispose of the same ; may receive bequests, gifts and donations of all kinds of property, and may have and hold one common seal, and may break, change or alter the same at pleasure, and all courts of this State shall take judicial notice thereof.

SEC. 2.   The jurisdiction of any city which shall organize under the provisions of this act shall not in anywise be affected or changed in consequence of such reorganization, but the limits, wards and boundaries of such city shall remain, after such change of organization, the same as at the time of such organization, and all laws or parts of laws or ordinances not inconsistent with this act, which were in operation in such city prior to its organization, shall continue to be in full force until repealed. The mayor and council of such city, with the consent of a majority of the legal voters of such city, voting at an election therefor, shall have power to extend the limits of the city over territory adjacent thereto, and shall, in every case, have power,

Generated on 2023-10-25 17:21 GMT  /  https://hdl.handle.net/2027/uc1.a0001940014
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google        Original from
UNIVERSITY OF CALIFORNIA

**Compendium Page 307**

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 106 of 186   Page ID #:1438

quarantine laws for that purpose, and to enforce the same within five miles of the city.

SEC. 23.   The council may prohibit and punish the carrying of firearms and other deadly weapons, concealed or otherwise, and may arrest or imprison, fine or set to work all vagrants and persons found in said city without visible means of support or some legitimate business.

SEC. 24.   The council shall have power to regulate levees, depots, depot grounds and places for storing freight and goods, and to provide for the passage of railways through the streets and public grounds of the city; also to regulate the crossing of railway tracks, and to provide precautions and prescribe rules regulating the same, and to regulate the running of railway engines, cars and tracks within the limits of the city, and to prescribe rules relating thereto, and to govern the speed thereof, and to make any rules or restrictions to prevent accidents at crossings and on the tracks of railways, and to prevent fires from engines.

SEC. 25.   Private property may be taken for public use or for the purpose of creating or establishing market houses or market places, or for any other necessary purpose; but in every case the city shall make the person or persons whose property shall be taken or injured thereby, adequate compensation therefor, to be determined by the assessment of five disinterested freeholders of the city, who shall, in discharge of their duties, act under oath, faithfully and impartially make the assessment to them submitted; and in determining the same said freeholders shall consider the benefit resulting to as well as the damage sustained by the owner of the property so taken.   Appeals may be taken from the decision of said freeholders in the same manner and within the same time as from judgments of a justice of the peace.

SEC. 26.   For any purpose or purposes mentioned in the preceding sections, the council shall have power to enact and make all necessary ordinances, rules and regulations; and they shall also have power to enact and make all such ordinances, by-laws, rules and regulations, not inconsistent with the laws of the State as may be expedient for maintaining the peace and good government and welfare of the city and its trade and commerce; and all ordinances may be enforced by prescribing and inflicting upon its inhabitants or other persons violating the same such fine, not exceeding one hundred dollars, and such imprisonment, not exceeding three months, or both such fine and imprisonment as may be just for any offense, recoverable, with costs of suit, together with judgment of imprisonment, until the fine and costs are paid or satisfied, and any person committed for the non-payment of fine and costs, or either, while in custody, may be compelled to work on the streets, alleys, avenues and public grounds of the city, under the direction of the proper officer, and at such rate per day as the council may by ordinance prescribe, until such fine and costs are satisfied.

SEC. 27.   Before the city council shall make any contract for building bridges or sidewalks, or for any work on streets, or for any other work or improvements, an estimate of the cost thereof shall be made by the proper officer and submitted to the council, and no contract shall be entered into for any work or improvements for a price exceeding such estimate.

SEC. 28.   All claims against the city must be presented in writing, with full account of the items, and verified by the oath of the claimant or his agent that the same is correct, reasonable and just,

Generated on 2023-10-25 17:21 GMT  /  https://hdl.handle.net/2027/uc1.a0001940014
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google          Original from
UNIVERSITY OF CALIFORNIA

# Exhibit 97

# ACTS

### AND

## JOINT RESOLUTIONS

PASSED BY

# THE GENERAL ASSEMBLY

OF THE

## STATE OF VIRGINIA

DURING THE

## SESSION OF 1877-78.

RICHMOND:
R. F. WALKER, SUPERINTENDENT PUBLIC PRINTING.
1878.

304                                  ACTS OF ASSEMBLY.

Penalty

ished by a fine not exceeding one hundred dollars, or by imprisonment in jail not exceeding six months.

### Cruelty to animals; profanity and drunkenness.

Cruelty to animals

Penalty

15. If a person cruelly beat or torture any horse, animal or other beast, whether his own or that of another, he shall be fined not exceeding fifty dollars.

Profanity and drunkenness

Penalty

16. If any person, arrived at the age of discretion, profanely curse or swear, or get drunk, he shall be fined by a justice one dollar for each offence.

### Violation of the Sabbath.

Violation of Sabbath

Penalty

17. If a person, on a Sabbath day, be found laboring at any trade or calling, or employ his apprentices or servants in labor or other business, except in household or other work of necessity or charity, he shall forfeit two dollars for each offence; every day any servant or apprentice is so employed constituting a distinct offence.

### Exceptions as to the mail, and as to certain persons.

Transportation of mail excepted
Exception as to certain religionists

Proviso

18. No forfeiture shall be incurred under the preceding section for the transportation on Sunday of the mail, or of passengers and their baggage. And the said forfeiture shall not be incurred by any person who conscientiously believes that the seventh day of the week ought to be observed as a Sabbath, and actually refrains from all secular business and labor on that day: provided he does not compel an apprentice or servant, not of his belief, to do secular work or business on Sunday, and does not on that day disturb any other person.

Sale of intoxicating liquors prohibited between certain hours

Penalty

Proviso

19. No bar-room, saloon, or other place for the sale of intoxicating liquors, shall be opened, and no intoxicating bitters or other drink shall be sold in any bar-room, restaurant, saloon, store, or other place, from twelve o'clock on each and every Saturday night of the week, until sunrise of the succeeding Monday morning; and any person violating the provisions of this section, shall be deemed guilty of a misdemeanor, and, if convicted, shall be punished by fine not less than ten nor more than five hundred dollars; and shall, moreover, at the discretion of the court, forfeit his license: provided that this law shall not apply to any city having police regulations on this subject, and an ordinance inflicting a penalty equal to the penalty inflicted by this section.

Disturbance of religious worship

Penalty

20. If a person willfully interrupt or disturb any assembly met for the worship of God, or being intoxicated, if he disturb the same, whether willfully or not, he shall be confined in jail not more than six months, and fined not exceeding one hundred dollars, and a justice may put him under restraint during religious worship, and bind him for not more than one year to be of good behavior.

21. If any person carrying any gun, pistol, bowie-knife, dagger, or other dangerous weapon, to any place of worship while a meeting for religious purposes is being held at such place, or without good and sufficient cause therefor, shall carry any such weapon on Sunday at any place other than his own premises, shall be fined not less than twenty dollars. If any offence under this section be committed at a place of religious worship, the offender may be arrested on the order of a conservator of the peace, without warrant, and hold him until warrant can be obtained, but not exceeding three hours. It shall be the duty of justices of the peace, upon their own knowledge, or upon the affidavit of any person, that an offence under this section has been committed, to issue a warrant for the arrest of the offender. *Carrying dangerous weapons at a place of worship or on Sunday* *Penalty* *Offenders subject to arrest without warrant* *Duty of Justice where he knows of offence under this section*

### Protection of religious assemblies; prohibition against sale of liquors or other things near such meetings; proviso.

22. If any person shall erect, place, or have any booth, stall, tent, carriage, boat, vessel, vehicle, or other contrivance whatever, for the purpose or use of selling, giving, or otherwise disposing of any kind of spirituous and fermented liquors, or any other articles of traffic; or shall sell, give, barter, or otherwise dispose of any spirituous or fermented liquors, or any other articles of traffic within three miles of any camp-meeting, or other place of religious worship, during the time of holding any meeting for religious worship at such place, such person, on conviction before a justice of the peace, for the first offence, shall be fined not less than ten dollars, nor more than twenty dollars, and stand committed to jail until the fine and costs are paid; and for the second offence, shall be fined as aforesaid, and be imprisoned not less than ten nor more than thirty days. *Sale of liquors, &c., prohibited* *Penalty* *Penalty for second offence*

23. If any person shall commit any offence against the provisions of the preceding section, he shall, in addition to the penalties therein mentioned, forfeit all such spirituous or fermented liquors, and other articles of traffic, and all the chests and other things containing the same, belonging to and in the possession of the person so offending, together with such booth, stall, tent, carriage, boat, vessel, vehicle, or other contrivance or thing prepared and used in violation of said section; and it shall be the duty of any sheriff, deputy sheriff, or constable, if he sees any person violating the preceding section, to arrest the offender and carry him before a justice of the peace. The sheriff, deputy sheriff, or constable, when he arrests the offender, shall seize the property hereby declared to be forfeited, or shall seize the same on a warrant against the offender, if such offender cannot be found; and the justice of the peace before whom such offender is convicted, or before whom the warrant is returned that the offender cannot be found, shall enter judgment of condemnation against such property, and issue a fieri facias for the *Additional penalty* *Duty of sheriffs, &c., to arrest offender and seize the property* *Judgment of condemnation*

39

306                    ACTS OF ASSEMBLY.

**Fi. fa. to issue**
**Proviso**

sale thereof: provided the person who has been returned not found, and whose property has been condemned in his absence, may appear at any time before the sale of the property and have the case tried as if he had appeared at the return of the warrant.

**To whom provisions not to apply**

24. The provisions of the two preceding sections shall not apply to any licensed tavern-keeper, merchant, shop-keeper, farmer, or other person in the usual and lawful transaction of his ordinary business, in the usual place of transacting such business, or to any person having permission, in writing from the superintendent of such meeting, to sell such articles

**Proviso**

as may be named in such permission: provided this permission shall not extend to the sale of any spirituous or fermented liquors.

### Right of appeal.

**Right of appeal preserved**

25. Nothing in this chapter shall prevent the courts of record from exercising their common law or statutory jurisdiction in all cases for disturbing public worship: provided

**Proviso**

that the party convicted under the twenty-second or twenty-third sections of this chapter shall have the right to appeal to the next county court for the county where the conviction is had, upon giving bail for his appearance at court, and upon such appeal shall be entitled to a trial by jury: and

**Persons proceeded against not subject to answer before grand jury**

provided further, that when any person or persons are proceeded against under the twenty-second or twenty-third sections of this chapter, he or they shall not be held to answer for the same offence before any grand jury or court of record, except as herein provided.

### Temporary police force for religious meetings.

**Temporary police authorized**

26. The supervisor, or any justice of the magisterial district where the meeting is held, shall have power to appoint a temporary police to enforce the provisions of this chapter.

---

## CHAPTER VIII.

### OF OFFENCES AGAINST PUBLIC HEALTH.

### Selling unsound provisions.

**Sale of unsound provisions**

1. If a person knowingly sell any diseased, corrupted, or unwholesome provisions, whether meat or drink, without making the same known to the buyer, he shall be confined

**Penalty**

in jail not more than six months, and fined not exceeding one hundred dollars.

# Exhibit 98

[CONTINUED NEXT WEEK.]

## LAWS OF THE
## STATE OF MISSISSIPPI

[PUBLISHED BY AUTHORITY.]

AN ACT to prevent the carrying of concealed weapons, and for other purposes.

Section 1. Be it enacted by the Legislature of the State of Mississippi, That any person, not being threatened with, or having good and sufficient reason to apprehend an attack, or traveling (not being a tramp,) or setting out on a journey, or peace officer, or deputies in discharge of their duties, who carries concealed in whole or in part, any bowie knife, pistol, brass knuckles, sling shot or other deadly weapon of like kind or description, shall be deemed guilty of a misdemeanor, and on conviction, shall be punished for the first offence by a fine of not less than five dollars nor more than one hundred dollars, and in the event the fine and cost are not paid shall be required to work at hard labor under the direction of the board of supervisors or of the court, not exceeding two months, and for the second or any subsequent offence, shall, on conviction, be fined not less than fifty nor more than two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor not exceeding six months under the direction of the board of supervisors, or of the court. That in any proceeding under this section, it shall not be necessary for the State to allege or prove any of the exceptions herein contained, but the burden of proving such exception shall be on the accused.

