Christopher T. Casamassima (CA Bar No. 211280)
chris.casamassima@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel. 213-443-5374

*Counsel for Amici Curiae*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| RENO MAY, an individual; ANTHONY MIRANDA, an individual; ERIC HANS, an individual; OSCAR A. BARRETTO, JR., an individual; ISABELLE R. BARRETTO, an individual; BARRY BAHRAMI, an individual; PETE STEPHENSON, an individual; ANDREW HARMS, an individual; JOSE FLORES, an individual; DR. SHELDON HOUGH, DDS, an individual; SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; THE LIBERAL GUN CLUB, INC.; and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,<br><br>                    Plaintiffs,<br><br>v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,<br><br>                    Defendants. | Hon. Cormac J. Carney<br><br>Case No.: 8:23-cv-01696-CJC-ADS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION BY PROFESSORS OF PROPERTY LAW FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANT BONTA'S OPPOSITION TO MOTIONS FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: December 4, 2023<br>Time: 1:30 p.m.<br>Judge: Honorable Cormac J. Carney<br>Courtroom: 9 B |

| | |
|---|---|
| MARCO ANTONIO CARRALERO; GARRISON HAM; MICHAEL SCHWARTZ; ORANGE COUNTY GUN OWNERS PAC; SAN DIEGO COUNTY GUN OWNERS PAC; CALIFORNIA GUN RIGHTS FOUNDATION; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California, <br><br> Defendant. | Hon. Cormac J. Carney <br><br> Case No.: 8:23-cv-01798-CJC-ADS |

With the consent of all parties, Ian Ayres, Oscar M. Ruebhausen Professor at Yale Law School, and Fredrick Vars, Ira Drayton Pruitt, Sr. Professor of Law at University of Alabama School of Law,[1] (collectively, "Amici") respectfully move for leave to file an amicus curiae brief in support of Defendant's opposition to Plaintiffs' motions for preliminary injunction. The proposed amicus brief is attached as **Exhibit A**.

## I. LEGAL STANDARD

"The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see Gerritsen v. de law Madrid Hurtado*, 819 F.2d 1511, 1514 n.3 (9th Cir. 1987). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 905 (C.D. Cal. 2021) (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)). "[T]his Court has generally found it preferable to err on the side of permitting such briefs." *Id.* at 906. Considering that the instant amicus brief is filed with the consent of all parties, this Court should again hew to this principle and permit its filing.

## II. CONSIDERATION OF THE RELEVANT FACTORS SUPPORTS GRANTING AMICI'S UNOPPOSED MOTION FOR LEAVE TO FILE THEIR BRIEF

As this Court has noted time and again, courts "generally grant requests to participate as amicus curiae where the requesting party … 'has unique information or perspective that can help the court beyond the help that the lawyers for the

---

[1] The views of the amici expressed here do not necessarily reflect the views of the institutions with which they are or have been affiliated, whose names are included solely for purposes of identification.

1

parties are able to provide.'" *Stoyas v. Toshiba Corp.*, 2021 WL 2314200, at *1 (C.D. Cal. June 7, 2021) (quoting *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)). Amici have a unique perspective on the doctrinal and policy issues implicated by this case, particularly as they relate to SB2's private-property default rule codified at Cal. Penal Code § 26230(a)(26). Amici have researched and written extensively on the relationship between property law and firearm regulation. Specifically, in their book *Weapon of Choice: Fighting Gun Violence While Respecting Gun Rights* (Harv. U. Press, 2020), amici argue that States can, and should, enable commercial property owners to give meaningful and informed consent before entrants carry weapons inside their establishments. *Id*. at 84. Reflecting their significant investment in the issue, amici have submitted briefs in other challenges to private-property default rules. *See, e.g.*, Brief for Professors of Property Law as Amici in Support of Defendants-Appellants and Reversal, *Wolford v. Lopez*, No. 23-16164 (9th Cir. October 12, 2023), ECF No. 11; Brief for Professors of Property Law as Amici in Support of Defendants-Appellants and Reversal, *Antonyuk v. Hochul*, No. 22-2908 (2d Cir. Jan. 17, 2023), ECF No. 191; Brief for Professors of Property Law as Amici in Support of Defendant-Appellant and Reversal, *Christian v. Nigrelli*, No. 22-2987 (2d Cir. Jan. 30, 2023), ECF No. 76.

   Amici's proposed brief also provides critical context not included in Defendant's Memorandum in Opposition to Plaintiffs' Motions for Preliminary Injunction. Drawing on their scholarly expertise and research, amici offer unique insight into the long history of the right to exclude and the State's ability to shape and reinforce that right. *See, e.g.*, Ayres & Vars, *Weapon of Choice: Fighting Gun Violence While Respecting Gun Rights* 80-98 (Harv. U. Press, 2020); Ayres & Jonnalagadda, *Guests with Guns: Public Support for "No Carry" Defaults on Private Land*, 48 J.L. Med. & Ethics 183 (Winter 2020); Ayres & Gertner, *Majoritarian vs. Minoritarian Defaults*, 51 Stan L. Rev. 1591 (1999); Ayres &

Gertner, *Filling Gaps in Incomplete Contracts: An Economic Theory of Default Rules*, 99 Yale L.J. 87 (1989). As amici explain in their brief, default-shifting legislation with respect to private property is at the heart of States' enduring prerogative to reinforce private owners' right to exclude, empowering property owners to decide for themselves how best to protect themselves and their property. Amici are uniquely positioned to provide this important context to the Court.

Moreover, amici's proposed brief provides useful and timely information. As noted above, amici's brief supplies critical background on the property law issues at play in this litigation, particularly with respect to the right to exclude and the operation of default-shifting legislation. And it was filed one business day after Defendant's brief—well within the time frame set forth in the related federal appellate rule. *See* Fed. R. App. P. 29(a)(6) (an amicus curiae must file its brief within 7 days of the filing of the principal brief of the party being supported). Participation of amici will effect no delay in the briefing or argument in this case.

Finally, the fact that the movant is partial to a particular outcome in this case poses no reason to reject the brief. *See Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) ("[T]here is no rule that amici must be totally disinterested."); *Stoyas*, 2021 WL 2315200, at *1 (C.D. Cal. June 7, 2021) ("'The touchstone is whether the amicus is helpful, and there is no requirement that amici must be totally disinterested.'" (quoting *Earth Island Inst. v. Nash*, 2019 WL 6790682, at *1 (E.D. Cal. Dec. 21, 2019)). All parties consent to the filing of amici's brief, and it contains critical information that may aid the Court in its decision.

## CONCLUSION

Amici respectfully request that the Court grant this motion for leave to file their amicus brief.

Dated: November 6, 2023             /s/ Christopher T. Casamassima
    Los Angeles, California          Christopher T. Casamassima

| | |
|---|---|
| 1 | (CA Bar No. 211280) |
| 2 | chris.casamassima@wilmerhale.com |
| 3 | WILMER CUTLER PICKERING |
|   |   HALE AND DORR LLP |
| 4 | 350 South Grand Avenue, Suite 2400 |
| 5 | Los Angeles, CA 90071 |
|   | Tel. 213-443-5374 |

*Counsel for Amici Curiae*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Professors of Property Law, certifies that this brief contains 1,054 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 6, 2023     /s/ Christopher T. Casamassima
       Los Angeles, CA      Christopher T. Casamassima (CA Bar No. 211280)