ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
ROBERT L. MEYERHOFF
Deputy Attorney General
TODD GRABARSKY
Deputy Attorney General
State Bar No. 286999
　300 South Spring Street, Suite 1702
　Los Angeles, CA  90013-1230
　Telephone:  (213) 269-6044
　Fax:  (916) 731-2144
　E-mail:  Todd.Grabarsky@doj.ca.gov
*Attorneys for Rob Bonta, in his Official Capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO CARRALERO, AN INDIVIDUAL, ET AL.;<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ROBERT BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　　　Defendant. | Case No. 8:23-cv-01798-MRA (ADSx)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Courtroom:　10B<br>Judge:　　　Hon. Mónica Ramírez Almadani<br>Action Filed: September 26, 2023 |

## JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Court's Reassignment Order (Dkt. No. 55), the parties submit the following Joint Case Management Conference Statement:

    a)    <u>The date the case was filed</u>. September 26, 2023.

    b)    <u>A list identifying or describing each party</u>. The individual Plaintiffs are Marco Antonio Carralero, Garrison Ham, and Michael Schwartz. The organizational Plaintiffs are Orange County Gun Owners PAC, San Diego County Gun Owners PAC, California Gun Rights Foundation, and Firearms Policy Coalition, Inc. Defendant Rob Bonta is the Attorney General of the State of California and the State's chief law enforcement officer.

    c)    <u>A brief summary of all claims, counter-claims, cross-claims, or third-party claims.</u>

*Plaintiffs' statement*: Plaintiffs wish to carry their firearms in locations that California Senate Bill No. 2 (SB 2) now treats as "sensitive places" where carrying a firearm violates the Penal Code. Plaintiffs allege that California SB 2's designation of these many new allegedly "sensitive places" violates their Second Amendment protected rights. Plaintiffs further challenge SB 2's new rule banning the carriage of firearms in "any . . . privately owned commercial establishment that is open to the public, unless the operator of the establishment clearly and conspicuously posts a sign" allowing the carry of firearms.

*Defendant's statement*: Defendant contends that SB 2's firearm restrictions in the designated sensitive places and other provisions challenged in this lawsuit are constitutional.

There are no counter-claims, cross-claims, or third-party claims as of yet in this case.

    d)    <u>A brief description of the events underlying this action.</u>

*Plaintiffs' statement*: Following the decision in *NYSRPA v. Bruen*, California enacted SB 2, which designated several new "sensitive places" banning the carriage

of firearms. SB2 also now prohibits the carriage of firearms in privately owned commercial establishments open to the public without the affirmative consent of the property owner. Plaintiffs contend that SB 2's changes violate their Second Amendment protected rights.

*Defendant's statement*: Defendant contends that the challenged provisions in SB 2 are constitutional.

e) <u>A description of the relief sought and the damages claimed with an explanation of how damages have been (or will be) computed.</u> Plaintiffs seek declaratory relief, preliminary and permanent injunctive relief, and costs of suit (including reasonable attorney's fees). Plaintiffs are not seeking damages at this time.

f) <u>The status of discovery, including any significant discovery management issues, as well as the applicable cut-off dates.</u> Discovery has not commenced in this case, nor has any discovery cut-off been set.

g) <u>A procedural history of the case, including any previous motions that were decided or submitted, any ADR proceedings or settlement conferences that have been scheduled or concluded, and any appellate proceedings that are pending or concluded.</u> After filing the Complaint, Plaintiffs moved for a preliminary injunction, Defendant opposed that motion, and, after a hearing on the motion on December 20, 2023, the court issued the preliminary injunction Plaintiffs requested. Dkt. No. 42. Defendant appealed the issuance of the preliminary injunction and filed an emergency motion to stay the injunction pending appeal, 9th Cir. Case No. 23-4354, Dkt. Nos. 1, 2, which Plaintiffs opposed, 9th Cir. Dkt. No. 7. The motions panel granted an administrative stay of the preliminary injunction on December 30, 2023, 9th Cir. Dkt. No. 10, and the merits panel dissolved that stay on January 6, 2024, 9th Cir. Dkt. No. 12. The Ninth Circuit ordered expedited briefing on the appeal, oral argument was held on April 11, 2024, and the appeal is now under submission. 9th Cir. Dkt. No. 64.

On February 5, 2024, while the appeal of the preliminary injunction was pending, the district court entered a joint stipulation from Plaintiffs and Defendant extending the deadline to file a responsive pleading to the Complaint until 21 days after the Ninth Circuit issues a decision on the appeal of the preliminary injunction. Dkt. No. 53.

h) <u>A description of any other deadlines in place before reassignment</u>. There were no deadlines in place prior to reassignment.

i) <u>Whether the parties will consent to a magistrate judge for trial</u>. The parties do not consent to a magistrate judge for trial.

j) <u>A statement from each parties' counsel indicating they have (1) discussed the magistrate judge consent program with their respective client(s), and (2) met and conferred to discuss the consent program and selection of a magistrate judge</u>. Defendant's counsel has discussed the magistrate judge consent program with its client. Plaintiffs' counsel has discussed the magistrate judge consent program with its clients. Counsel for Plaintiffs and Defendant have met and conferred to discuss the consent program and selection of a magistrate judge.

| | | |
|---|---|---|
| 1 | Dated: June 27, 2024 | Respectfully submitted, |
| 2 | | ROB BONTA |
| | | Attorney General of California |
| 3 | | MARK R. BECKINGTON |
| 4 | | Supervising Deputy Attorney General |
| 5 | | |
| 6 | | /s/ Todd Grabarsky |
| | | TODD GRABARSKY |
| 7 | | Deputy Attorney General |
| | | *Attorneys for Defendant Rob Bonta in his official capacity as Attorney* |
| 8 | | *General of the State of California* |
| 9 | Dated: June 27, 2024 | Respectfully submitted, |
| 10 | | BENBROOK LAW GROUP, PC |
| 11 | | |
| 12 | | /s/ Stephen M. Duvernay |
| | | BRADLEY A. BENBROOK |
| 13 | | STEPHEN M. DUVERNAY |
| 14 | | *Attorneys for Plaintiffs* |