1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12  MARCO ANTONIO CARRALERO , et al.

Plaintiff(s),

13  v.

14  ROB BONTA

15              Defendant(s).

16

17

18

| | |
|---|---|
| Case No. 8:23−cv−01798−MRA−ADS | |
| **ORDER SETTING SCHEDULING CONFERENCE** | |
| **Date:** | **May 5, 2025** |
| **Time:** | **1:30 p.m.** |
| **Courtroom:** | **10B** |

19

20

21

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

22       This case has been assigned to United States District Judge Mónica Ramírez

23  Almadani. This matter is set for a Scheduling Conference on the above date in

24  Courtroom 10B of the First Street Courthouse, 350 West 1st Street, Los Angeles,

25  CA 90012. Judge Mónica Ramírez Almadani's procedures web page is

26  incorporated in this Order. The parties and counsel shall review and comply

27  with those procedures and notices, which are available at

28  http://www.cacd.uscourts.gov/honorable-mónica-ramírez-almadani.

## A.    PRELIMINARY MATTERS

**1.    Service of Pleadings.** If plaintiff has not already served the operative complaint on <u>all</u> defendants, plaintiff shall do so <u>promptly</u> and shall file proofs of service of the summons and complaint within three (3) days thereafter. *See* Fed. R. Civ. P. 4. Defendants also shall timely serve and file their responsive pleadings (if not previously done) and comply the requirements of Local Rule 5-3.2. The Court will not consider motions or stipulations to continue deadlines to respond to the complaint without the required proofs of service. At the Scheduling Conference, the court will set a date by which motions to amend the pleadings or add parties must be heard.

**2.    Order Applies to *Pro Se* Litigants.**  "Counsel," as used in this Order, includes parties who have elected to appear without counsel and are representing themselves in this litigation (hereinafter referred to as "Pro Se Litigants"). *Pro Se* Litigants must comply with this Order, the Federal Rules of Civil Procedure, and the Local Rules. *See* L.R. 1-3, 83-2.2.3. *Pro Se* Litigants are required to participate in the scheduling conference.

**3.    Notice to be Provided by Counsel**.  Plaintiff's counsel or, if plaintiff is a *Pro Se* Litigant, defendant's counsel, shall provide this Order to all known parties who have not yet appeared or who appear after the date of this Order. This and all other applicable orders in this case are available at the bottom of Judge Ramírez Almadani's webpage (http://www.cacd.uscourts.gov/honorable-mónica-ramírez-almadani). The Local Rules are available on the Central District of California website https://www.cacd.uscourts.gov/court-procedures/local-rules).

**4.    Compliance with Fed. R. Civ. P. 26.**  The scheduling conference will be held pursuant to Fed. R. Civ. P. Rule 16(b). The parties are reminded of their obligations to (i) make initial disclosures "without awaiting a discovery request" (Fed. R. Civ. P. 26(a)(1)) and (ii) confer on a discovery plan at least twenty-one (21) days before the scheduling conference (Fed. R. Civ. P. 26(f)). The Court

encourages Counsel to agree to begin to conduct discovery actively before the

Scheduling Conference. At the very least, the parties shall comply fully with the

letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of

what would be produced in the early stage of discovery. At the scheduling

conference the Court will impose strict deadlines to complete discovery.

**5.    Participation of Lead Trial Counsel and Unrepresented Parties.**
Lead trial counsel and any unrepresented parties must attend the scheduling

conference, unless excused by the Court for good cause prior to the conference.

**6.    Continuance.**  A request to continue the scheduling conference will be

granted only for good cause. The parties should plan to file the Joint Rule 26(f)

Report on the original due date even if a continuance is granted. The Court will not

continue the scheduling conference to allow the parties to explore settlement.

**7.    Vacating the Conference.**  The Court may vacate the scheduling

conference and issue a case management order based on the Joint Rule 26(f)

Report.

