UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:23-cv-01696-MRA-ADS & 8:23-cv-01798-MRA-ADS | Date | July 16, 2025 |
|---|---|---|---|
| Title | *Reno May, et al. v. Robert Bonta, et al. & Carralero, et al. v. Bonta* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER CONSOLIDATING CASES**

On June 9, 2025, the Court held a Scheduling Conference in two related cases, *May v. Bonta*, 8:23-cv-01696-MRA-ADS, and *Carralero, et al. v. Bonta*, 8:23-cv-01798-MRA-ADS. *May*, ECF 72; *Carralero*, ECF 73. At the Scheduling Conference the Court ordered the parties to file a status report within 30 days of the Scheduling Conference updating the Court on the parties' positions with respect to consolidation or coordination of the two cases. In their prior Joint Rule 26(f) Reports, the parties had recognized that these cases "are similar with only a few differences in the aspects of the statute challenged" and that "[a]ll parties agree[d] that it would serve the interests of justice for this Court to continue to hear the two cases together on the same schedule." *May*, ECF 67 at 2 n.1; *Carralero*, ECF 68 at 2 n.1. On June 13, 2025, the Court issued a Civil Trial Order in both cases, setting identical pretrial dates and deadlines. *May*, ECF 74; *Carralero*, ECF 73.

Before the Court are the parties' Joint Status Reports. *May*, ECF 75; *Carralero*, ECF 74. Plaintiffs' position is that the Court should consider coordinating, but not consolidating, the two cases for case management purposes. They maintain that coordination is preferred "to prevent any conflicts between the parties (as may be the case, for example, in the event settlement opportunities arise that would require severance if the cases are consolidated)." *May*, ECF 75 at 2; *Carralero*, ECF 74 at 2. Defendant's position is that the Court should coordinate the cases at a minimum, but "[g]iven how related the issues in these two cases are," the Court should also consider consolidation. *May*, ECF 75 at 2-3; *Carralero*, ECF 74 at 2.

Federal Rule of Civil Procedure 42(a) allows for the consolidation of actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts have broad discretion under Rule 42(a) to consolidate cases pending in the same district. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016). In determining whether to consolidate, "a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:23-cv-01696-MRA-ADS & 8:23-cv-01798-MRA-ADS | Date | July 16, 2025 |
|---|---|---|---|
| Title | *Reno May, et al. v. Robert Bonta, et al.* & *Carralero, et al. v. Bonta* | | |

caused by consolidation." *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003).

There is no dispute that consolidation would further the interests of judicial convenience, and the Court does not find that consolidation would cause any potential for delay, confusion, or prejudice. The parties recognize that these cases present substantially similar challenges to the same statute. Moreover, these cases were previously consolidated both for the preliminary injunction hearing and on appeal. The Court recognizes Plaintiffs' concerns around the potential for conflicts in the course of settlement negotiations, but consolidation does not alter the rights of the parties to independently settle each case. It is well-established that consolidation "does not merge the suit into a single cause, change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *see also Hall v. Hall*, 584 U.S. 59, 72 (2018) ("[C]onsolidation could not prejudice rights to which the parties would have been due had consolidation never occurred."). In other words, "each suit retains its separate character, with separate judgments entered." *Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002).

Accordingly, for the reasons stated herein, *May v. Bonta*, 8:23-cv-01696-MRA-ADS, and *Carralero, et al. v. Bonta*, 8:23-cv-01798-MRA-ADS, are hereby **CONSOLIDATED** into a Consolidated Action for all purposes, including, without limitation, discovery, pretrial proceedings, and trial. The Court further **ORDERS** as follows:

1. Every pleading in the Consolidated Action shall have the following caption:

| *In re: Senate Bill 2 Litigation* | Case No. 8:23-cv-01696-MRA-ADS |
|---|---|
| This Document Relates To: | Hon. Mónica Ramírez Almadani |

2. The file in *May v. Bonta*, 8:23-cv-01696-MRA-ADS, shall constitute the master file for every action in the Consolidated Action. The Clerk shall administratively close *Carralero, et al. v. Bonta*, 8:23-cv-01798-MRA-ADS. Where the caption states "This Document Relates To:", the parties shall use the phrase "All Actions" when the document being filed pertains to all actions or the case name and number for the individual action to which the document applies.

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:23-cv-01696-MRA-ADS & 8:23-cv-01798-MRA-ADS | Date | July 16, 2025 |
|---|---|---|---|
| Title | *Reno May, et al. v. Robert Bonta, et al. & Carralero, et al. v. Bonta* | | |

3.  This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action with good cause shown.

**IT IS SO ORDERED.**

|  |  |
|---|---|
| Initials of Deputy Clerk | mku |