Sec. 2. Be it further enacted, That it shall not be lawful for any person to sell to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any weapon of the kind or description in the first section of this act described, or any pistol cartridge, and on conviction shall be punished by a fine not exceeding two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor under the direction of the board of supervisors or of the court, not exceeding six months.

Sec. 3. Be it further enacted, That any father, who shall knowingly suffer or permit any minor son under the age of sixteen years, to carry concealed, in whole or in part, any weapon of the kind or description in the first section of this act described, shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor under the direction of the board of supervisors, or of the court.

Sec. 4. Be it further enacted, That any student of any university, college or school, who shall carry concealed, in whole or in part, any weapon of the kind or description in the first section of this act described, or any teacher, instructor, or professor who shall, knowingly, suffer or permit any such weapon to be carried by any student or pupil, shall be deemed guilty of a misdemeanor, and, on conviction, be fined not exceeding three hundred dollars, and if the fine and costs are not paid, condemned to hard labor under the direction of the board of supervisors or of the court.

Sec. 5. Be it further enacted, That each justice of the peace before whom a conviction is had, shall, in addition to the costs now allowed by law, be entitled to a tax fee of two dollars and a half.

Sec. 6. Be it further enacted, That immediately after the passage of this act, the Secretary of State shall transmit a copy to each circuit judge in the State, who shall cause the same to be read in open court on the day for the calling of the State docket of the court.

Sec. 7. Be it further enacted, That this act take effect from and after its passage.

Approved, February 28, 1878.

Copyright © 2023 Newspapers.com. All Rights Reserved.

# Exhibit 99




DATE DOWNLOADED: Wed Nov  1 11:16:29 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
R.H.; Cobb Clark, T.R.R.; Irwin, D. Code of the State of Georgia (4).

ALWD 7th ed.
Clark, R.H.; Cobb, T.R.R.; Irwin, D. Code of the State of Georgia (4).

APA 7th ed.
Clark, R. (4). Code of the State of Georgia. Atlanta, Ga, Jas. P. Harrison & Co.

Chicago 17th ed.
Clark R.H.; Cobb, T.R.R.; Irwin, D. Code of the State of Georgia. Atlanta, Ga, Jas.
P. Harrison & Co.

McGill Guide 9th ed.
R.H.; Cobb Clark, T.R.R.; Irwin, D., Code of the State of Georgia (Atlanta, Ga: Jas.
P. Harrison & Co., 4)

AGLC 4th ed.
R.H.; Cobb Clark, T.R.R.; Irwin, D., Code of the State of Georgia (Jas. P. Harrison &
Co., 4

MLA 9th ed.
Clark, R.H., et al. Code of the State of Georgia. Atlanta, Ga, Jas. P. Harrison & Co.
HeinOnline.

OSCOLA 4th ed.
Clark, R.H.; Cobb, T.R.R.; Irwin, D. Code of the State of Georgia. Atlanta, Ga, Jas.
P. Harrison & Co.          Please note: citations are provided as a general
guideline. Users should consult their preferred citation format's style manual for
proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

Offenses against the public peace and tranquility.

and considered the author himself, and be indicted and punished as such; and may, moreover, be punished for a contempt of the Court, as any other witness refusing to testify.

§4523. (4450.) (4409.) *The truth is evidence.* In all cases of indict-§2979. ment for a libel, or for slander, the person prosecuted shall be allowed to give the truth in evidence.

§4524. (4451.) (4410.) *Forcible entry.* Forcible entry is the violently §4085 *et seq.* taking possession of lands and tenements with menaces, force and arms, and without authority of law.

The prosecutor dispossessed, or from whom possession detained, a competent witness: 24 Ga., 191. The force must be private, not public, and when the entry under legal process by landlord was not within the terms of this section: 61 Ga., 496.

2 Whart. Cr. Law, §2013; 2 Bish. *Ib.*, §463; 2 Arch. Cr. Pr. and Pl., 1128.

§4525. (4452.) (4411.) *Forcible detainer.* Forcible detainer is the vio-§4085 *et seq.* lently keeping possession of lands and tenements with menaces, force and arms, and without authority of law.

Section cited: 43 Ga., 433.

§4526. (4453.) (4412.) *Punishment for forcible entry or detainer.* Any person who shall be guilty of a forcible entry, or a forcible detainer, or both, may be indicted, and, on conviction, shall be punished by fine or imprisonment in the common jail of the county, or both, at the discretion of the Court; and the Court before whom the conviction takes place shall cause restitution of possession of the premises to be made to the party aggrieved: *Provided, always,* that if the party forcibly detaining lands and tenements, or those under whom he claims, shall have been in peaceable possession of the same for the space of three years or more, immediately preceding the filing of the complaint, such person or party shall not be subject to the penalties of this section, nor shall restitution of possession be made: *and provided, also,* that the only questions to be submitted to and determined by the jury in trials for forcibly entry, or forcible detainer, shall be the possession and the force, without regard to the merits of the title on either side.

§4527. (4454.) (4413.) *Carrying concealed weapons.* Any person hav-Act of 1837, ing or carrying about his person, unless in an open manner and fully C. p. 848. exposed to view, any pistol (except horseman's pistol), dirk, sword in a -2, p. 269. cane, spear, bowie knife, or any other kind of knives manufactured (a) Acts of and sold for the purpose of offense and defense, shall be guilty of a 233. misdemeanor, and, on conviction, shall be punished as prescribed in section 4310 of this Code.

Constitutionality of the Act of 1837: 1 Ga., 243 251. Act of 1851-2 did not repeal section 4570: 12 Ga., 1. If weapons carried so that others could see and know it was a pistol or weapon, it was no violation of the Act of 1851-2, although some part of it concealed from view: 32 Ga., 225. Otherwise if so far concealed, although partially exposed to view, so that it could not be readily seen and recognized as a pistol: 32 Ga., 292. Carrying concealed weapons is not always in law evidence of malice: 33 Ga., 303. When cannot prove defendant's custom to carry weapons exposed to view, on a charge of having concealed weapons at a certain time and place: 36 Ga., 242. As to the strict enforcement of this part of the criminal law: 31 Ga., 420-421. Army repeaters and horseman's pistols on the same footing, but not when carried concealed: 44 Ga., 221-2. When no evidence of motive in putting pistol in defendant's pocket: 46 Ga., 294. The Court should not express an opinion on the facts; counsel can present their view of the law and the facts to the jury: 10 Ga., 213; 56/503. Sufficient evidence to sustain the verdict of guilty: 52 Ga., 40. Continuance, evidence: 61 Ga., 481. When mainspring of the weapon disabled so as to prevent its discharge, was no excuse: 61 Ga., 417. Where no legal jeopardy, and newly discovered evidence not a ground for new trial: 60 Ga., 601.

2 Bish. Cr. Law, §120; 2 Whart. *Ib.*, §2496; 25 Am. R., 561-3, n. Pistols, one unloaded and one without tube, not weapons: 36 Am. R., 15.

§4528. *Deadly weapons not to be carried to public places.* No person in (a) Acts of this State is permitted or allowed to carry about his or her person, any 1870, p. 421. dirk, bowie knife, pistol or revolver, or any kind of deadly weapon to -9, p. 64. any Court of justice, or any election ground or precinct, or any place of

Offenses against the public peace and tranquility.

public worship, or any other public gathering in this State, except
militia muster-grounds ; and if any person or persons shall violate any
portion of this section, he, she or they shall be guilty of a misdemeanor,
and, upon conviction, shall be punished by a fine of not less than twenty
nor more than fifty dollars for each and every such offense, or impris-
onment in the common jail of the county not less than ten nor more
than twenty days, or both, at the discretion of the Court : *Provided*, that
this section shall not apply to any Sheriff, deputy Sheriff, coroner, con-
stable, marshal, policeman, or other arresting officer or officers in this
State or their posses, acting in the discharge of their official duties.

Indictment sufficient, and this law not unconstitutional: 53 Ga., 472. What is a
deadly weapon : 30 Ga., 138 ; 41/155 ; 15/223.

§4528. (a.) *Pointing weapon at another.* Any person who shall inten-
tionally point or aim a gun or pistol, whether loaded or unloaded, at
another, not in a sham battle by the military, and not in self-defense,
or in defense of habitation, property or person, or other instances stand-
ing upon like footing of reason and justice, shall be guilty of a misde-
meanor, and, upon conviction thereof, shall be punished as prescribed
in section 4310 of this Code.

Acts of 1880
-1, p. 151.

§4529. (4455.) (4414.) *Other offenses against public peace.* All other of-
fenses against the public peace, not provided for in this Code, shall be
prosecuted and indicted as heretofore, and the punishment in every such
case, shall be [as prescribed in section 4310 of this Code.] (a.)

(a) Acts of
1865-6, p.
233.

Section cited : 53 Ga., 127.

# Exhibit 100

# LAWS.

### OF THE

# STATE OF MISSISSIPPI,

## PASSED AT A REGULAR SESSION

### OF THE

# MISSISSIPPI LEGISLATURE,

### HELD IN THE

## CITY OF JACKSON,

Commencing Jan. 8th, 1878, and Ending March 5th, 1878.

### PRINTED BY AUTHORITY.

JACKSON, MISS.:
POWER & BARKSDALE, STATE PRINTERS,
1878.

Case 8:23-cv-01798-CJC-ADS  Document 21-2  Filed 11/03/23  Page 120 of 186  Page ID
#:1452

175

## CHAPTER XLVI.

AN ACT to prevent the carrying of concealed weapons,
and for otuer purposes.

SECTION 1. *Be it enacted by the Legislature
of the State of Mississippi,* That any person,
not being threatened with, or having good and
sufficient reason to apprehend an attack, or
traveling (not being a tramp) or setting out
on a journey, or peace officers, or deputies in
discharge ot their duties,who carries concealed.
in whole or in part, any bowie knife, pistol,
brass knuckles, slung shot or other deadly
weapon of like kind or description, shall be
deemed guilty of a misdemeanor, and on con-
viction, shall be. punished for the first offence
by a fine of not less than five dollars nor more
than one hundred dollars, and in the event the
fine and cost are not paid shall be required to
work at hard labor under the direction of the
board of supervisors or of the court, not
exceeding two months, and for the second or
any subsequent offence, shall, on conviction,
be fined not less than fifty nor more than two
hundred dollars, and if the fine and costs are
not paid, be condemned to hard labor not
exceeding six months under the direction of
the board of supervisors, or of the court.
That in any proceeding under this section, it
shall not be necessary for the State to allege
or prove any of the exceptions herein contain-
ed, but the burden of proving such exception
shall be on the accused.

*When con-
cealed wea-
pons may be
carried.*

*Penalty for
carrying
weapons.*

*Burden of
proof on ac-
cused.*

SEC. 2. *Be it further enacted,* That it shall
not be lawful for any person to sell to any
minor or person intoxicated, knowing him to
be a minor or in a state of intoxication, any
weapon of the kind or description in the first
section of this Act described, or any pistol
cartridge, and on conviction shall be punished
by a fine not exceeding two hundred dollars,
and if the fine and costs are not paid, be con-
demned to hard labor under the direction of
the board of supervisors or of the court, not
exceeding six months.

*Minors, or
persons in-
toxicated.*

176                              LAWS OF THE

SEC. 3. *Be it further enacted,* That any father, who shall knowingly suffer or permit any minor son under the age of sixteen years to carry concealed, in whole or in part, any weapon of the kind or description in the first section of this Act described, shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor under the direction of the board of supervisors or of the court.