**B.    <u>PARTIES MUST PREPARE AND FILE A JOINT RULE 26(f) REPORT</u>**

The Joint Rule 26(f) Report must be filed not later than fourteen (14) days

before the scheduling conference. The Report shall be drafted by plaintiff (unless

plaintiff is a *Pro Se* Litigant or the parties agree otherwise) but shall be submitted

and signed jointly. "Jointly" means a single report, regardless of how many

separately-represented parties exist in the case. The Joint Rule 26(f) Report

shall specify the date of the Mandatory Scheduling Conference on the caption

page. Under the title, it shall list the dates of the (1) Original Complaint;

(2) Removal (if removed); (3) Responsive Pleading; (4) and Final Pretrial

Conference (Proposed). The Joint Rule 26(f) Report shall report all the following

information, which include those required to be discussed by Rule 26(f) and Local

Rule 26, and use numbered section headings and lettered sub-headings that

correspond to those below:

1    **1.    Statement of the Case.** A short synopsis (not to exceed two (2) pages)

2    of the main claims, counterclaims, affirmative defenses, and procedural history.

3    **2.    Subject Matter Jurisdiction.** A statement of the specific basis of

4    federal jurisdiction, including supplemental jurisdiction. For federal question

5    jurisdiction, cite the federal law under which the claim arises. For diversity

6    jurisdiction, state each party's citizenship and the amount in controversy.

7    **3.    Legal Issues.** A brief description of all key legal issues, including any

8    significant procedural, substantive, or evidentiary motions.

9    **4.    Parties, Evidence, etc.** A list of parties, percipient witnesses, and key

10    documents on the main issues in the case. For conflict purposes, corporate parties

11    must identify all subsidiaries, parents, and affiliates.

12    **5.    Damages.** The realistic range of provable damages.

13    **6.    Insurance.** Whether insurance coverage exists, the extent of coverage,

14    and whether there is or will be a reservation of rights.

15    **7.    Motions.**

16    **(a)    Procedural Motions.** A statement of the likelihood of motions

17    seeking to add other parties or claims, file amended pleadings, transfer venue, or

18    challenge the court's jurisdiction.

19    **(b)    Dispositive Motions.** A description of the issues or claims that

20    any party believes may be determined by motion to dismiss or motion for summary

21    judgment. The parties should refer to the Court's web page

22    (http://www.cacd.uscourts.gov/honorable-mónica-ramírez-almadani) for specific

23    guidelines governing summary judgment motions.

24    **(c)    Class Certification Motion.** For a putative class action, the Court

25    will set a deadline for hearing the class certification motion. The motion must be

26    filed sufficiently far in advance of the deadline to allow for: (i) four (4) weeks

27    for the opposition; (ii) two (2) weeks for the reply; and (iii) at least three (3)

28    weeks between the filing of the reply and the hearing. The parties must act

diligently and begin discovery immediately, because the motion must be filed not later than one hundred and twenty (120) days from the date originally set for the scheduling conference, unless the Court orders otherwise. Any request for additional time beyond the one hundred and twenty (120) days must be supported by a detailed "Class Certification Plan"–attached as an exhibit at the end of the Report–showing all anticipated activity and the corresponding date for each activity, up to the hearing on the motion. The failure to provide the Class Certification Plan will result in the denial of additional time.

**8.    Manual for Complex Litigation.**  A statement regarding whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

**9.    Discovery.**

**(a)    Status of Discovery.**  A discussion of the present state of discovery, including a summary of pending and completed discovery, and any current or anticipated disputes.

**(b)    Discovery Plan.**  A detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f). State what, if any, proposed changes in the disclosures under Fed. R. Civ. P. 26(a) should be made; the subject(s) on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited; whether applicable limitations should be changed or other limitations imposed; and whether the Court should enter other orders. A general statement to the effect that discovery will be conducted on all claims and defenses is unacceptable.

**(c)    Discovery Cut-off.**  A proposed discovery cut-off date governing the completion of all fact discovery, including resolution of all discovery motions.

**(d)    Expert Discovery.**  Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

**(e)    Settlement Conference/Alternative Dispute Resolution (ADR).**  A statement of what settlement negotiations have occurred, excluding any

statement of the terms discussed. If a Notice to Parties of Court-Directed ADR

Program (Form ADR08) was filed in this case, the court will refer the matter for

ADR. The parties must state their preference in the Joint Rule 26(f) Report for:

(i) the Magistrate Judge, (ii) the Court Mediation Panel, or (iii) a private

mediator (at the parties' expense). The Court will exercise its discretion to select

an ADR option for the parties if they fail to state a preference. No case will proceed

to trial unless all parties, including an officer of all corporate parties (with full

authority to settle the case), have appeared personally and participated in an

ADR proceeding.