*Minor under 16 years.*

SEC. 4. *Be it further enacted,* That any student of any university, college or school, who shall carry concealed, in whole or in part, any weapon of the kind or description in the first section of this Act described, or any teacher, instructor, or professor who shall, knowingly, suffer or permit any such weapon to be carried by any student or pupil, shall be deemed guilty of a misdemeanor, and, on conviction, be fined not exceeding three hundred dollars, and if the fine and costs are not paid, condemned to hard labor under the direction of the board of supervisors or of the court.

*Students.*

SEC. 5. *Be it further enacted,* That each justice of the peace before whom a conviction is had, shall, in addition to the costs now allowed by law, be entitled to a tax fee of two dollars and a half.

*Tax fee of justice.*

SEC. 6. *Be it further enacted,* That immediately after the passage of this Act, the Secretary of State shall transmit a copy to each circuit judge in the State, who shall cause the same to be read in open court on the day for the calling of the State docket of the court.

*Act to be read in courts*

SEC. 7. *Be it further enacted,* That this Act take effect from and after its passage.

APPROVED, February 28, 1878.

# Exhibit 101

Newspapers by ancestry
https://www.newspapers.com/image/68084065

The State Journal (Jefferson City, Missouri) · Fri, Apr 12, 1878 · Page 2

Printed on Jun 25, 2023

## THE SUPREME COURT

### On Carrying Concealed Weapons.

[illegible]

### A Courageous Syracuse Girl.

[illegible]

Copyright © 2023 Newspapers.com. All Rights Reserved.

Powered by Newspapers

# Exhibit 102

SEC. 2.   The bonds authorized under this first section of this act, for the purpose of paying said temporary loan debt, shall be binding on the State of Indiana, and for the payment thereof, with interest thereon, the faith of the State is irrevocably pledged. *Such bonds shall be binding on State, and for payment thereof, her faith is irrevocably pledged.*

SEC. 3.   Any money, raised upon said bond, shall be paid into the State treasury, and shall be drawn out on the warrant of the Auditor of State, as in other cases. *Money borrowed on said bond shall be paid into State treasury, and how drawn out.*

SEC. 4.   An emergency exists for the immediate taking effect of this act, the same shall be in force from and after its passage. *Emergency.*

---

# CHAPTER XCVIII.

AN ACT to amend the twenty-second section of an act entitled "An act for the incorporation of towns, defining their powers, providing for the election of the officers thereof, and declaring their duties," approved June 11th, 1852.

## [APPROVED MARCH 31, 1879.]

SECTION 1.   *Be it enacted by the General Assembly of the State of Indiana,* That section twenty-two of an act entitled "An act for the incorporation of towns, defining their powers, providing for the election thereof and declaring their duties," approved June 11, 1852, be amended to read as follows: Section 22.   The board of trustees shall have the following powers: *Section 22 amended.* *Powers of Board of Trustees.*

*First.*   To have a common seal and alter the same. *Seal.*

*Second.*   To purchase, hold and convey any estate, real or personal, for the use of the corporation, so far as such purchase may be necessary to carry out the objects contemplated in this act. *To purchase, hold and convey real and personal property.*

*Third.*   To organize fire companies, to regulate their government and the times and manner of their exercise, to provide all necessary apparatus for the extinguishment of fires, to make owners of buildings provide ladders and fire buckets, which are hereby declared to be appurtenances to the real estate, and exempt from execution, seizure or sale; and if the owner shall refuse to procure suitable ladders or fire buckets, after reasonable notice, the trustees may procure and deliver the same to him, and in default of payment therefor, may recover of said owner the value of such ladder or fire buckets, by suit before any justice of the peace in the proper township, and costs accrued thereby; to regulate the storage of gunpowder and other dangerous material; to direct the construction of a place of safe deposit of ashes, *Fire companies and apparatus.* *Ladders and fire buckets.* *Gunpowder and ashes.*

Generated on 2023-10-25 17:00 GMT  /  https://hdl.handle.net/2027/mdp.39015074211643
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google        Original from UNIVERSITY OF MICHIGAN

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 127 of 186   Page ID #:1459

and may, under any order by them entered upon the proper book of the board, visit, or appoint one or more fire wardens to visit and examine, at all reasonable hours, dwelling houses, lots, yards, inclosures and buildings of every description, discover if any of them are in a dangerous condition, and provide proper remedies for such danger; to regulate the manner of putting up stoves and stove pipes to prevent out-fires, and the use of fireworks, and the discharge of firearms within the limits of such corporation, or such parts thereof as they may think proper; to compel the inhabitants of such towns to aid in the extinguishment of fires and prevent its communication to other buildings, under such penalties as are in this act provided; to construct and preserve reservoirs, wells, pumps, and other water works, and to regulate the use thereof, and generally to establish other measures of prudence for the prevention and extinguishment of fires, as they shall deem proper.

*Fourth.*   To declare what shall constitute a nuisance, and to prevent, abate and remove the same, and take such other measures for the preservation of the public health as they shall deem necessary.

*Fifth.*   To restrain from running at large cattle, sheep, swine and other animals.

*Sixth.*   To restrain and prohibit gambling and other disorderly conduct; to suppress and prohibit the keeping of houses of ill-fame, and to authorize the seizure and destruction of gambling apparatus; to punish intoxication, common prostitutes and their associates, immoderate driving and riding; to regulate or prohibit the use of firearms, fireworks, or other things tending to endanger persons and property; to prevent interference with the free use of the streets and alleys of the town, and to preserve peace and good order and prevent vice and immorality.

*Seventh.*   To license, regulate or restrain auction establishments, street auctions, and all tables, alleys, machines, devices, and places for sports or games, kept for hire or pay, traveling peddlers, public exhibitions, and the sale of spirituous, vinous, malt and other intoxicating liquors. A sum not exceeding the amount required by the statutes of the State for license to sell or retail intoxicating liquors, may be required to be paid into the treasury of the corporation by the person so licensed before receiving such license.

*Eighth.*   To establish and regulate markets, and build market houses, and direct the location of slaughter houses.

*Ninth.*   To lay out, open, grade and otherwise improve the streets, alleys, sewers, sidewalks and crossings, and keep them in repair, and to vacate the same.

Marginal notes:
- Fire wardens.
- Stoves, fireworks and discharge of firearms.
- Extinguishment of fires, construction of wells, pumps, water works, etc.
- Nuisance.
- Running at large of animals.
- Gambling, and houses of ill-fame.
- Intoxication, prostitutes, immoderate driving, fire-arms, etc.
- Streets and alleys, interference with.
- Licenses.
- Market and slaughter houses.
- Streets, alleys, sewers, sidewalks and crossings, laying out, opening of, etc.

Generated on 2023-10-25 17:00 GMT  /  https://hdl.handle.net/2027/mdp.39015074211643
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google

Digitized by Google       Original from UNIVERSITY OF MICHIGAN

# Exhibit 103

SEC. 1271. *Abandonment of children.*—If any father or mother of any child under the age of six years, or any other person to whom such child shall have been confided, shall expose such child in a street, field or other place, with intent wholly to abandon it, he or she shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months.  (G. S. 781, § 39.)

SEC. 1272. *Mistreatment of apprentices.*—If any master or mistress of an apprentice or other person having the legal care and control of any infant, shall, without lawful excuse, refuse or neglect to provide for such apprentice or infant, necessary food, clothing or lodging, or shall unlawfully and purposely assault such apprentice or infant, whereby his life shall be endangered, or his health shall have been or shall be likely to be permanently injured, the person so offending shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding three years, or by imprisonment in the county jail not exceeding one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment. (New section.)

SEC. 1273. *Abandonment of wife or child.*—If any man shall, without good cause, abandon or desert his wife, or abandon his child or children under the age of twelve years born in lawful wedlock, and shall fail, neglect or refuse to maintain and provide for such wife, child or children, he shall, upon conviction, be punished by imprisonment in the county jail not more than one year, or by a fine of not less than fifty, nor more than one thousand dollars, or by both such fine and imprisonment.  No other evidence shall be required to prove that such husband was married to such wife, or is the father of such child or children, than would be necessary to prove such fact or facts in a civil action. (Laws 1867, p. 112, amended—*m.*)

SEC. 1274. *Carrying deadly weapons, etc.*—If any person shall carry concealed, upon or about his person, any deadly or dangerous weapon, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, literary or social purposes, or to any election precinct, on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose, other than for militia drill or meetings called under the militia law of this state, having upon or about his person any kind of firearms, bowie-knife, dirk, dagger, slung-shot, or other deadly weapon, or shall, in the presence of one or more persons, exhibit any such weapon in a rude, angry or threatening manner, or shall have or carry any such weapon upon or about his person when intoxicated or under the influence of intoxicating drinks, or shall, directly or indirectly, sell or deliver, loan or barter to any minor, any such weapon, without the consent of the parent or guardian of such minor, he shall, upon conviction, be punished by a fine of not less than five nor more than one hundred dollars, or by imprisonment in the county jail not exceeding three months, or by both such fine and imprisonment.  (Laws 1874, p. 43; laws 1875, p. 50, and laws 1877, p. 240, amended.)

SEC. 1275. *Above section not to apply to certain officers.*—The next preceding section shall not apply to police officers, nor to any officer or person whose duty it is to execute process or warrants, or to suppress breaches of the peace, or make arrests, nor to persons moving or traveling peaceably through this state, and it shall a good defense to the charge of carrying such weapon, if the defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defense of his person, home or property.  (New section.)

SEC. 1276. *Fire arms not to be discharged near court house.*—Hereafter it shall be unlawful for any person in this state, except he be a sheriff or other officer in the discharge of official duty, to discharge or fire off any

---

(m)  Wife held to be a competent witness to prove fact of abandonment.  43 Mo. 429.  The fact that the defendant has brought suit for divorce is no defense.  52 Mo. 172.

# Exhibit 104

who continue so unlawfully assembled, or engaged in a riot, after being warned to disperse, shall be punished by the addition of one-half the penalty to which they would otherwise be liable, if no such warning had been given.

# CHAPTER THREE.

## AFFRAYS AND DISTURBANCES OF THE PEACE.

| | Article | | Article |
|---|---|---|---|
| "Affray" defined | 313 | Shooting in public place | 316 |
| Disturbance of the peace | 314 | Horse-racing on public road or street | 317 |
| "Public place" defined | 315 | | |

**"Affray" defined.**
**P.C. 381.**

ARTICLE. 313.  If any two or more persons shall fight together in a public place, they shall be punished by fine not exceeding one hundred dollars.

**Disturbance of the peace.**
**(Act June 20, 1876.)**
**P.C. 362.**

ART. 314.  If any person shall go into any public place, or into or near any private house, or along any public street or highway near any private house, and shall use loud and vociferous or obscene, vulgar or indecent language, or swear, or curse, or expose his person, or rudely display any pistol or other deadly weapon in such public place, or upon such public street or highway, or near such private house, in a manner calculated to disturb the inhabitants thereof, he shall be fined in a sum not exceeding one hundred dollars.

**"Public place" defined.**
**P.C. 383.**

ART. 315.  A public place within the meaning of the two preceding articles, is any public road, street or alley, of a town or city, inn, tavern, store, grocery, work-shop, or any place to which people commonly resort for purposes of business, recreation or amusement.

**Shooting in public place.**
**(Act Nov. 12, 1866, p. 210.)**

ART. 316.  If any person shall discharge any gun, pistol, or fire-arms of any description, on or across any public square, street or alley in any city, town or village in this state, he shall be fined in a sum not exceeding one hundred dollars.

**Horse-racing on public road or street.**
**(Act May 19, 1873, pp. 83–4.)**

ART. 317.  Any person who shall run, or be in any way concerned in running any horse race in, along, or across any public square, street or alley in any city, town or village, or in, along or across any public road within this state, shall be fined in a sum not less than twenty-five nor more than one hundred dollars.