    **(f)**    **Trial.**

        **i.**    **Trial Estimate.**  Provide a realistic estimate, in days, of the

court time required for trial and whether trial will be by jury or by court. Each side

should specify (by number, not by name) how many witnesses it contemplates

calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds

four (4) court days, counsel shall be prepared to discuss in detail the basis for the

estimate.

        **ii.**    **Jury or Court Trial.**  Specify whether trial will be by jury

or by court. The default will be a court trial if the parties fail to specify.

        **iii.**    **Consent to Trial Before a Magistrate Judge.**  Whether the

parties agree to try the case (either by jury or court trial) before a magistrate judge.

*See* 28 U.S.C. § 636 (requiring party consent). The parties are strongly encouraged

to consider consenting to trial before a Magistrate Judge. One benefit to giving

such consent is that the parties almost always will be able to proceed to trial sooner

than on a District Court Judge's calendar. Additionally, the parties are free to select

from among all Magistrate Judges available for this purpose, not just the Magistrate

Judge assigned to the parties' case. The Magistrate Judges have experience and

expertise in a variety of areas, including patent and trademark litigation. If the

parties consent to trial before a Magistrate Judge, the parties may choose any

6.

1    Magistrate Judge identified on the Central District website and submit the

2    appropriate consent form.

3              **iv.    Lead Trial Counsel.**  List the name of the attorney who will

4    serve as lead trial counsel, as well as other attorneys who will participate in the

5    trial. Only one attorney for a party may be designated as lead trial counsel unless

6    otherwise permitted by the Court. If a second lead trial counsel is permitted by the

7    Court, both counsel must attend the Pretrial Conference.

8              **(g)    Independent Expert or Master.**  State whether this is a case in

9    which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53

10   or an independent scientific expert. The appointment of a master may be especially

11   appropriate if there are likely to be substantial discovery disputes, numerous claims

12   to be construed in connection with a summary judgment motion, a lengthy *Daubert*

13   hearing, a resolution of a difficult computation of damages, etc.

14             **(h)    Other Issues.**  A statement of any other issues affecting case

15   management, including unusually complex technical issues, related litigations,

16   disputes over protective orders, extraordinarily voluminous document production,

17   non-English speaking witnesses, reasonable ADA accommodations, discovery in

18   foreign jurisdictions, the applicability of foreign law, the advanced age or health of

19   parties or key witnesses, and any proposals concerning severance, bifurcation, or

20   other ordering of proof.

21   **C.    <u>PARTIES MUST PREPARE AND FILE SCHEDULE OF PRETRIAL</u>**

22          **<u>AND TRIAL DATES WORKSHEET</u>**

23             Complete the text-fillable Schedule of Pretrial and Trial Dates Worksheet

24   ("Worksheet"), *see* Appendix A, which is available at the bottom of Judge

25   Ramírez Almadani's webpage. In additional to filing the Schedule of Pretrial and

26   Trial Dates Worksheet along with the Joint Rule 26(f) Report, **Counsel must**

27   **email the text-fillable Worksheet to Chambers** at

28   MRA_Chambers@cacd.uscourts.gov along with the Joint Rule 26(f) Report. The

Court will then issue an order setting the schedule governing the case. The parties must make every effort to agree on all pretrial dates.

In civil cases, the Court sets a trial date at the Final Pretrial Conference at which the Court expects the parties to be ready to proceed to trial. The parties shall confer before the Final Pretrial Conference to identify mutually agreeable trial date(s) within the 90 days following the Final Pretrial Conference. The trial date shall be set at the earliest date permitted by the Court's calendar. The Court will not consider motions or stipulations to continue the Final Pretrial Conference absent a showing of good cause. The parties shall be diligent in preparing their case for trial and not expect such motions to be granted.

**1.    Weeks Before FPTC.**  The "Weeks Before FPTC" column reflects what the Court believes is appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the Final Pretrial Conference. However, counsel may ask for earlier last dates by which the key requirements must be completed. Each date should be stated as month, day, and year, e.g., 10/17/2025.