# CHAPTER FOUR.

## UNLAWFULLY CARRYING ARMS.

| | Article | | Article |
|---|---|---|---|
| Unlawfully carrying arms | 318 | Arrest without warrant | 320 |
| Not applicable, when and to whom | 319 | Officer failing to arrest, punishable | 322 |
| Carrying arms in church or other assembly | 320 | Not applicable to frontier counties | 323 |
| Not applicable, to whom | 321 | | |

**Unlawfully carrying arms.**
**(Act April 12, 1871, p. 25.)**

ARTICLE 318.  If any person in this state shall carry on or about his person, saddle, or in his saddle-bags, any pistol, dirk, dagger, slung-shot, sword-cane, spear, brass-knuckles, bowie-knife, or any other kind of knife manufactured or sold for purposes of offense or defense, he shall be punished by fine of not less than twenty-five nor more than one hundred dollars; and, in addition thereto, shall forfeit to the county in which he is convicted, the weapon or weapons so carried.

**Not applicable when and to whom.**
**(Act April 12, 1871, p. 25.)**

ART. 319.  The preceding article shall not apply to a person in actual service as a militiaman, nor to a peace officer or policeman, or person summoned to his aid, nor to a revenue or other civil officer engaged in the discharge of official duty, nor to the carrying of arms on one's own prem-

Case 8:23-cv-01798-CJC-ADS Document 21-2 Filed 11/03/23 Page 132 of 186 Page ID #:1464

ises or place of business, nor to persons traveling, nor to one who has reasonable ground for fearing an unlawful attack upon his person, and the danger is so imminent and threatening as not to admit of the arrest of the party about to make such attack, upon legal process.

ART. 320. If any person shall go into any church or religious assembly, any school room, or other place where persons are assembled for amusement or for educational or scientific purposes, or into any circus, show, or public exhibition of any kind, or into a ball-room, social party, or social gathering, or to any election precinct on the day or days of any election, where any portion of the people of this state are collected to vote at any election, or to any other place where people may be assembled to muster, or to perform any other public duty, or to any other public assembly, and shall have or carry about his person a pistol or other fire-arm, dirk, dagger, slung-shot, sword-cane, spear, brass-knuckles, bowie-knife, or any other kind of a knife manufactured and sold for the purposes of offense and defense, he shall be punished by fine not less than fifty nor more than five hundred dollars, and shall forfeit to the county the weapon or weapons so found on his person.

*Carrying arms in church or other assembly. (Act April 12, 1871, p. 25.)*

ART. 321. The preceding article shall not apply to peace officers, or other persons authorized or permitted by law to carry arms at the places therein designated.

*Not applicable to whom. (Act April 12, 1871, p. 25.)*

ART. 322. Any person violating any of the provisions of articles 318 and 320, may be arrested without warrant by any peace officer, and carried before the nearest justice of the peace for trial; and any peace officer who shall fail or refuse to arrest such person on his own knowledge, or upon information from some credible person, shall be punished by fine not exceeding five hundred dollars.

*Arrest without warrant. Officer failing punished. (Act April 12, 1871, p. 26.)*

ART. 323. The provisions of this chapter shall not apply to or be enforced in any county which the governor may designate, by proclamation, as a frontier county and liable to incursions by hostile Indians.

*Not applicable to frontier counties. (Act April 12, 1871, p. 26.)*

# Exhibit 105

The page content is too faint and low-resolution to reliably transcribe the body text of the newspaper page.

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers
by ancestry
https://www.newspapers.com/image/859684459

The Craig Weekly Gazette (Craig, Missouri) · Wed, Oct 13, 1880 · Page 4

Printed on Jun 25, 2023

ORDINANCE No. 8—Carrying Concealed Weapons.

Be it Ordained by the Board of Aldermen of the city of Craig, Missouri, as follows :

Any person who shall within the corporate limits of said city of Craig, carry or have upon his person, any concealed weapon or weapons, shall be adjudged guilty of a misdemeanor, and shall upon conviction be fined in any sum not less than one dollar, nor more than ten dollars.

C. H. Thayer, Mayor.

P. B. Cook, President.

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers
POWERED BY

# Exhibit 106

# MUNICIPAL CODE

O F

# CHICAGO:

COMPRISING THE

LAWS OF ILLINOIS RELATING TO THE CITY OF CHICAGO,

AND THE

## ORDINANCES OF THE CITY COUNCIL;

CODIFIED AND REVISED

BY

## EGBERT JAMIESON AND FRANCIS ADAMS.

PUBLISHED BY AUTHORITY OF THE CITY COUNCIL.

CHICAGO:
BEACH, BARNARD & CO., LEGAL PRINTERS.
1881.

Ovd 83
C 4d
881

person who shall be convicted of any such breach shall be adjudged to pay a fine of not less than three dollars nor more than one hundred dollars.

1683. In every prosecution brought for a violation of any ordinance of the city of Chicago, where the offense charged is one punishable under the laws of the State of Illinois as a misdemeanor, the court or magistrate trying the cause may upon conviction in lieu of the fine imposed by the ordinance or in addition thereto, cause the offender to be imprisoned in the house of correction for a period not exceeding three months.

1684. All the printed books containing the revised ordinances shall be deposited with the city comptroller. He shall deliver one copy thereof to each officer of the city, and to such other persons as the city council may direct.

1685. The mayor shall have power to extend to or reciprocate courtesies of other cities, by presenting to them a copy of the revised ordinances bound at the expense of the city in such manner as to him may seem suitable.

## ARTICLE XLIII.

### Parks and Public Grounds.

1686. The several public parks, squares and grounds in the city of Chicago, shall be known and designated by the names applied thereto respectively on the map of the city of Chicago published by J. Van Vechten and Snyder in the year 1877.

1687. It shall be the duty of the commissioner of public works to superintend all inclosed public grounds and keep the fences thereof in repair, the walks in order and the trees properly trimmed and improve the same according to plans approved by the city council. He shall likewise cause printed or written copies of prohibitions of this article to be posted in the said grounds or parks.

1688. No person shall enter or leave any of the public parks of the city of Chicago except by their gateways; no person shall climb or walk upon their walls or fences.

1689. Neither cattle, horses, goats, swine or other animals, except as herein provided, shall be turned into any one of the said parks by any person.

1690. All persons are forbidden to carry firearms or to throw stones or other missiles within any one of the public parks. All persons are forbidden to cut, break or in any way injure or deface

**Compendium
Page 341**

Case 8:23-cv-01798-CJC-ADS  Document 21-2  Filed 11/03/23  Page 140 of 186  Page ID #:1472

the trees, shrubs, plants, turf or any of the buildings, fences, bridges or other construction or property within or upon any of the said parks.

1691.   No person shall converse with or in any way hinder those engaged in their construction.

1692.   No person shall expose any article or thing for sale upon any of said parks, except such person shall have been previously licensed by the commissioner of public works, nor shall any hawking or peddling be allowed therein.

1693.   No threatening, abusive, insulting or indecent language shall be allowed in any part of either of the said parks whereby a breach of the peace may be occasioned.   No person shall be allowed to tell fortunes or play at any game of chance at or with any table or instrument of gaming, nor to do therein any obscene or indecent act.

1694.   In case of any emergency where life or property is endangered, all persons if required so to do by the superintendent or any of his assistants, shall remove from the portion of either of said parks specified by the superintendent or his assistants and remain off the same until permission is given to return.

1695.   The commissioner of public works may direct that any of the entrances to the public parks be closed at any time.

1696.   No person shall bathe or fish in, or go or send or ride any animal in any of the waters of either of the said public parks, nor disturb any of the fish, water fowl or other birds in any of said parks, or any deer, sheep or other animal belonging to and preserved therein, nor throw or place any article or thing in the waters within either of said parks.

1697.   No person shall post or otherwise affix any bills, notice or other paper upon any structure or thing within either of said parks nor upon any of the gates or inclosures thereof.

1698.   No person shall without the consent of the commissioner of public works, play upon any musical instrument nor shall any person take into or carry or display in the said public parks any flag, banner, target or transparency.   No military or target company civic or other shall be permitted to parade, drill or perform therein any military or other evolutions or movements.   Nor shall any fire engine, hook and ladder truck, hose cart or other machine on wheels commonly used for the extinguishing of fires be allowed on any part of said parks without the previous consent of the commissioner of public works.

1699. No person other than employes shall light, make or use any fire thereon.

1700. No person shall go upon the grass, lawn or turf of the parks except when and where the word "common" is posted, indicating that persons are at liberty at that time and place to go on the grass.

1701. Any member of the city police shall have power to arrest any person who shall not desist from any violation hereof when directed, and cause him to be committed for examination.

1702. The foregoing sections of this article so far as applicable shall apply to all the public squares of the city of Chicago.

1703. Any person who shall violate any or either of the provisions of this or any section or clause or any provision of any section thereof, or who shall neglect or fail or refuse to comply with any or either of the requirements thereof, shall on conviction pay a fine of not less than five dollars nor more than one hundred dollars.

## ARTICLE XLIV.

### *Pawnbrokers and Loanbrokers or Keepers of Loan Offices.*

1704. The mayor may from time to time grant licenses to such persons as shall produce to him satisfactory evidence of their good character to exercise or carry on the business of a pawnbroker, or of a loanbroker or keeper of a loan office; and no person shall exercise or carry on the business of a pawnbroker, loanbroker or keeper of a loan office without being duly licensed, under the penalty of one hundred dollars for each day he or she shall exercise or carry on said business without such license.

1705. Any person who loans money on deposit or pledge of personal property or other valuable thing, or who deals in the purchasing of personal property or other valuable thing on condition of selling the same back again at a stipulated price, is hereby defined and declared to be a pawnbroker.

1706. Every person receiving such license shall pay therefor the sum of one hundred and fifty dollars for the use of the city.

1707. Every person so licensed shall at the time of receiving such license, enter with two sufficient sureties into a joint and several bond to the city of Chicago in the penalty of five hundred dollars, conditioned for the due observance of all such ordinances of the city council as may be passed or in force respecting pawnbrokers and loanbrokers or keepers of loan offices, at any time during the continuance of such license.

# Exhibit 107

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 143 of 186   Page ID
#:1475

# ARTICLE XI.

## PROTECTION OF BIRDS.

SECTION                                    SECTION
1. Disturbance of birds or nests           4. Penalty for throwing same.
   prohibited.                             5. Protection of all birds, except
2. Penalty for disturbing same.               hawks, &c., intended.
3. Throwing stones, wood, &c.,             6. Duty of police.
   prohibited.

SECTION 1.   All persons are forbidden to molest, injure or disturb in any way, any small bird in the city of St. Louis, or the nest, young or brood of any small bird in said city.

<div style="float:right">Birds, or nests not to be disturbed.<br>Ord. 8436, sec. 1.</div>

SEC. 2.   If any person shall willfully injure, molest, take or disturb in any way, any small bird in the city of St. Louis, or the nest, eggs, young or brood of any such small bird, he shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall forfeit and pay to said city not less than five dollars for each bird so by him injured, molested, taken or disturbed, and not less than twenty dollars for each nest of eggs or brood of young of any such small bird in the city of St. Louis, so by him injured, molested taken or disturbed.

<div style="float:right">Penalty for disturbing birds or nests.<br>Ibid. sec. 2.</div>

SEC. 3.   No person shall throw from his hand any fragment of stone, wood, metal or other missile capable of inflicting injury, in any street, alley, walk or park of the city of St. Louis, or use or have in his possession ready for use in any street, alley, walk or park of the city of St. Louis, any sling, cross bow and arrow, air gun or other contrivance for ejecting, discharging or throwing any fragment, bolt, arrow, pellet, or other missile of stone, metal, wood or other substance capable of inflicting injury or annoyance.

<div style="float:right">Throwing stones, wood, &c., prohibited.<br>Ibid. sec. 3.</div>

SEC. 4.   If any person shall throw from his hand, in any alley, street, walk or park of the city of St. Louis, any missile of wood, stone, metal or other substance, or sub-

<div style="float:right">Penalty.<br>Ibid. sec. 4.</div>

Generated on 2023-10-24 17:30 GMT / https://hdl.handle.net/2027/nyp.33433014085702
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google          Original from
                             NEW YORK PUBLIC LIBRARY

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 144 of 186   Page ID #:1476

stances capable of inflicting injury or annoyance, or use or
have in his possession, ready for use in any street, alley,
walk or park of the city of St. Louis, any sling, air gun,
cross bow and arrow, or other contrivance for ejecting, dis-
charging or throwing any missile, pellet, fragment or bolt
of stone, metal, wood or other substance, or substances
capable of causing injury or annoyance, he shall be deemed
guilty of a misdemeanor, and on conviction thereof, be pun-
ished by a fine of not less than one nor more than twenty
dollars for each offense.