**2.    Hearings.**  Hearings shall be on Mondays at 1:30 p.m. The Final Pretrial Conference shall be at 3:00 p.m. Other deadlines (those not involving the Court) can be any day of the week. Counsel must avoid holidays. The Court may order different dates than those requested. Believing that young lawyers need more opportunities for appearances than they usually receive, the Court encourages lead trial counsel to permit junior counsel, of five or fewer years out of law school, to fully participate in Court proceedings, including arguing motions and examining witnesses.

**3.    Discovery Cut-Off Date.**  The discovery cut-off date is the last date by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard.

1      **4.    Motions Cut-Off.**  The cut-off date for motions is the last date on which

2   motions may be heard, not filed.

3      **5.    Additional Dates.**  If the parties wish the Court to set dates in addition to

4   those on the Worksheet, they may so request by a separate Stipulation and

5   Proposed Order. This is often appropriate for class actions, patent cases, and

6   ERISA cases. For ERISA Cases Involving Benefits Claims, the parties may receive

7   a scheduling conference order as a matter of course. Because the ordinary pretrial

8   and trial schedule does not apply to these ERISA cases, the parties need only

9   submit a joint status report identifying any special issues that should be considered.

10  The parties should proceed with the preparation of the administrative record and

11  briefing without delay upon service of the complaint. A court trial, ordinarily

12  limited to oral argument on the administrative record, will be scheduled within

13  six months from the filing of the original complaint, unless good cause for

14  additional time is shown in the status report. If the Court concludes that the

15  decision would not benefit from oral argument, the matter may be submitted for

16  decision on the papers.

17  **D.    COUNSEL MUST DELIVER ORDER TO CLIENTS.**

18      Counsel are ordered to deliver to their clients a copy of this Order, which

19  will contain the schedule that the Court sets at the scheduling conference. This

20  and all other generally applicable orders of this court are available on the Central

21  District of California website, www.cacd.uscourts.gov.

22

23      **IT IS SO ORDERED.**

24

25

26  Dated:  March 18, 2025

HON. MONICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPENDIX A**
JUDGE MÓNICA RAMÍREZ ALMADANI
<u>SCHEDULE OF PRETRIAL DATES WORKSHEET</u>

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
**The Court <u>ORDERS</u> the parties to make every effort to agree on dates.**

| Case No. | | Case Name: | |
|---|---|---|---|
| **Final Pretrial Conference Dates** | | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Check one:   ☐ Jury Trial  or  ☐ Court Trial <br> *[The Court sets the trial date at the Final Pretrial Conference]* <br> Estimated Duration, in days: _____ | | NA | NA |
| Final Pretrial Conference ("FPTC") [L.R. 16] <br> *[Monday at 3:00 p.m., within 12 months of Scheduling Conference]* | | | |

| Event [1] <br> **Note:** Hearings must be on Mondays at 1:30 p.m. <br> Other dates can be any day of the week | **Weeks Before FPTC[2]** | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
|---|---|---|---|
| Opposition to Motions in Limine Filing Deadline | 3 | | |
| Motions in Limine Filing Deadline | 4 | | |
| Settlement Conference Completion Date [L.R. 16-15] <br> *Select one:* <br> ☐ Mag. Judge <br> ☐ Panel <br> ☐ Private | 5 | | |
| Last Date to **HEAR** <u>Daubert</u> Motions *[Monday]* | 8 | | |
| Last Date to **HEAR** Non-Discovery Motions *[Monday]* <br> (see Procedures page for Rule 56 Motion deadlines) | 12 | | |
| Expert Discovery Cut-Off | 14 | | |
| Expert Disclosure (Rebuttal) | 17 | | |
| Expert Disclosure (Initial) | 21 | | |
| Non-Expert Discovery Cut-Off <br> (no later than deadline for *filing* dispositive motions) | 24 | | |
| Last Date to <u>Hear</u> Motions to Amend Pleadings/Add Parties <br> *[Monday 90 days after Rule 16 Scheduling Conference]* | X | | |

_____

[1]  Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).
[2]  This is the Court's recommended default timeline for certain events. The parties may propose alternate dates based on the needs of each individual case.