All birds to be pro-
tected, except
hawks, &c.
Ibid. sec. 5.

SEC. 5.   The birds intended to be protected by this
article shall be and are defined as all varieties of birds ex-
cept hawks, vultures and owls.

Duty of police.
Ibid. sec. 6.

SEC. 6.   It is made the special duty of the police force
of the city of St. Louis, to enforce the provisions of this
article, and arrest and bring to trial, all offenders against
the same ; and any member of the police force conniving at
any breach of the foregoing provisions, by failing to arrest
or report the offender, shall, on conviction thereof, be sub-
ject to a fine of not less than five dollars.

# Exhibit 108

Case 8:23-cv-01798-CJC-ADS  Document 21-2  Filed 11/03/23  Page 146 of 186  Page ID
#:1478

Newspapers
by ancestry
https://www.newspapers.com/image/61589420

Printed on Jun 25, 2023



Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers

Newspapers
by ancestry
https://www.newspapers.com/image/61589420

The Asheville Weekly Citizen (Asheville, North Carolina) · Sat, Jun 3, 1882 · Page 1

Printed on Jun 25, 2023

placed under the Street Commissioner and compelled to work upon the public streets for a period not to exceed five days for each offense.

Sec. 61. That if any person or persons are found carrying pistols, bowie-knives, sling-shots, billeys, or other deadly weapons (officers excepted) within the corporate limits of the town of Asheville, every person so offending shall for every such offense forfeit and pay a sum of ten dollars—one-half to the informer.

Sec. 62. Persons conducting gift enterprises, or persons establishing or controling

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 148 of 186   Page ID #:1480

Newspapers
by ancestry
https://www.newspapers.com/image/61589427

Printed on Jun 25, 2023



Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers

# Exhibit 109

Case 8:23-cv-01798-CJC-ADS Document 21-2 Filed 11/03/23 Page 150 of 186 Page ID #:1482

https://www.newspapers.com/image/351946935

Printed on Jun 25, 2023

### Ordinance No. 11.

Be it ordained by the president and board of trustees of the town of Rapid City:

SECTION 1. That it shall be, and it is hereby declared to be unlawful for any person to carry, openly or concealed, any musket, rifle, shot gun, pistol, sabre, sword, bowie knife, dirk, sword cane, billy, slung shot, brass or other metalic knuckles, or any other dangerous or deadly weapon within the corporate limits of the town of Rapid City, Dakota territory.

Provided, that nothing herein contained shall prevent the carrying of such weapon by a civil or military officer, or by a soldier in discharge of his duty, nor by any other person for meer purposes of transportation from one place to another.

Sec. 2. Upon complaint before the justice of the peace of the town, that an offence in violation of this ordinance has been committed, he shall inquire into the circumstances of the case, to determine whether the charge is well founded, and exercise his own discretion as to the dismissal. If the complaint shall be made good and the party arrested shall be adjudged guilty by the said justice of the peace, he shall fine the offender not less than ten nor more than fifty dollars, with the costs of prosecution.

Sec. 3. All funds assessed and collected under this ordinance shall be paid to the treasurer and be credited to the general revenue fund.

Sec. 4. This ordinance shall take effect and be in force from and after its passage and approval and publication as provided by law.

Approved December 4th, 1882.

Attest: JOHN R. BRENNAN, President.

A. C. TUCKER, Clerk.

—New novelties for the ladies at the Montana Store of Felix Poznansky.

Copyright © 2023 Newspapers.com. All Rights Reserved.



# Exhibit 110

Copyright © 2023 Newspapers.com. All Rights Reserved.



Compendium
Page 354

Newspapers
by ancestry

https://www.newspapers.com/image/365795786

one hundred dollars.

Sec. 10. Any person carrying any deadly or dangerous weapon, such as firearms, slung shot, sheath or dirk knife or any other weapon which when used is liable to produce death or great bodily harm, unconcealed, within the corporate limits of the city, shall upon conviction, be fined in a sum not less than ten. nor more than one hundred dollars.

Sec. 11. Any person or persons carrying any deadly or dangerous weapons concealed about their person, such as firearms, slung shot, sheath or dirk knife, brass knuckles or any other weapon, which when used are liable to produce death or great bodily harm and injury, shall, upon conviction be fined in a sum not less than fifteen nor more than one hundred dollars for each and every offense.

Sec. 12. Any person who shall within the limits of the city, discharge or shoot off any gun, pistol, or other firearms, shall upon conviction thereof, be fined not less than one nor more than twenty-five dollars.

Sec. 13. . . .

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers

# Exhibit 111

# Crawford Mirror.

AN INDEPENDENT NEWSPAPER, DEVOTED TO HOME INTERESTS.

VOL. 16.    STEELVILLE, MO., THURSDAY, JULY 27, 1882.    NO. 30.


Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers.com by Ancestry

Crawford Mirror (Steelville, Missouri) · Thu, Jul 27, 1882 · Page 1

https://www.newspapers.com/image/491577103

Printed on Jun 25, 2023

Approved May 21, 1881.
Attest: JAS. A. GREEN, Chm'n.
M. H. HELLYER, Clerk.

CHAPTER VII.

**License.**

*Be it ordained by the Board of Trustees of the Town of Cuba:*

SEC. 1. There shall be levied on all dram shops duly licensed by the county court of Crawford county, Missouri, within the corporate limits of this town, or within one-half mile of such limits, a tax of fifty dollars per annum to be collected semi-annually; license to be issued and signed by the chairman of the board of trustees and attested by the clerk. All persons refusing to pay said license tax, shall upon conviction be fined not less than ten nor more than one hundred dollars.

SEC. 2. The marshal is hereby ordered to levy and collect a tax of twenty-five dollars for every circus or menagerie for each day's exhibition, and a tax of five dollars for each side show accompanying same, and a tax of three dollars for every slight of hand show, minstrel troop, and all other exhibitions for each exhibition, except local shows or exhibitions for benevolent purposes.

SEC. 3. This ordinance shall be in force and effect from and after its approval.

Approved May 21, 1881.
Attest: JAS. A. GREEN, CHM'N.
M. H. HELLYER, Clerk.

CHAPTER VIII.

**Misdemeanors.**

*Be it ordained by the Board of Trustees of the Town of Cuba:*

SEC. 1. If any person, or persons shall put any dead animal carcass or parts thereof, offal or any other filth into any well, spring, brook or branch of which use is made for domestic purposes, every person so offending shall be deemed guilty of a misdemeanor and fined in a sum not less than ten nor more than fifty dollars. If any persons shall remove or cause to be removed and place upon premises not his own or public roads any dead animal carcass or part thereof or other nuisance to the annoyance of the citizens of the town or any of them, every person so offending shall be deemed guilty of a misdemeanor and fined in a sum not less than ten nor more than fifty dollars and if such nuisance be not removed within three days thereafter it shall be deemed a second offense against the provisions of this section.

SEC. 2. If any owner, or owners, occupiers or occupants of any slaughter-house wherein any hogs, beeves or other animals are slaughtered either in said house, or on the premises of the said owner, shall permit the same to remain unclean between the 1st day of April and the 1st day of October in each year to the annoyance of the citizens of this town or any of them, every person so offending shall be fined in any sum not less than five nor more than fifty dollars, and if said nuisance be not removed in five days there after it shall be deemed a second offense against the provisions of this section, and every like neglect of each succeeding five days thereafter shall be considered an additional offense against the provisions of this section.

SEC. 3. Whenever complaint shall be made to the chairman of the board by the street commissioner, marshal or any member of the board or trustees or on the oath or affidavit of any citizen of the town that any person is keeping or permitting his or her property, or premises to remain so unclean or filthy as to be a public nuisance it shall be the duty of the chairman to issue a summons to the owners of such premises if he be a resident of the town, or if not a resident, to the person occupying or having charge of such premises commanding such person to appear before the board of trustees on a day therein named, and show cause why such unclean or filthy premises should not be declared a nuisance; such summons shall be served at least five days before the meeting of the board by reading the same in the presence and hearing of the party, or by leaving a copy with some member of the family over the age of fifteen years, and upon return of the summons the board shall examine into the facts and if the testimony shall warrant they shall declare such premises to be a nuisance and order the same to be abated either by removal or cleaning, and if any person shall permit or continue such nuisance for three days after such order of abatement such person shall be deemed guilty of a misdemeanor and fined not less than five dollars nor more than twenty-five dollars and costs, and the chairman may at his discretion order the marshal to have such nuisance abated and the costs thereof to be taxed against the defendant as other costs in the case.

SEC. 4. Every person who shall set up or keep a common gaming house or a bawdy house or a brothel shall upon a conviction be adjudged guilty of a misdemeanor and be punished by a fine not exceeding five hundred dollars.

SEC. 5. Every person who shall knowingly lease or let to another any house or building for the purpose of being used or kept as as gambling house, brothel, or bawdy house shall on conviction be adjudged guilty of a misdemeanor and punished by a fine not exceeding five hundred dollars.

SEC. 6. Every person who shall shoot off or discharge any gun or pistol or other fire arms within the corporate limits of this town shall be adjudged guilty of a misdemeanor, and fined in any sum of not less than one nor more than ten dollars.

SEC. 7. If any person shall run or drive or cause to be run or driven upon any public streets or public roads within the limits of this town, any horse or horses or other animals so as to interrupt travelers thereon or put to fright the horses by them rode or driven he shall upon conviction be adjudged guilty of a misdemeanor and punished by a fine of not less than five nor more than twenty dollars.

SEC. 8. If any two persons shall voluntarily or by agreement engage in any fight or use any blows or violence toward each other in any angry or quarrelsome manner or do each other any wilful mischief, or if any person shall assault or strike another to the terror or disturbance of the citizens, the person or persons so offending shall be adjudged guilty of a misdemeanor and fined in any sum not less than three nor more than five dollars.

SEC. 9. If any person shall make use of any profane or obscene language in a loud or boisterous manner so as to annoy or disturb any of the citizens of the town, or if any person shall be guilty of indecently exposing his or her person at any public place in said town or shall be found in a state of beastly intoxication, every person so offending shall be deemed guilty of misdemeanor and fined in any sum not less than one nor more than fifty dollars.

SEC. 10. If any person be found carrying concealed about his person in the corporate limits, any kind of fire arms, bowie knife, dirk, dagger, slung shot, or other deadly weapon, within the limits of said town he shall be fined in a sum not less than three nor more than twenty-five dollars provided this section shall not apply to any person whose duty it is to bear arms in discharge of his duty imposed by law.

SEC. 11. Every person who shall be convicted of obstructing a street, crossing or side walk by leaving any carriage or horse or horses standing on sidewalk or by hitching teams or horses on or across the same shall be guilty of a misdemeanor and fined not less than one nor more than ten dollars.

SEC. 12. Every minor who shall be convicted of getting on or entering any railroad engine, coach, or car while running or standing on the main or side track of any company within the corporate limits of said town unless such minors shall have some legitimate business thereon, shall be deemed guilty of a misdemeanor and fined not less than one nor more than ten dollars.

SEC. 13. Every person who shall be convicted of maliciously and cruelly pounding and maiming, beating, or torturing any horse, oxen or other cattle in the limits of the town of Cuba, whether it belongs to himself or another shall be deemed guilty of a misdemeanor and fined not less than ten nor more than one hundred dollars.

SEC. 14. Every person who shall be convicted of leaving a team of horses standing in the streets of said town without being securely fastened shall be deemed guilty of a misdemeanor and fined in a sum not less than one nor more than ten dollars.

SEC. 15. Every person who shall be convicted of playing at base ball in the corporate limits on the 1st day of the week commonly called Sunday, shall be deemed guilty of a misdemeanor and fined not less than one nor more than fifty dollars.

SEC. 16. Whoever in the town of Cuba shall live in notorious adultery or any man and woman who shall lewdly and lasciviously cohabit together being unmarried, or guilty of open or notorious acts of public indecency shall be adjudged guilty of a misdemeanor and upon conviction be fined not less than five nor more than one hundred dollars.

*Continued on Eighth page.*

Copyright © 2023 Newspapers.com. All Rights Reserved.

Powered by Newspapers.com



Newspapers
by ancestry
https://www.newspapers.com/image/491577327

Crawford Mirror (Steelville, Missouri) · Thu, Jul 27, 1882 · Page 8

Printed on Jun 25, 2023

## Cuba Town Ordinancet.

*[Continued from first page.]*

SEC. 17.   Whoever shall in the town of Cuba either directly or in directly expose to sale or sell intoxicating liquors or keep the doors of his house open for the purpose of selling or exposing liquor for sale on Sunday shall be deemed guilty of a misdemeanor and upen conviction thereof be fined not less than five nor more than one hundred dollars.

SEC. 18.   Every person being the owner of a slut who shall permit the same to run at large while in heat or proud shall be deemed guilty of a misdemeanor and upon conviction be fined not less than one nor more than five dollars.

SEC. 19.  This ordinance shall be in force and effect from and after its approval.

Approved May 24, 1882.
Attest:   JAS. A. GREEN, Chm'n.
M. H. HELLYER, Clerk.

CHAPTER IV

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers

# Exhibit 112

# THE LAWS AND ORDINANCES

### OF THE

## CITY OF NEW ORLEANS

#### FROM THE

## CONSOLIDATION OF THE MUNICIPALITES IN 1852

## TO THE 1ST OF JANUARY, 1882.

Digitized by Google

Original from
NEW YORK PUBLIC LIBRARY

Printed by L. GRAHAM & SON, 137 Gravier Street.

Digitized by Google

Original from
NEW YORK PUBLIC LIBRARY

# JEWELL'S DIGEST

OF THE

## CITY ORDINANCES,

TOGETHER WITH THE

CONSTITUTIONAL PROVISIONS, ACTS OF THE GENERAL ASSEMBLY
AND DECISIONS OF THE COURTS RELATIVE TO
THE GOVERNMENT

OF THE

## CITY OF NEW ORLEANS.




BY AUTHORITY OF THE CITY COUNCIL.

COMPILED AND PUBLISHED BY EDWIN L. JEWELL,

ATTORNEY AT LAW.

NEW ORLEANS.
1882.

Digitized by Google

Original from
NEW YORK PUBLIC LIBRARY

Generated at Duke University on 2023-05-04 21:42 GMT  /  https://hdl.handle.net/2027/nyp.33433014632970
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google



THE NEW YORK
PUBLIC LIBRARY
622057
ASTOR, LENOX AND
TILDEN FOUNDATIONS
R        19:4        L



Entered according to Act of Congress in the year 1881, by

**EDWIN L. JEWELL,**

In the Office of the Librarian of Congress at Washington.

Digitized by Google

Original from
NEW YORK PUBLIC LIBRARY

# JEWELL'S DIGEST

OF THE

# LAWS AND ORDINANCES

OF THE

## CITY OF NEW ORLEANS.

(OFFICIAL AUTHORITY.)

MAYORALTY OF NEW ORLEANS,
City Hall, January 11, 1882.

[No. 7546—Administration Series.]

WHEREAS, By the various changes that have occurred in both the State and City governments since the compilation in the year 1870 of the city laws and ordinances and known as "Leovy's Digest," and by enactment of numerous ordinances since that period, rendering the said Digest useless as a guide to city officials in the administration of their various offices; and

WHEREAS, The necessity of a work containing all the ordinances of the city now in force up to January 1st, 1882, and also such acts of the General Assembly as have been enacted relative to the City of New Orleans together with the decisions of the courts, affecting the rights and powers of the city government, is urgent and is of interest and importance to the legal profession and the community at large; therefore

*Be it ordained,* That the city, through its proper officer, the Mayor, will receive sealed proposals for a revision, recapitulation and publication of a new edition of the city laws and ordinances; said work to contain:

1st.   Charter of the city.

2d.   General ordinances of the City Council.

3d.   Ordinances relative to the city debt, drainage, health, fire department, markets, police, police regulations, public institutions, railroads, recorders, recorders' courts, revenue, schools, streets, trust funds and wharves.

4th.   Acts of the General Assembly, Constitutional provisions, and decisions of the courts relative to municipal affairs.

*Be it further ordained,* That the said book shall be in form, printed on the quality of paper and bound in the style similar to that of "Leovy's Digest." That one hundred (100) copies of the same shall be delivered to the City of New Orleans, free of charge, by the compiler, who shall have the right to sell other copies.

*Be it further ordained,* That the price of said work shall be paid for in cash out of the revenues of 1882, on delivery of the specified number of copies and approved by City and Assistant Attorney that the work is satisfactory and in accordance with this ordinance.   The work is to be completed on or before the first of March, 1882.

*Be it further ordained,* That the city reserves the right to reject any and all bids.

*Be it further ordained,* That sealed proposals, in accordance with the above specifications, will be received until Monday, January 16th, at 12 o'clock M., at the Mayor's office.

Adopted by the Council of the City of New Orleans, January 11, 1882.

Yeas—Delamore, Fagan, Fitzpatrick, Guillotte, Walshe.

Nays—Huger.

Absent—Mealey.

JOS. A, SHAKSPEARE, Mayor.

A true copy:

M. MCNAMARA, Secretary.

———

MAYORALTY OF NEW ORLEANS,
City Hall, January 24, 1882.

[No. 7573—Administration Series.]

WHEREAS, The proposal of Edwin L. Jewell, Esq., for compiling and publishing the ordinances of the city in accordance with the terms, conditions and specifications of Ordinance No. 7546, A. S., being the best; therefore

*Be it ordained by the City Council of the City of New Orleans,* That the aforesaid bid of Edwin L. Jewell, for the sum of three thousand two hundred and fifty dollars ($3250) be and the same is hereby accepted, and that he be authorized to proceed with the publication of the Digest, as provided for by Ordinance No. 7546, A. S., subject to all its provisions.

Adopted by the Council of the City of New Orleans, January 17, 1882.

Yeas—Delamore, Fagan, Fitzpatrick, Guillotte, Mealey, Walshe.

Nays—Huger.

JOS. A. SHAKSPEARE, Mayor.

A True Copy:

M. MCNAMARA, Secretary.

Digitized by Google

Original from
NEW YORK PUBLIC LIBRARY

Generated at Duke University on 2023-05-04 21:43 GMT  /  https://hdl.handle.net/2027/nyp.33433043452979
Public Domain, Google-digitized  /  http://www.hathitrust.org/access_use#pd-google



Digitized by Google

Original from
NEW YORK PUBLIC LIBRARY

TO

# CHARLES CAVANAC, ESQ.,

THE EXEMPLARY CITIZEN,

THE EFFICIENT, FAITHFUL AND HONEST OFFICIAL,

LOYAL IN HIS FRIENDSHIP,

UNSWERVING IN HIS DUTY AND PATRIOTISM,

AND

CHARITABLE AND GENEROUS IN ALL HIS IMPULSES,

### This Work is Respectfully Dedicated

AS A MODEST TRIBUTE TO HIS MANY EXCELLENT QUALITIES OF A

MAN, AN OFFICER AND A FRIEND.

BY

THE EDITOR AND COMPILER.

 Google

Original from
NEW YORK PUBLIC LIBRARY

# LAWS AND ORDINANCES

### OF THE

# CITY OF NEW ORLEANS.

### I TITLE.

### AMUSEMENTS.

#### CHAPTER FIRST.

#### GENERAL ORDINANCES.

ARTICLE 1.   That hereafter it shall not be lawful for any person to carry a dangerous weapon, concealed or otherwise, into any theatre, public hall, tavern, pic-nic ground, place for shows or exhibitions, house or other place of public entertainment or amusement.

*Concealed weapons or otherwise in halls or theatres. May, 1879. A. S. 5045.*

ART. 2.   That any person violating the provisions of the first section of this ordinance, by carrying a dangerous weapon, not concealed, into any of the places designated in said section, shall be subject to the payment of a fine not exceeding twenty-five dollars, or to imprisonment in the parish prison not to exceed twenty days, to be imposed by the Recorder within whose jurisdiction the offense is committed.

*Penalty. Ibid.*

ART. 3.   That any person violating the provisions of the first section of this ordinance by carrying a dangerous weapon concealed about his person, in any of the places designated in said section, shall be arrested and prosecuted for violation of the law relative to the carrying of dangerous weapons concealed about the person.

*Penalty. Ibid.*

ART. 4.   That the Chief of Police and the members of the police force of the city of New Orleans be charged with the enforcement of this ordinance, and to that end they are authorized and required to examine all persons entering any of the places specified in section one of this ordinance, and to arrest and prefer the proper charge against all persons violating this ordinance.

*Police to enforce ordinance. Ibid.*

ART. 5.   That the provisions of this ordinance shall not apply to the officers and members of military organizations, when acting as such, nor to the carrying of arms or weapons intended to be used in any show, exhibition or other entertainment.

*Military organizations excepted.*

Google

NEW YORK PUBLIC LIBRARY.

2           I TITLE—AMUSEMENTS.

*Copy of this ordinance to be posted.*
*Dec. 1856.*
*O. S. 3131.*

ART. 6.  That a printed copy of the ordinances concerning public balls, theatres and public exhibitions, be placed in a conspicuous position within the enclosure of said balls, theatres and public exhibitions, for the purpose of reference; and, that in case of neglect or refusal of the managers or owners of such places to comply with the provisions of this section, they shall be liable to a fine of fifty dollars for said offence, recoverable before any court of competent jurisdiction; and the police officers on duty shall compel the owners of the balls, theatres, etc., to close for that night.

## CHAPTER SECOND.
### BALLS.

*Permission to be obtained for balls.*
*May, 1859.*
*O. S. 4532.*

ART. 7.  It shall not be lawful for any person or persons to give, within the limits of the city, any public balls, of whatsoever description, under the penalty of fifty dollars fine for each and every contravention, unless permission, in writing, be previously obtained from the Mayor to give said ball or balls, and after payment of license tax.

*Mayor to close balls.*
*Ibid.*

ART. 8.  Whenever the foregoing provision shall be violated, it shall be the duty of the mayor to cause the said ball or balls to be closed immediately by the police.

*Duration of the ball. Ibid.*

ART. 9.  Every person giving a public ball, who shall prolong the duration of the same beyond the hour fixed by the Mayor's permit, shall pay a fine of twenty-five dollars for each and every such offence.

*License for public balls.*
*Ibid.*

ART. 10  That the Mayor of the city of New Orleans be, and he is hereby requested not to issue in future any license to parties asking for them, to give public balls, when such balls are knowingly derogatory to public morals and decency, or in anywise considered a public nuisance.

## CHAPTER THIRD.
### THEATRES.

*Permission and tax.*
*May, 1859.*
*O. S. 4582.*

ART. 11.  No person shall exhibit or cause to be exhibited any dramatic composition, ballet, pantomime or other performance of that kind, in any theatre in the city where all persons are admitted for their money, nor shall any person entertain the public with any display of fire-works, without having obtained from the Mayor permission for that purpose, and paid the tax thereon, under a penalty of a fine of twenty-five dollars for every such offence; and the said permission shall express the object and the length of time for which it is granted.

Google

NEW YORK PUBLIC LIBRARY

# Exhibit 113

Arizona Daily Star (Tucson, Arizona) · Sat, May 19, 1883 · Page 3

https://www.newspapers.com/image/162705336

Downloaded on Jul 12, 2023

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers
by ancestry
https://www.newspapers.com/image/162705336

Arizona Daily Star (Tucson, Arizona) · Sat, May 19, 1883 · Page 3

Downloaded on Jul 12, 2023

eif in
l who
eath,
time
shall
hours

d the
is the
ne to

n ad-
of the
ng of
pses.
m the
grave
n the
f the

exceeding six months or be punished by both
such fine and imprisonment.

Sec. 15. If any person shall within the cor-
porate limits of the city of Tucson carry con-
cealed upon his person any gun, pistol, bowie-
knife, dagger or other deadly weapon, he shall
be deemed guilty of having committed a misde-
meanor and upon conviction thereof shall be
fined in any sum not exceeding three hundred
dollars or be imprisoned in the County or City
jail for any period of time not exceeding six
months or be punished by both such fine and
imprisonment; provided that this section shall
not be construed to apply to sheriffs, con-
stables or police officers, when exercising their
legitimate duties.

Sec. 16. If any saloon, gambling house,
house of prostitution, dance house keeper or pro-
prietor of any place wherein intoxicating or

shall
alty
fense
not le
dolla
SE
other
or bu
feet
missi
Fire
dolla
ing tl
same
SE
in ai
kept
vesse
penal

Copyright © 2023 Newspapers.com. All Rights Reserved.

Newspapers

# Exhibit 114

Case 8:23-cv-01798-CJC-ADS Document 21-2 Filed 11/03/23 Page 173 of 186 Page ID #:1505

# THE REVISED

# ORDINANCES

#### OF THE

# GITY OF DANVILLE.



PUBLISHED BY AUTHORITY OF THE GITY GOUNGIL.



REVISED AND ARRANGED BY

## MANN, CALHOUN & FRAZIER.

DANVILLE, ILL.:
BOWMAN & FREESE, BOOK AND JOB PRINTERS.
1883.

Case 8:23-cv-01798-CJC-ADS Document 21-2 Filed 11/03/23 Page 174 of 186 Page ID #:1506

# CHAPTER XIX.

## PARKS.

SECTION.

1. Committee on public grounds, etc. to have charge.
2. Entering Parks, etc.—Climbing on fences.
3. Turning animals into park, etc.
4. Firearms—Shooting—fire works prohibited.
5. Injury to trees, grass, buildings.
6. Selling, hawking, peddling, etc. forbidden.
7. Bathing, fishing, etc. prohibited.

SECTION.

8. Abusive, profane language, etc. prohibited.
9. Gaming, etc. prohibited.
10. Intoxicated persons, indecent or unlawful acts.
11. Fires in parks forbidden.
12. Carriages on turf, etc.— hitching horses to trees, etc.
13. Throwing stones, rubbish, etc. in parks.
14. Posting bills, etc. forbidden.

COMMITTEE ON PUBLIC GROUNDS, ETC., TO HAVE CHARGE OF PARKS.] § 1. It shall be the duty of the committee on Public Grounds and Buildings to superintend all inclosed public grounds or parks in said city, and keep the fences thereof in repair, the walks in order, the trees properly trimmed, and to improve the same according to plans approved by the city council.

PENALTY FOR LEAVING PARK EXCEPT AT GATEWAYS—CLIMBING ON FENCE, ETC.] § 2. Whoever shall enter or leave any of the public parks of this city except by their gateways, or shall walk or climb upon any of the fences inclosing, or in the same, shall be fined not less than one dollar nor more than ten dollars for each offense.

TURNING ANIMALS INTO PARK PROHIBITED.] § 3. Whoever shall turn any cattle, horses, goats, swine or other animals into any park of said city, or permit the same, or any of them, to run therein, shall be fined not less than three dollars, nor more than fifty dollars, for each offense.

FIRE-ARMS AND FIRE-WORKS FORBIDDEN.] § 4. Whoever shall carry any fire-arms into said parks, or shall fire off or discharge the same in, or into said parks, or any of them; or whoever shall shoot, fire or discharge any kind of fire-works therein, shall be fined not less than one dollar nor more than one hundred dollars, for each offense.

INJURY TO TREES, GRASS, BUILDINGS, ETC.] § 5. Whoever shall cut, break or injure in any way any tree, shrub or plant, in any such park; or shall cut, tramp, or injure in any way the turf or grass therein, or shall walk or lie upon the grass at any place where placards are posted directing persons to keep off, or not to walk upon the same; or shall cut, mark, deface or in any way injure any of the buildings, fences, bridges, or other constructions, or property of any kind, in any such park, shall be fined not less than one dollar, nor more than one hundred dollars for each offense.

# Exhibit 115

# LAWS OF MISSOURI,

PASSED AT THE SESSION OF THE

# THIRTY-SECOND GENERAL ASSEMBLY,

BEGUN AND HELD AT THE CITY OF JEFFERSON,

## WEDNESDAY, JANUARY 3, 1883.

(REGULAR SESSION.)

*BY AUTHORITY.*



JEFFERSON CITY:
STATE JOURNAL COMPANY, STATE PRINTERS.
1883.

76                              CRIMES AND CRIMINAL PROCEDURE.

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

SECTION 1.   Any person or persons doing a commission business in this state who shall receive cattle, hogs, sheep, grain, cotton or other commodities consigned or shipped to him or them for sale on commission, and who shall wilfully make a false return to his or their consignor or shipper, in an account of sale or sales of any such cattle, hogs, sheep, grain, cotton or other commodities made and rendered by such person or persons for and to such consignor or shipper, either as to weights or prices, shall be guilty of a misdemeanor and shall, on conviction, be punished by imprisonment in the county jail not exceeding one year, or by a fine not exceeding five hundred dollars nor less than two hundred dollars, or by fine not less than one hundred dollars and imprisonment in the county jail not less than three months.

Approved April 2, 1883.

------

## CRIMES AND CRIMINAL PROCEDURE: CONCEALED WEAPONS.

AN ACT to amend section 1274, article 2, chapter 24 of the Revised Statutes of Missouri, entitled "Of Crimes and Criminal Procedure."

SECTION 1.   Carrying concealed weapon, etc., penalty for increased.

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

SECTION 1.   That section 1274 of the Revised Statutes of Missouri be and the same is hereby amended by inserting the word "twenty" before the word "five" in the sixteenth line of said section, and by striking out the word "one" in the same line and inserting in lieu thereof the word "two," and by striking out the word "three" in the seventeenth line of said section and inserting in lieu thereof the word "six," so that said section, as amended, shall read as follows: Section 1274.  If any person shall carry concealed, upon or about his person, any deadly or dangerous weapon, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, literary or social purposes, or to any election precinct on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose other than for militia drill or meetings called under the militia law of this state, having upon or about his person any kind of fire arms, bowie knife, dirk, dagger, slung-shot or other deadly weapon, or shall in the presence of one or more persons exhibit any such weapon in a rude, angry or threatening manner, or shall have or carry any such weapon upon or about his person when intoxicated or under the influence of intoxicating drinks, or shall directly or indirectly sell or deliver, loan or barter to any minor any such weapon, without the consent of the parent or guardian of such minor, he shall, upon conviction, be punished by a fine of not less than twenty-five nor more than two hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment.

Approved March 5, 1883.

# Exhibit 116

504                        CRIMES AND PUNISHMENT.

Chap. 25.   viction, the party offending shall on conviction be fined not less
than fifty dollars nor more than two hundred and fifty dollars or
be imprisoned in the county jail not less than thirty days nor
more than three months or both, at the discretion of the court.

Public   (2410) § 7.   It shall be unlawful for any person, except a peace
buildings and   officer, to carry into any church or religious assembly, any school
gatherings.   room or other place where persons are assembled for public wor-
ship, for amusement, or for educational or scientific purposes, or
into any circus, show or public exhibition of any kind, or into any
ball room, or to any social party or social gathering, or to any elec-
tion, or to any place where intoxicating liquors are sold, or to any
political convention, or to any other public assembly, any of the
weapons designated in sections one and two of this article.

Intent of   (2411) § 8.   It shall be unlawful for any person in this Terri-
persons carry-   tory to carry or wear any deadly weapons or dangerous in-
ing weapons.   strument whatsoever, openly or secretly, with the intent or for the
avowed purpose of injuring his fellow man.

Pointing   (2412) § 9.   It shall be unlawful for any person to point any
weapons at an-   pistol or any other deadly weapon whether loaded or not, at
other.   any other person or persons either in anger or otherwise.

Violation of   (2413) § 10.   Any person violating the provisions of section
section seven.   seven, eight or nine of this article; shall on conviction, be punish-
ed by a fine of not less than fifty dollars, nor more than five hun-
dred and shall be imprisoned in the county jail for not less than
three nor more than twelve months.


ARTICLE 46.—FALSE PERSONATION AND CHEATS.

SECTION.
  1.  False impersonation, punishment for.
  2.  False impersonation and receiving money.
  3.  Personating officers and others.
  4.  Unlawful wearing of grand army badge.
  5.  Fines, how paid.
  6.  Obtaining property under false pretenses.

SECTION.
  7.  False representation of charitable purposes.
  8.  Falsely representing banking corporations.
  9.  Using false check.
 10.  Holding mock auction.


Punishment   (2414) § 1.   Every person who falsely personates another, and
for false im-   in such assumed character, either:
personation.

First.   Marries or pretends to marry, or to sustain the mar-
riage relation toward another, with or without the connivance of
such other person; or,

Second.   Becomes bail or surety for any party, in any proceed-
ing whatever, before any court or officer authorized to take such
bail or surety; or,

Third.   Subscribes, verifies, publishes, acknowledges or proves,
in the name of another person, any written instrument, with in-
tent that the same may be delivered or used as true; or,

Fourth.   Does any other act whereby, if it were done by the
person falsely personated, he might in any event become liable to
any suit or prosecution, or to pay any sum of money, or to incur
any charge, forfeiture or penalty, or whereby any benefit might
accrue to the party personating, or to any other person.

# Exhibit 117

Case 8:23-cv-01798-CJC-ADS   Document 21-2   Filed 11/03/23   Page 181 of 186   Page ID #:1513

## RULES AND REGULATIONS.

In accordance with the authority conferred by the Act creating Tower Grove Park, the Board of Commissioners have adopted the following rules and regulations:

All persons are forbidden —

1.   To enter or leave the park except by the gateways.

2.   To climb the fences.

3.   To turn cattle, horses, goats or swine into the park or the avenues surrounding the park.

4.   To carry firearms or to throw stones or other missiles within it.

5.   To cut, break, or in any way injure or deface the trees, shrubs, plants, turf, or any of the buildings, fences, bridges, or other constructions upon the park;

6.   Or to converse with, or in any way hinder, those engaged on the work of the park.

7.   A pound is hereby established within the Tower Grove Park for the impounding of horses, cattle, sheep, goats, dogs and swine found trespassing upon said park or the adjacent avenues.  All such animals found at large may be taken by any person or persons and driven or carried to the pound, and may be kept enclosed therein during five days, at the end of which time, if not previously claimed, they may be sold at public auction; provided, that, within two days after they shall have been impounded, notice of the sale shall have been conspicuously posted in the pound or vicinity.

Any person claiming property in such impounded animals before the day of sale, may recover the same, after suitable proof of his or her right thereto, upon payment for each animal of the sum of two dollars and the expenses of keeping; the expenses of keeping to be reckoned as follows:

For each horse, dog, or head of neat stock, sixty cents per day;

For each goat, swine, or sheep, twenty-five cents per day.
These charges shall be paid to the chief park keeper of Tower Grove Park, and the money thus collected shall by him be handed over within one week to the comptroller of the board.

If within one month after the sale of any impounded animals their former owner shall appear and claim the same, the treasurer shall, after deducting the full amount of the charges provided for above, pay over to him the proceeds of their sale; otherwise the amount shall be added to the funds of the board.

8.   No animal shall travel on any part of the Tower Grove Park, except upon the drive or carriage road, at a rate exceeding six miles per hour.  Persons on horseback shall not travel on the drive or equestrian road at a rate exceeding seven miles per hour.

9.   No vehicle or riding shall be permitted on the walks, the same being devoted exclusively to pedestrians; nor shall any vehicle, horse, or burden, go

# Exhibit 118

# CONCEALED WEAPONS.

## Judge Brannon's Decision on This Subject.

## HIS CONCLUSIONS VERY SWEEPING.

### The Law Recognizes No Difference in Persons and All Should be Prohibited from This Practice.

BUCKHANNON, W. VA., October 12.—At the late term of the Circuit Court of Upshur county, a young man by the name of Long was tried on an indictment for carrying a pistol contrary to the act of 1882. The evidence for the prosecution was that Long was seen going along the public highway with a revolver in his hand.

The defense proved that Long was a peaceable citizen of good moral character and that he carried the weapon because that in passing along that road a short time previously, he had been pursued by a panther, and was alarmed for his safety.

**The Judge Ruled Out**

that part of the evidence relating to the danger of a panther, as an animal was not contemplated by the act of the Legislature which refers to the danger of bodily harm from some person as justifying the carrying of such weapons embraced in the law.

A verdict of guilty was rendered by the jury, and in the motion to arrest judgment and set aside the verdict, an able and elaborate argument was made by the prisoner's counsel. The ground set forth was the unconstitutionality of the law—first conflicting with the Second and Fourteenth amendments to the federal constitution, and also conflicting with our State constitution, which

**Prohibits Class**

legislation, it being contended that the feature which allows persons of good character and peaceable habits, under certain contingencies, to be exempt from the penalties of the law, is legislation in favor of a class.

The decision rendered by Judge Henry Brannon, who presided sustained the law. As the law is one which has universally met with public favor, and one that has evoked eloquent eulogies from the bench in various parts of the State, your correspondent called upon Judge Brannon with a request that a copy of his decision be furnished for publication a favor that His Honor politely granted. It is clear, concise, and will doubtless be

**Received as Conclusive.**

I herewith append it

The habit of carrying deadly weapons had become so prevalent and hurtful, that the legislature, regarding the old statute insufficient, passed an act in 1882, forbidding a person to carry about his person any revolver or other pistol, dirk, bowie-knife, razor, slung shot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon of like kind or character.

In this case it is urged that this act is void, because in violation of the Second Amendment of the Federal Constitution, which provides that "a well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed," and also because it grants the right to carry weapons for self defense only to persons who are quiet and peaceable citizens of good character and standing, and thus

**Violates the Fundamental Principle**

that all citizens stand equal before the law: and violates that provision of the Fourteenth amendment prohibiting States from passing "any law which shall abridge the privileges or immunities of citizens, or deny to any person within their jurisdiction the equal protection of the laws."

It is a very grave act for a court to overthrow and defeat an act of the Legislature, and should be done only when its unconstitutionality is manifest. Where the repugnance to the Constitution is undoubted, the judge must yield to that high duty of respecting that higest law, the will of the people expressed in the Constitution, rather than the will of the Legislature; but never where he is doubtful, and all doubts go in favor of the act. All courts hold this doctrine. Bridges v. Shallcross, 6 W. Va.

Is it the right of the citizen to wear abroad the small and insidious arms prohibited by this act? Or does the second amendment only guarantee the right to bear large arms, such as are useful in war and in defense of liberty against arbitrary power? Clearly the latter only. In days of tyranny long ago, when monarchical power sought supreme sway and to trample down freedom, history tells us that one of its favorite methods was the

**Disarming of the People**

and wrenching from their hands and homes those arms useful and effective in defense of liberty and dangerous only to tyrants. In this free country this amendment was incorporated to avoid the dangers of the past. Another reason for its adoption was this: Standing armies had been engines of oppression in the past, and American sentiment was opposed to them, and as a substitute reliance was placed on the citizen militia, and to render it efficient it was desirable to train it to the use of arms common in war. The intimate connection in the ammendment of this provision about learning arms with the language, "a well regulated militia being necessary to the security of a free state," shows that military efficiency and popular liberty were in the mind of its draftsman rather than individual privilege. It intended, it defends individual privilege to save the right of the citizen to keep at his home and premises arms ordinarily used in war, and has no reference to small weapons which may be hidden in the pocket and first seen when drawn to do their deadly work. The lives of the people and the public peace are the highest objects of the protection of the law, and this act has

**These High Objects,**

in view. The pistol, the bowie-knife, the stiletto, the slung shot, the billy and the knuckles are the weapons of the ruffian and law breaker, are used in the riot or affray, are dangerous in moments of anger or intoxication, and from them a vast amount of murder, bodily injury and family distress arise, and from them many a bitter tear has flowed. Certainly it was never intended by the constitution to prohibit the Legislature from protecting the lives of the people and the public peace from their greatest foes; it was not intended to withhold the power to regulate within the bounds of prudence and usefulness the bearing of these weapons. It certainly can not be converted into a license to the evil disposed to make their persons walking arsenals to run rampant over the peace of the State, and disarm the Legislature of power to regulate or check it. Such a construction would make the Constitution defend lawlessness, tumult and anarchy, and sacrifice law, order and public security. I cannot yield to this dangerous construction. The construction of law must be reasonable. The act is wise and salutary, is doing good in this State, and the courts

**Should Sustain It.**

The great law writer Bishop, in his work on statutory crimes, sustains this view. Speaking of this clause in the Federal Constitution, he says:

"As to its interpretation, if we look at the question in the light of judicial reason, without the aid of specific authority, we shall be led to the conclusion that the provision protects only the right to 'keep' such 'arms' as are used for purposes of war in distinction from those which are employed in quarrels, brawls and fights between maddened individuals, since such only are properly known by the name of "arms," and such only are adapted to promote "the security of a free State." In like manner the right to "bear" arms refers merely to the military way of using them, not to their use in bravado or affray. In Georgia and Kentucky such acts have been held void, but in Arkansas, Alabama, Tennessee and Pennsylvania, they have been sustained, and Bishop says the Arkansas doctrine is approved generally by American courts. Remember that this act recognizes the right to keep and carry a pistol about one's dwelling house or premises, carrying it from the

**Place of Purchase**

home, and from home to a place of repair and back again, and only prohibits their carriage on the premises of others and in public places. For purposes of self defense in immediate danger its allows a peaceable citizen of good character to carry weapons. These exceptions in the act are useful and necessary; but who will say that it is a useful or necessary privilege to the citizen to go abroad through the land wearing these deadly weapons?

But, it is argued here that the act discriminates between citizens, by allowing persons of good character the right of self-defense, while denying it to others. It does not deny the right of self-defense, for if a person of the worst character were assailed and in such danger as to warrant the exercise of the right of self defense and with his pistol were to slay his adversary, he could plead self defense on trial for murder, whilst he might be indicted for carrying a pistol beforehand. It is not a denial of the plea of self defense; it only denies to bad, dangerous persons the right to arm beforehand and carry weapons, because they are a danger to the place, whereas the

**Law-Abiding are Not.**

The power of regulation visited in the Legislature for police purposes and the maintenance of morals, law and order for the good of society are necessarily wide, even though it may seem to work discrimination between persons.

The right to earn a livelihood is a great right; yet no once can practice law, keep a hotel or sell liquor without proving a good moral character. Such has been the law for years, and no one has questioned its validity. A doctor must now prove a good character to practice. These powers of apparent discrimination must exist *ex necessitate rei*, from the necessity of the case. Liberty to the citizen is a great attribute and deserving of all protection; but it must be liberty regulated by law and consistent with the behests of organized civil society, not mere self-willed, arbitrary license. But suppose this feature limiting the right to carry weapons for self-defense to persons of character were invalid, it should not destroy the whole act. A court which should be of opinion that this particular feature is void, would disregard it by allowing the party to prove the danger impending over him, and that

**He Carried the Weapon**

in self-defense, and dispensing with proof of character. The act admits the main feature, the right to carry for self defense, but adds the condition of good character; but this latter provision is not so intimately connected with the self defense provision that it may not be separated from it, and the self defense clause stand independent of it and be executed without it. Cooley says: "A statute may contain some unconstitutional provisions, and yet the same act may contain other useful and salutary provisions not obnoxious to any just constituted exceptions. It would be inconsistent with all just principles of constitutional law to adjudge these enactments void, because they are associated in the same act but not connected with or dependent on others which are unconstitutional. Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void, unless all the provisions are connected in subject matter, dependent on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed

**The One Without the Other.**

The constitutional and unconstitutional provisions may even be in the same section, and yet be perfectly distinct and separable, so that the first may stand through the last fall. The point is not whether they are contained in the same section; for the distribution into sections is purely artificial, but whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained."

The Fourteenth Amendment does not apply. The right to carry the weapons prohibited by this act is not a "privilege" or "immunity" within its meaning, nor does it deny the equal protection of the law. It is likely not designed to apply to the right to bear arms, for the other amendment applies to that subject, and there is no need for this as to this subject. It has other objects in view a discussion of which would make this opinion too long but if it

**Could be at All Applied**

to this subject, it would not grant the right to bear arms such as those prohibited by this act, and the remarks above would answer this point.

# Exhibit 119

290          LAWS OF WISCONSIN.—Ch. 329 -330.

[No. 5, S.]                    [Published April 7, 1883.]
CHAPTER 329.

AN ACT to prohibit the use and sale of pistols and revolvers.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

Relating to the sale of pistols.

SECTION 1.   It shall be unlawful for any minor, within this state, to go armed with any pistol or revolver, and it shall be the duty of all sheriffs, constables, or other public police officers, to take from any minor, any pistol or revolver, found in his possession.

SECTION 2.   It shall be unlawful for any dealer in pistols or revolvers, or any other person, to sell, loan, or give any pistol or revolver to any minor in this state.

SECTION 3.   It shall be unlawful for any person in a state of intoxication, to go armed with any pistol or revolver.   Any person violating the provisions of this act, shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding one hundred dollars ($100).

SECTION 4.   This act shall take effect and be in force from and after its passage and publication.

Approved April 3, 1883.

_____

[No. 38, S.]                   [Published April 13, 1883.]
CHAPTER 330.

AN ACT to provide for the punishment of attempts to commit felonies or other crimes, and amendatory of section 4385, revised statutes.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

Relating to punishment for attempt to commit felonies and other crimes.

SECTION 1.   Section 4385 of the revised statutes, is hereby amended so as to read as follows;   Section 4385.   Any person who shall assault another with intent to commit any burglary, robbery, rape or mayhem, or who shall advise or attempt to commit any arson, or any other felony, that shall fail in being committed, the punishment for which such assault, advice or attempt is not herein prescribed, shall be punished by imprisonment in the state prison not more than three years nor less than one year, or by fine, not exceeding one

Digitized from Best Copy Available

Compendium
Page 387

LAWS OF WISCONSIN.—Ch. 331.                    291

thousand dollars ($1,000), nor less than one hundred dollars ($100).

Section 2.   This act shall take effect and be in force from and after its passage and publication.

Approved April 3, 1883.

[No. 37, A.]                              [Published April 14, 1883.]

CHAPTER 331.

AN ACT for the conditional repeal of chapter 19, laws of 1873, entitled, "an act to authorize Abel Neff and Samuel Neff to keep and maintain a bridge across the Wolf river, at the village of Fremont, in Waupaca county."

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

Section 1.   Chapter nineteen (19) of the laws of Wisconsin, of 1873, entitled, "an act to authorize Abel Neff and Samuel Neff to keep and maintain a bridge across Wolf river, at the village of Fremont, in Waupaca county," is hereby repealed, unless said bridge shall, on or before the first day of September next, be placed in good repair and safe condition, by the owner thereof, for the usual and ordinary purposes of travel, for the accommodation of vehicles of all kinds, and before said time be so declared in writing, by a committee of the county board of supervisors of Waupaca county to be appointed by the chairman of said board for that purpose, and in that event said charter shall be and remain in force under the condition and limitations therein contained.

May build and maintain a bridge.

Section 2.   This act shall take effect from and after its passage and publication.

Approved April 3, 1883.

Digitized from Best Copy Available

Compendium
Page 388